E-FILED
Monday, 11 July, 2005 02:51:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE OF ILLINOIS, through its | ) |
| Agency THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Now comes the plaintiff, Rick Lind, by and through his attorneys, Katz, Huntoon & Fieweger, P.C., and for his Complaint at Law against the defendant, State of Illinois, through its Agency, the Illinois Department of Corrections (hereinafter referred to as "DOC") and in support thereof states as follows:

1. That this court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and 28 U.S.C. § 1331.

2. That Rick Lind is a resident of Erie, Illinois. At all times material to this cause of action was employed as a correctional officer by the defendant State of Illinois through its Agency, the Illinois Department of Corrections, at its correctional facility located in East Moline, Rock Island County, State of Illinois.

2

3. That beginning on July 23, 2004, plaintiff, Rick Lind, suffered from a serious health condition in that he was incapacitated due to degenerative disk disease of the lower back for which he was seeking medical treatment.

4. That defendant DOC is an employer and employs more than 50 persons at the East Moline Correctional Center for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

5. That Rick Lind is an employee protected by the FMLA in that at the time of his leave request on July 24, 2003, had worked more than 1,250 hours of service for the DOC during the previous 12-month period and had been employed by the DOC for more than 12 months since he had commenced his employment with the DOC on November 12, 1984 and had been continuously employed until that date.

6. That the plaintiff sought a medical leave of absence pursuant to his rights under the FMLA by submitting appropriate documentation to the Warden of the East Moline Correctional Center on July 30, 2003. Exhibit 1, a true and correct copy of the Request for Leave of Absence effective July 24, 2003, and Exhibit 2, a true and correct copy of the Physician's Statement submitted on July 30, 2003, are attached hereto and made a part of this Complaint.

7. That the defendant, DOC, by its Warden, Gene Jungwirth, and others within his employ or under his supervision, unlawfully interfered, restrained and denied the exercise or attempt to exercise plaintiff's rights to FMLA leave in one or more of the following manners in violation of 29 U.S.C. § 2615(a):

3

    A. Instituted disciplinary action against plaintiff for failing to report to work despite being provided with written proof of his need for leave for his serious health condition;

    B. Suspended the plaintiff for 30 days pending discharge from employment on October 9, 2003;

    C. Discharged the plaintiff on November 6, 2003;

    D. Failed to process plaintiff's request for a medical leave of absence;

    E. Failed to advise plaintiff of his rights to seek leave of absence under the FMLA and provide documentation to him concerning his rights;

    F. Failed to notify the plaintiff that the Department of Corrections was denying his request for medical leave absence before it took action to discipline him for failure to report to work on September 2003;

    G. Failed to notify plaintiff within 14 days of the submission of his physician's statement on July 30, 2004 that it was denying the request for leave of absence or that the information provided was inadequate; and

    H. Failed to maintain plaintiff's health insurance coverage under the defendant's group health plan.

 8. That the State of Illinois, Department of Corrections, is subject to the provisions of the FMLA pursuant to the Fourteenth Amendment of the United States Constitution and pursuant to the State of Illinois' express waiver of any claimed sovereign immunity right under the Eleventh Amendment of the United States Constitution through its Union Agreement between AFSCME Council 31 in the State of Illinois dated July 1,

4

2000 through June 30, 2004 in which the State agreed to be subject to the provisions of the FMLA. Exhibit 3, a true and correct copy of the relevant portions of the agreement between AFSCME Council 31 AFL-CIO and the State of Illinois, is attached hereto and made a part of this Complaint. As further evidence of the State's waiver of any sovereign immunity claim, attached hereto as Exhibit 4 is a true and correct copy of the FMLA document that the State of Illinois, through its Agency, Department of Corrections, issues to its employees in which it acknowledges the employees' rights and protections under the FMLA.

    9. That plaintiff has previously sought reinstatement to his employment through an appeal of his dismissal to the Illinois Civil Service Commission and the Illinois Civil Service Commission has ruled that the Department of Corrections failed to prove that Rick had violated its affirmative attendance directive when he called in sick on July 24, 25, 28, 29, 30, 31, 2003 and August 1, 4, 5, and 6, 2003, and that plaintiff be reinstated to his former position as a correctional officer. Exhibit 5, a true and correct copy of the decision from the Illinois Civil Service Commission reinstating the plaintiff to his employment with the Illinois Department of Corrections, is attached hereto and made a part of this Complaint.

    10. Plaintiff is entitled to recover damages under 29 U.S.C. § 2617(a) equal to amount of back wages that he lost from July 24, 2003 through the present date, an additional amount equal to the lost employment benefits including contributions to pension and retirement plans an amount equal to the premium payments to maintain health insurance coverage under the defendant's group insurance plan through Health

Alliance HMO, and recovery of compensatory damages equal to medical expenses that were not paid by insurance during the time in which he was terminated. He is also entitled to recover interest in the above amounts at the prevailing rate and he is entitled to recover liquidated damages equal to the amount of loss of wages, salaries, employment benefits and other compensatory damages and interest on that amount, all in an amount in excess of $50,000.00.

      11. That the court shall allow, in addition to any judgment amount awarded to the plaintiff, reasonable attorneys' fees, reasonable expert witness fees and other costs of the action to be paid by the DOC pursuant to 29 U.S.C. § 2617(a)(3).

      WHEREFORE, plaintiff Rick Lind hereby requests this court enter judgment in his favor and against the defendant State of Illinois through its Agency, State of Illinois, Department of Corrections, in the amount in excess of $50,000.00 for compensatory and liquidated damages, plus the costs of this action, and an amount equal to reasonable attorneys' fees and expert witness fees and grant such other and further equitable relief as may be appropriate, including an order to reinstate the plaintiff to the same insurance

6

company that he had prior to his termination and such other equitable relief the court deems necessary and appropriate.

                                                  RICK LIND, Plaintiff

                                                  By: /s/ Stephen T. Fieweger

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
P.O. Box 950
Moline, IL 61266-0950
Telephone: 309-797-3000
Fax: 309-797-3330

s:\wp\worddoc\11260001.07C