ILLINOIS DEPARTMENT OF CORRECTIONS
**Personnel Action Form (Decentralized Actions)**

Name: Rick S. Lind
SSN: ▇▇▇▇▇-8440
Position Title: Correctional Officer
Position #: 09625-29-91-310-12-01
Division/Bureau: Operations IDOC
Facility: East Moline Corr. Ctr.
Location (County): Rock Island
Paycode: 29-163
PIN#: ___
Bargaining Unit #/MC: RC-006
Effective Date: 07-24-03
Creditable Service Date changes as a result of the following action: ☐ No  ☒ Yes, From ___ To ___

Complete appropriate information below.

**Action:**
- ☐ Merit Compensation Review: (BA___)  $___  To $___
- ☐ Superior Performance Increase:  $___  To $___
- ☐ Appropriation # Change:  From ___ . To ___
- ☐ Full Time/Part Time Change
- ☐ Job Assignment in accordance with AFSCME contract   (BA 100)
- ☒ Leave of Absence (type of leave: Non-Serv. Con. Disability )  (BA 066)
- ☐ Leave Return/Expired (change creditable service date above): Leave From: ___ To: ___  (BA ___)
- ☐ Separation (reason: ___)  (BA ___)

**Discipline:**
- ☐ Suspension of 30 Days or Less (Specify Number of Days): ___
- ☐ Suspension Pending Discharge
- ☐ Return from Suspension (change creditable service date above) Suspended From: ___ To: ___

**Remarks:** (Provide information required in the CMS Personnel Transactions Manual, such as number of days on leave, etc. Attach an additional sheet if necessary.)

Note: Ensure all required documentation is attached prior to mailing to Central Personnel Office.

**Approvals and Signatures**
1. Employee: [signature]
2. Originating Supervisor: ___
3. Chief Administrative Officer: ___
4. Chief or Deputy Director: ___
5. Associate Director (if applicable): ___
6. Director: ___

Central Personnel Office staff initials when entered in system: ___

Distribution: White-Central Personnel File; Canary-Facility; Pink-Payroll
Printed on Recycled Paper

EXHIBIT 1

ILLINOIS DEPARTMENT OF
CENTRAL MANAGEMENT SERVICES — **PHYSICIAN'S STATEMENT**

AUTHORIZATION FOR DISABILITY LEAVE AND RETURN TO WORK AUTHORIZATION

Name of Patient (full): **Rick Lind**  Date of Birth: **9-19-53**  Soc. Sec. Number: **360488440**

Present Address—Street or Rural Route: **401 Main Street**

City: **Erie**  State: **Illinois**  Zip Code: **61252**

Employed by State of Illinois: _____ (Agency, Board, Commission, Department)

Facility: _____  Address: _____

COMPREHENSIVE MEDICAL INFORMATION IS REQUIRED IN ORDER TO EVALUATE THE EMPLOYEE'S CLAIM FOR A DISABILITY LEAVE OF ABSENCE OR SUBSEQUENT RETURN TO WORK.

**1. DIAGNOSIS (including any complications):**

(a) Date of last examination: Month: **7** Day: **30** Yr. **2003**

(b) Diagnosis including any complications: **Cervical subluxation, headaches, thoracic subluxation, muscle spasms, lumbar subluxation and pelvic sub.**

**His headache complaint is aggravated by stress, cold weather. These problems date back to a major auto accident in 1980.**

(c) Subjective symptoms: **Patient complains of severe cervical pain with movement, severe headaches, stiff and sore in mid and low back. Not able to sleep, poor concentration and just feels terrible.**

(d) Objective findings (including information derived from x-rays, EKG's, laboratory data and any clinical findings):
**Poor cervical range of motion with inflamation and very tense and tender. Cervical and thoracic muscles. Patient appears very fatigued and down. Decreased lumbo pelvic range of motion with mild inflamation.**

