UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
|         Plaintiff, | ) |
| - vs- | ) No. 05-4059 |
| STATE OF ILLINOIS, through its Agency THE ILLINOIS DEPARTMENT OF CORRECTIONS | ) |
|         Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Defendant, STATE OF ILLINOIS, through its Agency THE ILLINOIS DEPARTMENT OF CORRECTIONS, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby file its Memoradum of Law in Support of it's Motion to Dismiss pursuant to Rule 12(b)(6).

**I.    Introduction**

On July 11, 2005, Plaintiff filed a one count complaint claiming that his employer "unlawfully interfered, restrained and denied the exercise or attempt to exercise plaintiff's rights to FMLA leave in violation of 29 U.S.C. § 2615(a)." (Complaint at par. 7). In support of his Complaint, plaintiff attaches 5 exhibits.

Plaintiff's Complaint should be dismissed. Plainitiff's Complaint and exhibits reveal that Plaintiff was not eligible for FMLA leave as he failed to provide the required notice. Second, the complaint and exhibits reveal that Plaintiff has failed to state a claim for which relief can be granted.

## II. Standard of Review

When considering a Motion to Dismiss under Rule 12(b)(1) and 12(b)(6), the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Pickrel v. City of Springfield, 45 F.3d 1115 (7th Cir. 1995). The Court will dismiss a complaint under Rule 12(b)(6) only if it appears that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 335 U.S. 41 (1957). Nonetheless, the Seventh Circuit has held that a "plaintiff can plead [him]self out of court by including factual allegations that, if true, reveal that legal rights were not invaded." Endley v. City of Chicago, 230 F.3d 276,284 (7th Cir. 2000).

## III. Argument

### A. Plaintiff was not entitled to leave under FMLA.

The FMLA provides that an eligible employee shall be entitled to a total of 12 work weeks of leave during any 12-month period (among other reasons) because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. 29 U.S.C. § 2612(a)(1)(D). To be eligible for leave under subsection (D), "the employee must both (1) have a 'serious health condition' as that term is defined by the FMLA, and (2) that condition must prevent the employee from performing his job." Stopps v. Once Call Communications, Inc., 141 F.3d 309, 213 (7th Cir. 1997).

In order to state a claim under the FMLA, plaintiff must allege that: (1) he is an eligible employee under FMLA, 29 U.S.C. § 2611(2); (2) defendant is an employer under FMLA, 29 U.S.C.§ 2611(4); (3) Plaintiff was entitled to leave under FMLA, 29 U.S.C. §2612(a)(1); and (4) defendant engaged in some prohibited act under FMLA, 29 U.S.C §

2615. Dey v. Marshall Roofing and Sheet Metal Inc., 2002 WL 773989, *2 (N.D. Ill 2002)(external citations omitted). "Conclusional allegations of these elements are insufficient." Id.

Defendant asserts that Plaintiff has failed to adequately plead that he was entitled to FMLA leave, and the complaint and exhibits establish Plaintiff was not entitled to leave under FMLA. Under the FMLA, an employee must provided the employer with at least 30 days notice of such a leave, or where leave is unforeseeable, the employee must notify his employer as soon as practicable. 29 U.S.C § 2612(e)(1). "As soon as practicable" means notice must be given to the employer within no more than one or two working days of learning of the need for leave by making the employer aware of FMLA-qualifying leave. 29 CFR § 825.302(b) and 825.302(c). The Seventh Circuit has stated as follows regarding the notice requirement:

> Conditioning the right to take FMLA leave on the employee's giving the required notice to his employer is the quid pro quo for the employer's partial surrender of control over his work force. Employers do not like to give their employees unscheduled leave even if it is without pay, because it means shifting workers around to fill the temporary vacancy and then shifting them around against the absentee returns. The requirement of notice reduces the burden on the employer.[1]
>
> ...the employer has, as we said, a right to be notified of the existence of the serious health condition as soon as practicable. The requirement of notice is not satisfied by the employee's merely demanding leave. He must give the employer a reason to believe that he's entitled to it. (citations omitted).

Aubuchon v. Knauf Fibergalss, GMBH, 359 F.3d 950, 951-952 (7th Cir. 2004).

