UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-4059 |
| | ) |
| STATE OF ILLINOIS, through its | ) |
| Agency THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO MOTION TO DISMISS**

Plaintiff Rick Lind, by his attorneys, Katz, Huntoon & Fieweger, P.C., states as follows for his Response to defendant State of Illinois' Motion to Dismiss:

1. As explained in Sims v. Schultz, 305 F.Supp.2d 838, 841 (N.D. Ill. 2004), citing Hernandez v. City of Goshen, 324 F.3d 535, 537 (7th Cir. 2003), on a motion to dismiss "the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor."

2. Defendant's Motion to Dismiss must be denied because it asks this court to decide the fact-based question of whether timely notice was provided by plaintiff, ignoring explicitly the well pleaded facts from plaintiff's Complaint and drawing inferences from facts in his Complaint in defendant's, not plaintiff's, favor.

3. Specifically, defendant claims the FMLA claim must be dismissed because plaintiff has "pled himself out of court" by alleging in paragraph 6 that he "sought a medical leave of absence pursuant to his rights under the FMLA by submitting appropriate documentation to the warden … on July 30, 2004." Defendant claims plaintiff was required to provide notice within

2

"no more than one or two working days" of learning of his need for leave, or, in this case, within one or two days of July 23, 2003.[1]

4. However, defendant ignores the allegation immediately preceding paragraph 5 that plaintiff was "an employee protected by the FMLA in that **at the time of his leave request <u>on July 24, 2003</u>** … ."

5. Clearly, defendant was on notice on July 24, 2003 at the time of Rick Lind's leave request, that he may have been entitled to leave under the FMLA. Defendant attempts to equate the actual submission of the leave papers on July 30, 2003 (as alleged in paragraph 6) with the required notice. However, as supported in the accompanying Memorandum in Opposition to Defendant's Motion, plaintiff put defendant on notice on July 24, 2003, when he requested the papers, not on July 30, 2003, when he submitted them along with the doctor's signature.

6. Although this gets us even farther into fact questions not appropriate on a motion to dismiss, the Exhibits attached to plaintiff's Complaint further corroborate that Rick Lind provided defendant notice on July 24, 2003. Attached as part of Exhibit 5 was the Administrative Law Judge's recommendation dated July 2, 2004. In his Statement of Facts, ¶ 8, page 3, he writes, regarding the business administrator of the East Moline Correctional Center:

> "The witness understands that Mr. Lind was seeking a non-service related leave. **He did that on or about July 24, 2003.**"

7. Likewise, in ¶¶ 21-21 at p. 6, citing the testimony of Rick Lind himself:

> "He was having health problems in July of 2003 related to the automobile accident. He testified that he tried to secure a leave of absence due to his medical condition. He called in sick and requested a leave of absence on Form CMS 95.

---

[1] As defendant correctly points out in its Memorandum at page 4, footnote 2, there is a typographical error in paragraph 3 of the Complaint. Plaintiff alleged that "beginning July 23, **2004** …" he suffered from a serious health condition. Plaintiff would respectfully move this court to amend by interlineation to correct this allegation to read "beginning July 23, **2003**."

3

      The form was obtained from a Pam Verstreate at the Warden's office. She filled in the date of July 24th. The witness states that at that time he was under his doctor's care and was referred to a chiropractor. … **When he requested the leave of absence on July 24** he requested a form that the doctor fills out. He had that form filled out and brought back to Pam on July 30, 2003."

      8.  Drawing all reasonable inferences in plaintiff's favor as this court is required to do, notice was given within "a day or two" of July 23, 2003. At the very least, this is a fact question and "this type of fact - specific inquiry is 'not generally motion to dismiss territory,'" and therefore "defendant's motion is doomed." Sims, supra, 305 S.Fupp.2d at 845, quoting Homeyer v. Stanley Tulchin Assocs., 91 F.3d 95, 962 (7th Cir. 1996).

      9.  Finally, defendant also tacks onto the end of its Memorandum a secondary or alternative basis for dismissing claiming: "the final decision by the Civil Service Commission undid his termination and restored his employment. Therefore, the net effect of that judgment is that plaintiff's request for leave for those days was ultimately accepted and granted. Therefore, plaintiff has no injury … ." This is absolutely not "motion to dismiss territory" (Id.), as it invades fact questions not even appearing on the surface of the Complaint as to what, if any, back pay plaintiff was awarded. Although plaintiff should not be required to marshal facts through an affidavit to resist a motion to dismiss, plaintiff attaches as Exhibit 1 the Affidavit of Rick Lind, which verifies that he was **not**, in fact, awarded back pay for the period from July 24, 2003 through June 30, 2004.

      WHEREFORE, Rick Lind respectfully asks that the court deny defendant's Motion to Dismiss.

                                             RICK LIND, Plaintiff

                                             By: /s/ Stephen T. Fieweger

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue

4

P.O. Box 950
Moline, IL 61266-0950
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  sfieweger@katzlawfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on September 21, 2005, I electronically filed **Plaintiff's Response to Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Stephanie L. Shallenberger
    Assistant Attorney General
    500 South Second Street
    Springfield, IL 62706
    Fax:  217-524-5091

and I hereby certify that on September 21, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s).:  None.

    RICK LIND, Plaintiff

    By: /s/ Stephen T. Fieweger

s:\wp\worddoc\11260001.09R