**2. DATES OF TREATMENT:**
(a) Date of first visit: Month: **7** Day: ~~30~~ 19 **2003**
(b) Date of last visit: Month: ___ Day: ___ 19 ___ **still treating.**
(c) Frequency: Weekly **X**  Monthly ☐  Other ☐ — (Please specify): _____

**3. TREATMENT:**
(a) Please describe treatment including any surgery and/or medication prescribed: **Chiropractic adjustments, home care, ice theraphy, rest, active care, MD treatment.**
(b) Will treatment substantially improve function and employability?  Yes **X**  No ☐  If yes, specify:
**His spinal function has improved some and his headaches have improved some.**

**IMPORTANT NOTICE**
This state agency is requesting disclosure of information that is necessary to accomplish the statutory purpose as outlined under Chp. 127, 63b, 108c(2). Disclosure of this information is VOLUNTARY. This form has been approved by the State Forms Management Center.

CMS-95 (9/82)  IL401-0784

EXHIBIT 2

**PROGRESS:** (Please check appropriate box provided below):
(a) The patient has:  Recovered ☐   Improved ☐   Remained unchanged ☐   Retrogressed ☐
(b) The patient is:   Ambulatory ☒   House confined ☐   Bed confined ☐   Hospital confined ☐
(c) Has the patient been hospital confined because of current condition?   Yes ☐   No ☒
If yes, give name and address of hospital: _____

Confined from:  Month ____ Day ____ 19 ____ through Month ____ Day ____ 19 ____

*[Stamp: OCT 2003 E.M.C.C. WARDEN OFFICE]*

**LIMITATION:** (If there is a limitation, check appropriate box and describe below):
Standing ☐   Climbing ☐   Bending ☐   Use of hands ☐   Sitting ☐   Walking ☐   Stooping ☐
Lifting ☐   Psychological ☐   Other ☒ (Please specify): Looking down, stress, cold weather

**PHYSICAL IMPAIRMENT:** (*As defined in Federal Dictionary of Occupational Titles):
☐ CLASS 1 — No limitation of functional capacity; capable of heavy work* No restrictions (0-10%)
☐ CLASS 2 — Medium manual activity* (15-30%)
☐ CLASS 3 — Slight limitation of functional capacity; capable of light work* (35-55%)
☐ CLASS 4 — Moderate limitation of functional capacity; capable of clerical/administrative (sedentary*) activity (60-70%)
☒ CLASS 5 — Severe limitation of functional capacity; incapable of minimal (sedentary*) activity (75-100%)
☐ REMARKS — Severe headaches – impaired judgement and reaction to situations.

**EXTENT OF DISABILITY:**

|   | From Any Occupation | From Patient's Regular Occupation |
|---|---|---|
| a) In your opinion is patient now temporarily totally disabled? | Yes ☒  No ☐ | Yes ☒  No ☐ |
| b) If no, when was patient able to go to work? | Month __ Day __ Year 19__ | Month __ Day __ Year 19__ |
| c) If yes, when do you think patient will be able to resume any work? | 8 / 7 / 2003 (Approximate Date) | Indefinite ☐  Never ☐ |
| d) In your opinion is patient permanently and totally disabled for employment? | Yes ☐  No ☒ | Yes ☐  No ☒ |
| e) If answer to (d) is "yes", please explain. | | |

_____
_____
_____

**REMARKS:**
This episode is a severe irritation of tissue damaged in a major auto accident in 1980. He sustained a severe concussion and a T12 compression fracture, scar tissue is susceptible to episodes of flare up from activities of daily living and stress, and exposure to the cold.

Attending Physician's Signature: _[signature]_   Degree: D.C.   Date: 7/30/03

PLEASE TYPE OR PRINT THE FOLLOWING INFORMATION:

Attending Physician's Name: Kevin L. Freebern, D.C.
Physician's Office Street Address: 918 - 16th Avenue
City: East Moline   State: Illinois   Zip Code: 61244   Phone Number: 309-752-0750

EMPLOYEES: You are responsible for having this form completed and returned to the appropriate person within your agency within the limits established by your agency. Your failure to comply may result in termination of your disability leave.