In the Complaint at bar, Plaintiff pleads that he became incapacitated from a serious

---

[1] Plaintiff holds the position of a correctional officer at East Moline Correctional Center, a position charged with security of the institution.

3

health condition beginning on July 23, 2004 (sic)[2]. (Complaint at par. 3). The record also establishes that Plaintiff called in sick on July 24, 25, 28, 29, 30, 31, 2003, and August 1, 4, 5, and 6, 2003. (Complaint at par. 9). Plaintiff then pleads that "he sought a medical leave of absence pursuant to his rights under the FMLA by submitting appropriate documentation to the Warden of the East Moline Correctional Center on July 30, 2003...." (Complaint at par. 6). In support of this allegation, Plaintiff attaches Exhibit 2, which is a physicians statement dated July 30, 2003.

    Plaintiff has not proven he was eligible for leave under FMLA because the record establishes that he did not provide adequate notice as soon as practiable under the Act. The Seventh Circuit has held that "[i]t is important to note that if the required notice, whether 30 days or 'as soon as practicable,' is not given, the employer can deny leave even if" the employee does in fact have a serious health condition. Aubuchon 359 F.3d at 951. Plaintiff's notice of requesting leave on July 30, 2003, for his absences beginning on July 24, 2003, does not fall within the one to two days requirement for giving notice after the employee has learned of the need for his leave. Plaintiff alleges he was incapacitated from a serious health condition on July 23, 2003, but did not request FMLA leave until July 30, 2003. Plaintiff's complaint reveals that he has "plead [him]self out of court by including factual allegations that, if true, reveal that legal rights were not invaded." Endley v. City of Chicago, 230 F.3d 276,284 (7th Cir. 2000).

    Wherefore, Defendant respectfully requests this court to dismiss Plaintiff's Complaint.

---

[2] Although the Complaint pleads he became incapcitated in beginning July 23, 2004, this date should correctly be July 23, *2003*.

### 2. Plaintiff has failed to state a claim for which relief can be granted.

Plaintiff pleads that as a result of the Department failing to allow him to take FMLA leave, he was discharged. Before that decision is final, however, Plaintiff is allowed to appeal his discharge to the Civil Service Commission pursuant to 80 Ill. Admin. Code § 1.10, *et seq*. Plaintiff in fact did this. Plaintiff's complaint pleads that he sought reinstatement through the Civil Service Commission, which found that the Department failed to prove the Plaintiff violated its affirmative attendance directive and thereby ordered Plaintiff to be reinstated. (Complaint at par. 9). Plaintiff also attaches the Civil Service Commission's Final Decision and other related documents to that proceeding in support of this allegation.

As Plaintiff alleges, the final decision by the Civil Service Commission undid his termination and restored his employment. Therefore, the net effect of that judgment is that Plaintiff's request for leave for those days was ultimately accepted and granted. Therefore, Plaintiff has no injury as Plaintiff was allowed to use leave for the periods alleged in the Complaint.

WHEREFORE, Defendant respectfully requests this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

    Defendant,

LISA MADIGAN, Attorney General
State of Illinois,

    Attorney for Defendant,

By:    /s Stephanie L. Shallenberger
       Stephanie L. Shallenberger, #6279773
       Assistant Attorney General
       500 South Second Street
       Springfield, IL 62706
       Telephone: (217) 782-9014
       Facsimile:　(217) 524-5091
       E-Mail: sshallenberger@atg.state.il.us

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - vs- | ) No. 05-4059 |
| | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2005, I electronically filed **Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen T. Fieweger
Katz, Huntoon & Fieweger
200 Plaza Office Building
1705 Second Avenue
Rock Island, Illinois 61204-3250
sfieweger@katzlawfirm.com

and I hereby certify that on September 12, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
 s/ Stephanie L. Shallenberger
Stephanie L. Shallenberger, #6279773
Assistant Attorney General
Attorney for the Defendants
500 South Second Street
Springfield, Illinois  62706
Phone:  (217) 782-9014
Fax:     (217) 524-5091
E-Mail: sshallenberger@atg.state.il.us