# AGREEMENT

For RC-06-OCB
RC-09-OCB
RC-10-OCB
RC-14-OCB
RC-28-OCB
RC-42-OCB
RC-62-OCB
RC-63-OCB

## BETWEEN



## STATE OF ILLINOIS
Department of Central
Management Services

AND

## AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES COUNCIL 31 (AFSCME), AFL-CIC




July 1, 2000 to June 30, 2004

## Section 9. Family Responsibility Leave

a) An employee who wishes to be absent from work in order to meet or fulfill responsibilities, as defined in subsection (f) below, arising from the employee's role in his or her family or as head of the household may, upon request and in the absence of another more appropriate form of leave, be granted a Family Responsibility Leave for a period not to exceed one year. Such request shall not be unreasonably denied.

b) Any request for such leave shall be in writing by the employee reasonably in advance of the leave unless precluded by emergency conditions, stating the purpose of the leave, the expected duration of absence, and any additional information required by agency operations.

c) Such leave shall be granted to any permanent full-time, or part-time employee pursuant to the Family Medical Leave Act, except that an intermittent employee shall be non-scheduled for the duration of the required leave.

d) "Family Responsibility" for purposes of this Section is defined as the duty or obligation perceived by the employee to provide care, full-time supervision, custody or non-professional treatment for a member of the employee's immediate family or household under circumstances temporarily inconsistent with uninterrupted employment in State service.

Subject to the time limits of this Section and to the standards of Section 9(f) below, an employee, upon request, shall be permitted to work a part-time schedule unless to do so would interfere with the operating needs of the Agency. For purposes of the Memorandum of Agreement entitled Part-Time Employees, the employee shall be considered a full-time employee.

e) "Family" has the customary and usual definition for this term for purposes of this Section, that is:

1) group of two or more individuals living under one roof, having one head of the household and usually, but not always, having a common ancestry, and including the employee's spouse;

2) such natural relation of the employee, even though not living in the same household, as parent, sibling or child; or

3) adoptive, custodial and "in-law" individuals when residing in the employee's household but excluding persons not otherwise related of the same or opposite sex sharing the same living quarters but not meeting any other criteria for "family".

f) Standards for granting a Family Responsibility Leave are:

1) to provide nursing and/or custodial care for the employee's new-born infant, whether natural born or adopted for a period not to exceed one (1) year;

2) to care for a temporarily disabled, incapacitated or bedridden resident of the employee's household or member of the employee's family;

3) to furnish special guidance, care or supervision of a resident of the employee's household or a member of the employee's family in extraordinary need thereof;

4) to respond to the temporary dislocation of the family due to a natural disaster, crime, insurrection, war or other disruptive event;

5) to settle the estate of a deceased member of the employee's family or to act as conservator if so appointed and providing the exercise of such functions precludes the employee from working; or,

6) to perform family responsibilities consistent with the intention of this Section but not otherwise specified.

[74]

g) If an agency requires substantiation or verification of the need by the employee for such leave, the substantiation or verification shall be consistent with and appropriate to the reason cited in requesting the leave, such as:

1) a written statement by a physician or medical practitioner licensed under the "Medical Practices Act" (225 ILCS 60 et seq.) or under similar laws of Illinois or of another state or country or by an individual authorized by a recognized religious denomination to treat by prayer or spiritual means, or by a person who holds a current national certification as a nurse practitioner. Such verification shall show the diagnosis, prognosis and expected duration of the disability requiring the employee's presence.

2) written report by a social worker, psychologist, or other appropriate practitioner concerning the need for close supervision or care of a child or other family member;

3) written direction by an appropriate officer of the courts, a probation officer or similar official directing close supervision of a member of the employee's household or family; or

4) any reasonable independent verification substantiating the need for such leave exists.

h) Such leave may not be renewed, however a new leave may be granted at any time for any appropriate reason other than that for which the original leave was granted.

i) If an agency has reason to believe that the condition giving rise to the given need for such leave no longer exists during the course of the leave, it should require further substantiation or verification and, if appropriate, direct the employee to return to work on a date certain.

j) Failure of an employee, upon reasonable request by the employing agency, to provide such verification or substantiation timely may be cause, on due notice, for termination of the leave.

k) Such leave shall not be used for the purpose of securing alternative employment. An employee during such leave shall not be gainfully employed full time, otherwise the leave shall terminate.

l) Upon expiration of a Family Responsibility Leave, or prior to such expiration by mutual agreement between the employee and the employing agency, the agency shall return the employee to the same or similar position classification that the employee held immediately prior to the commencement of the leave. If there is no such position available, the employee will be subject to layoff in accordance with the Section on Voluntary Reduction and Layoff.

k) Nothing in this Section shall preclude the abolition of the position classification of the employee during such leave nor shall the employee be exempt from the Section on Voluntary Reduction and Layoff by virtue of such leave.

n) The Employer shall pay its portion of the employee's health and dental insurance (individual or family) for up to six (6) months while an employee is on Family Responsibility Leave and also would qualify for a leave pursuant to the criteria set forth in the Family and Medical Leave Act of 1993.

## Section 10. Leave for Union Office

The Employer shall grant requests for leaves of absence for not more than thirty (30) bargaining unit employees at any one time for the purpose of service as AFSCME representatives or officers with the International, State, or Local organization of the Union for up to a maximum of two (2) years each, provided the requests for such leave shall normally be made a minimum of five (5) working days prior to the effective date

[75]

# U.S. Department of Labor Program Highlights



Fact Sheet No. ESA 95-24

## THE FAMILY AND MEDICAL LEAVE ACT OF 1993

The U.S. Department of Labor's Employment Standards Administration, Wage and Hour Division, administers and enforces the Family and Medical Leave Act (FMLA) for all private, state and local government employees, and some federal employees. Most Federal and certain congressional employees are also covered by the law and are subject to the jurisdiction of the U.S. Office of Personnel Management or the Congress.

FMLA became effective on August 5, 1993, for most employers. If a collective bargaining agreement (CBA) was in effect on that date, FMLA became effective on the expiration date of the CBA or February 5, 1994, whichever was earlier.

FMLA entitles eligible employees to take up to 12 weeks of unpaid, job-protected leave in a 12-month period for specified family and medical reasons. The employer may elect to use the calendar year, a fixed 12-month leave or fiscal year, or a 12-month period prior to or after the commencement of leave as the 12-month period.

The law contains provisions on employer coverage; employee eligibility for the law's benefits; entitlement to leave, maintenance of health benefits during leave, and job restoration after leave; notice and certification of the need for FMLA leave; and, protection for employees who request or take FMLA leave. The law also requires employers to keep certain records.

### EMPLOYER COVERAGE

FMLA applies to all:

— public agencies, including state, local and federal employers, local education agencies (schools), and

— private-sector employers who employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year and who are engaged in commerce or in any industry or activity affecting commerce — including joint employers and successors of covered employers.

### EMPLOYEE ELIGIBILITY

To be eligible for FMLA benefits, an employee must:

(1)  work for a covered employer;

(2)  have worked for the employer for a total of 12 months;

(3)  have worked at least 1,250 hours over the previous 12 months; and

(4)  work at a location in the United States or in any territory or possession of the United States where at least 50 employees are employed by the employer within 75 miles.

### LEAVE ENTITLEMENT

A covered employer must grant an eligible employee up to a total of 12 workweeks of unpaid leave during any 12-month period for one or more of the following reasons:

— for the birth and care of the newborn child of the employee;

— for placement with the employee of a son or daughter for adoption or foster care;

— to care for an immediate family member (spouse, child, or parent) with a serious health condition; or

(over)

EXHIBIT 4

---

This is one of a series of fact sheets highlighting U.S. Department of Labor programs. It is intended as a general description only and does not carry the force of legal opinion.

— to take medical leave when the employee is unable to work because of a serious health condition.

Spouses employed by the same employer are jointly entitled to a combined total of 12 workweeks of family leave for the birth and care of the newborn child, for placement of a child for adoption or foster care, and to care for a parent who has a serious health condition.

Leave for birth and care, or placement for adoption or foster care must conclude within 12 months of the birth or placement.

Under some circumstances, employees may take FMLA leave intermittently — which means taking leave in blocks of time, or by reducing their normal weekly or daily work schedule.

— If FMLA leave is for birth and care or placement for adoption or foster care, use of intermittent leave is subject to the employer's approval.

— FMLA leave may be taken intermittently whenever medically necessary to care for a seriously ill family member, or because the employee is seriously ill and unable to work.

Also, subject to certain conditions, employees or employers may choose to use accrued paid leave (such as sick or vacation leave) to cover some or all of the FMLA leave.

The employer is responsible for designating if an employee's use of paid leave counts as FMLA leave, based on information from the employee.

"Serious health condition" means an illness, injury, impairment, or physical or mental condition that involves either:

— any period of incapacity or treatment connected with inpatient care (i.e., an overnight stay) in a hospital, hospice, or residential medical-care facility, and any period of incapacity or subsequent treatment in connection with such inpatient care; or

— Continuing treatment by a health care provider which includes any period of incapacity (i.e., inability to work, attend school or perform other regular daily activities) due to:

(1) A health condition (including treatment therefor, or recovery therefrom) lasting more than three consecutive days, and any subsequent treatment or period of incapacity relating to the same condition, that also includes:

- treatment two or more times by or under the supervision of a health care provider; or

- one treatment by a health care provider with a continuing regimen of treatment; or

(2) Pregnancy or prenatal care. A visit to the health care provider is not necessary for each absence; or

(3) A chronic serious health condition which continues over an extended period of time, requires periodic visits to a health care provider, and may involve occasional episodes of incapacity (e.g., asthma, diabetes). A visit to a health care provider is not necessary for each absence; or

(4) A permanent or long-term condition for which treatment may not be effective (e.g., Alzheimer's, a severe stroke, terminal cancer). Only supervision by a health care provider is required, rather than active treatment; or

(5) Any absences to receive multiple treatments for restorative surgery or for a condition which would likely result in a period of incapacity of more than three days if not treated (e.g., chemotherapy or radiation treatments for cancer).

(continued on next page)

"Health care provider" means:

- doctors of medicine or osteopathy authorized to practice medicine or surgery by the state in which the doctors practice; or

- podiatrists, dentists, clinical psychologists, optometrists and chiropractors (limited to manual manipulation of the spine to correct a subluxation as demonstrated by X-ray to exist) authorized to practice, and performing within the scope of their practice, under state law; or

- nurse practitioners, nurse-midwives and clinical social workers authorized to practice, and performing within the scope of their practice, as defined under state law; or

- Christian Science practitioners listed with the First Church of Christ, Scientist in Boston, Massachusetts; or

- Any health care provider recognized by the employer or the employer's group health plan benefits manager.

MAINTENANCE OF HEALTH BENEFITS

A covered employer is required to maintain group health insurance coverage for an employee on FMLA leave whenever such insurance was provided before the leave was taken and on the same terms as if the employee had continued to work. If applicable, arrangements will need to be made for employees to pay their share of health insurance premiums while on leave.

In some instances, the employer may recover premiums it paid to maintain health coverage for an employee who fails to return to work from FMLA leave.

JOB RESTORATION

Upon return from FMLA leave, an employee must be restored to the employee's original job, or to an equivalent job with equivalent pay, benefits, and other terms and conditions of employment.

In addition, an employee's use of FMLA leave cannot result in the loss of any employment benefit that the employee earned or was entitled to before using FMLA leave, nor be counted against the employee under a "no fault" attendance policy.

Under specified and limited circumstances where restoration to employment will cause substantial and grievous economic injury to its operations, an employer may refuse to reinstate certain highly-paid "key" employees after using FMLA leave during which health coverage was maintained. In order to do so, the employer must:

- notify the employee of his/her status as a "key" employee in response to the employee's notice of intent to take FMLA leave;

- notify the employee as soon as the employer decides it will deny job restoration, and explain the reasons for this decision;

- offer the employee a reasonable opportunity to return to work from FMLA leave after giving this notice; and

- make a final determination as to whether reinstatement will be denied at the end of the leave period if the employee then requests restoration.

A "key" employee is a salaried "eligible" employee who is among the highest paid ten percent of employees within 75 miles of the work site.

NOTICE AND CERTIFICATION

Employees seeking to use FMLA leave are required to provide 30-day advance notice of the need to take FMLA leave when the need is foreseeable and such notice is practicable.

(over)

Employers may also require employees to provide:

- medical certification supporting the need for leave due to a serious health condition affecting the employee or an immediate family member;

- second or third medical opinions (at the employer's expense) and periodic recertification; and

- periodic reports during FMLA leave regarding the employee's status and intent to return to work.

When intermittent leave is needed to care for an immediate family member or the employee's own illness, and is for planned medical treatment, the employee must try to schedule treatment so as not to unduly disrupt the employer's operation.

Covered employers must post a notice approved by the Secretary of Labor explaining rights and responsibilities under FMLA. An employer that willfully violates this posting requirement may be subject to a fine of up to $100 for each separate offense.

Also, covered employers must inform employees of their rights and responsibilities under FMLA, including giving specific written information on what is required of the employee and what might happen in certain circumstances, such as if the employee fails to return to work after FMLA leave.

UNLAWFUL ACTS

It is unlawful for any employer to interfere with, restrain, or deny the exercise of any right provided by FMLA. It is also unlawful for an employer to discharge or discriminate against any individual for opposing any practice, or because of involvement in any proceeding, related to FMLA.

ENFORCEMENT

The Wage and Hour Division investigates complaints. If violations cannot be satisfactorily resolved, the U.S. Department of Labor may bring action in court to compel compliance. Individuals may also bring a private civil action against an employer for violations.

OTHER PROVISIONS

Special rules apply to employees of local education agencies. Generally, these rules provide for FMLA leave to be taken in blocks of time when intermittent leave is needed or the leave is required near the end of a school term.

Salaried executive, administrative, and professional employees of covered employers who meet the Fair Labor Standards Act (FLSA) criteria for exemption from minimum wage and overtime under Regulations, 29 CFR Part 541, do not lose their FLSA-exempt status by using any unpaid FMLA leave. This special exception to the "salary basis" requirements for FLSA's exemption extends only to "eligible" employees' use of leave required by FMLA.

The FMLA does not affect any other federal or state law which prohibits discrimination, nor supersede any state or local law which provides greater family or medical leave protection. Nor does it affect an employer's obligation to provide greater leave rights under a collective bargaining agreement or employment benefit plan. The FMLA also encourages employers to provide more generous leave rights.

FURTHER INFORMATION

The final rule implementing FMLA is contained in the January 6, 1995, Federal Register. (An interim final rule was published in the Federal Register on June 4, 1993.) For more information, please contact the nearest office of the Wage and Hour Division, listed in most telephone directories under U.S. Government, Department of Labor, Employment Standards Administration.

# SERIOUS HEALTH CONDITION

A "Serious Health Condition" means an illness, injury, impairment, or physical or mental condition that involves one of the following:

1. <u>Hospital Care</u>  Inpatient care (*i.e. an overnight stay*) in a hospital, hospice, or residential medical care facility, including any period of incapacity or subsequent treatment in connection with or consequent to such inpatient care.

2. <u>Absence Plus Treatment</u>  A period of incapacity of more than three consecutive calendar days (*including any subsequent treatment or period of incapacity relating to the same condition*), that also involves:

    a. Treatment[3] two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (*e.g., physical therapist*) under orders of, or on referral by, a health care provider; or

    b. Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment[4] under the supervision of the health care provider.

3. <u>Pregnancy</u>  Any period of incapacity due to pregnancy, or for prenatal care.

4. <u>Chronic Conditions Requiring Treatments</u>  A chronic condition which:

    a. Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;

    b. Continues over an extended period of time (*including recurring episodes of a single underlying condition*); and

    c. May cause episodic rather than a continuing period of incapacity (*e.g., asthma, diabetes, epilepsy, etc.*)

5. <u>Permanent/Long-Term Conditions Requiring Supervision</u>  A period of incapacity which is permanent or long-term due to a condition for which treatment may not be effective. The employee or family member must be under the continuing supervision of, but need not be receiving active treatment by, a health care provider. Example include Alzheimer's, a severe stroke, or the terminal stages of a disease.

6. <u>Multiple Treatments (Non-Chronic Conditions)</u>  Any period of absence to receive multiple treatments (*including any period of recovery therefrom*) by a health care provider or by a provider of health care services under orders of, or on referral by, a health care provider, either for restorative surgery after an accident or other injury, or for a condition that would likely result in a period of incapacity of more than three consecutive calendar days in the absence of medical intervention or treatment, such as cancer (*chemotherapy, radiation, etc.*), severe arthritis (*physical therapy*), kidney disease (*dialysis*), etc.

---

[3] Treatment includes examinations to determine if a serious health condition exists and evaluation of the condition. Treatment does not include routine physical examinations, eye examinations, or dental examinations.

[4] A regimen of continuing treatment includes, for example, a course of prescription medication (*e.g., an antibiotic*) or therapy requiring special equipment to resolve or alleviate the health condition. A regimen of treatment does not include the taking of over-the-counter medications such as aspirin, antihistamines or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider.

Date: _____

# MEDICAL CERTIFICATION FORM
## Family and Medical Leave Act ("FMLA")

1. Employee's Name _____ Position: _____

2. Patient's Name (*if different from employee*): _____

3. The attached sheet describes what is meant by a "Serious Health Condition" under the Family and Medical Leave Act. Does the patient's condition[1] qualify under any of the categories described? If so, please check the applicable category:

   (1)____ (2)____ (3)____ (4)____ (5)____ (6)____  none of the above _____

4. Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories: _____
   _____
   _____

5. a. State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity,[2] if different):
   _____

   b. Will it be necessary for the employee to take off work only intermittently or to work on a less than full schedule as a result of the condition (*including treatment described in Item 6 below*)? ☐ Yes ☐ No. If yes, give the probable duration: _____

   c. If the condition is a chronic condition (condition #4) or pregnancy, state whether the patient is presently incapacitated, and the likely duration and frequency of episodes of incapacity:
   _____

6. a. If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments:
   _____

   If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number of and interval between such treatments, actual or estimated dates of treatment, if known, and period required for recovery, if any:
   _____

   b. If any of these treatments will be provided by another provider of health services (*e.g. physical therapist*), please state the nature of the treatments: _____
   _____

---

[1] Here and elsewhere on the form, the information sought relates only to the condition for which the employee is seeking FMLA leave.

[2] "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

e.  If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (*e.g., prescription drugs, physical therapy requiring special equipment*):

_____

_____

7.  a.  If medical leave is required for the employee's absence from work because of the employee's own condition (*including absences due to pregnancy or a chronic condition*), is the employee unable to perform work of any kind? _____

 b.  If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (*the employee or the employer should supply you with information about the essential job functions*)? _____

 If yes, please list the essential functions the employee is unable to perform.

_____

_____

 c.  If neither a. nor b. applies, is it necessary for the employee to be absent from work for treatment?

_____

8.  a.  If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety, or for transportation?

_____

 b.  If no, would the employee's presence for the purpose of providing psychological comfort be beneficial to the patient or assist in the patient's recovery?

_____

 c.  If the patient will need care only intermittently or on a part-time basis, include the probable duration of this need: _____

_____    _____    _____
Signature of Health Care Provider    Date     Type of Practice

_____             _____
Address                                     Telephone Number

*To be completed by the employee needing family leave to care for a family member:*

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

_____             _____
Employee's Signature                        Date