UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-4059 |
| | ) |
| STATE OF ILLINOIS, through its | ) |
| Agency THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff Rick Lind, by his attorneys, Katz, Huntoon & Fieweger, P.C., respectfully submits the following Memorandum in Opposition to defendant's Motion to Dismiss:

**I.**

**STANDARDS OF MOTION TO DISMISS**

"In considering a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) 'a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L.Ed.2d 59, 104 S.Ct. 2229 (1984) … the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. Hernandez v. City of Goshen, 324 F.3d 535, 537 (7th Cir. 2003)." Sims v. Schultz, 305 F.Supp.2d 838, 841 (N.D. Ill. 2004). See also, Stansberry v. Uhlich Children's Home, 264 F.Supp.2d 681, 685 (N.D. Ill. 2003):

> "The court should not dismiss a complaint even if it 'appears on the face of the pleadings that a recovery is very remote and unlikely.'" Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

2

Stansberry further holds that arguments such as offered by the State of Illinois in this case are "easily disposed of, because they seek to hold plaintiff's Complaint to a higher standard than is required under notice pleading." (Id.) Specifically, plaintiff cannot be held to a standard of pleading all of the necessary elements of a *prima facie* case (see Id. at 686).

> "The allegations of a *prima facie* case are not necessary, however, to put defendant on notice of plaintiff's claims and satisfy Rule 8. Instead, a plaintiff seeking to recover for a statutory breach only needs to 'outline or adumbrate' a violation of the statute and connect the violation to the named defendants." Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996); see also Scialabba v. Sierra Blanca Condo No. One Ass'n, 2000 Dist. Lexis 18894 … 2000 WL 188964 at *3 (N.D. Ill. Dec. 27, 2000) (a plaintiff seeking to recovery because of a statutory violation 'need only plead the statutory elements of the claims, not the structure of a *prima facie* case under the claim.'"

II.

**ARGUMENT**

Defendant's Motion must be dismissed because it violates virtually all of these standards. As outlined in the Response, contrary to the State's argument, plaintiff gave defendant notice of his need for potential FMLA leave on July 24, 2003, as alleged in paragraph 5 of the Complaint, not July 30, 2003, the State argues, that plaintiff's allegation in ¶ 6 of his Complaint can only be construed as an allegation by Rick Lind that he gave notice to his employer of his need for leave and/or made the Department of Corrections aware of potential FMLA-qualifying leave was when he submitted his leave "documentation to the Warden of the East Moline Correctional Center on July 30, 2003" (plaintiff's Complaint, ¶ 6). However, this argument requires this court to (a) ignore the explicit allegation in ¶ 5 that Lind's original leave request was "on July 24, 2003"; and (b) violates the mandate that this court "must accept as true all well-pleaded facts and it must draw all reasonable inferences from those allegations in plaintiff's favor." (Sims, supra, 305 F.Supp.2d at 841.)

3

Not to belabor an obvious point, but July 24, 2003 is obviously within one to two days of July 23, 2003. Thus, the first basis of defendant's motion is simply not well-taken factually or legally, or at the very least requires this court to draw inferences in defendant's favor.

Further, to preempt any argument by defendant regarding the sufficiency of this notice on July 24, 2003, initially, not only is that a fact question not appropriate for a motion to dismiss, but a fact question not even appropriate for summary judgment. In Price v. City of Fort Wayne, 117 F.3d 1022, 1025-26 (7th Cir. 1997), that plaintiff "filled out the City-provided leave request form and indicated that the cause was medical need. She attached a doctor's note requiring her to take the time off. This was sufficient information to put the City on notice that this was a possible FMLA leave situation. See Manuel v. Westlake Polymers Corp., 66 F.3d 758, 760, 764 (5th Cir. 1995). It was then the City's responsibility to inquire further. See 29 C.F.R. § 825.303(b); Endry v. GTE North, Inc., 896 F.Supp. 816, 828 (N.D. Ind. 1995)." The Price court concluded that although this plaintiff was required to give "such notice as is practicable":

> "Whether Price gave the notice required is necessarily a question of fact, linked to her illness and its manifestations. See Manuel, 66 F.3d at 764. … It is therefore a question of fact whether Price's notice to the City was sufficiently timely to trigger an FMLA inquiry." (Price, 117 F.3d at 1026.)

As summarized in McNeela v. United Airlines, Inc., 1999 Lexis 20042 (N.D. Ill. 1999):

> "In short, 'it is sufficient notice if the employee provides the employer with enough information to put the employer on notice that FMLA qualifying leave is needed.' Stoops v. One Call Communications, Inc., 141 F.3d 309, 312 (7th Cir. 1998). 'What is practicable, both in terms of the timing of the notice and its content, will depend on the facts and circumstances of each individual case. The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.' Manuel v. Westlake Polymers Corp., 66 F.3d 758, 764 (5th Cir. 1995); see also Price, 117 F.3d at 1026. And 'when an employee provides notice that leave is needed, the employer must investigate further if it needs additional information.' Stoops, 141 F.3d at 312"

4

The facts concerning the two plaintiffs in the McNeela case are far less compelling than those present here with Rick Lind[1] -- Rick Lind, as evidenced in the factual findings of the Administrative Law Judge attached as an Exhibit to the Complaint, specifically found that defendant's business administrator understood "that Mr. Lind was seeking a non-service related leave … on July 24, 2003;" and further found that Lind himself had "called in sick and requested a leave of absence on Form CMS95 …" and that he obtained that form at the Warden's office, with the State's own employee filling "in the date of July 24th" and once against reciting that Lind "requested the leave of absence on July 24."  (See the attachment to Exhibit 5 of plaintiff's Complaint at p. 6, ¶¶ 20-21.)  Rick told the Illinois Department of Corrections on July 24, 2003 that he needed a medical leave of absence of his degenerative disc disease and was provided the forms necessary to submit medical proof for the leave.  Compare that with the plaintiffs in McNeela:

> "In this case, plaintiffs submit enough evidence indicating a genuine issue of material fact as to whether they provided adequate notice of their need for FMLA leave. The record shows that Grish knew that plaintiffs were involved in a work-related injury that required medical treatment.  Further, Hubble claims that he spoke to Grish at the hospital on August 11th and told him that he was in a lot of pain and the doctors were not sure if he had broken his neck.  As for McNeela, he claims that he left a voicemail for Grish on August 11th stating that he would be out of work for a week following his injuries."  (Id. at **14-15.)

As that court concluded:

> "Given the FMLA's substantial deference to employees with respect to notice of their need for FMLA leave, plaintiffs have submitted enough evidence to create a genuine issue of material fact on the notice issue and therefore withstand United's motion for summary judgment.  Cf. Price, 117 F.3d at 1026 ('the Department of Labor Regulations repeatedly emphasize that it is the employer's responsibility to determine the applicability of the FMLA and to consider requested leave as FMLA.'"

---

[1] Plaintiff must once again remind the court that this is on defendant's Motion to Dismiss, not a motion for summary judgment, and these fact questions should not even be at issue.

5

See also <u>Dinkins</u> v. <u>Varsity Contractors, Inc.</u>, 2005 Lexis 6732 (N.D. Ill. March 10, 2005) at **28-29:

> "The FMLA does not require employees to 'expressly assert rights under the FMLA or even mention the FMLA, <u>but may only state that leave is needed</u>.' 29 C.F.R. § 825.303(b). The Seventh Circuit has held that the employee satisfies his notice requirement by requesting leave for a covered reason. <u>Price</u> v. <u>City of Fort Wayne</u>, 117 F.3d 1022, 1026 (7th Cir. 1997); see also <u>Aubuchon</u> v. <u>Canuff Fiberglass GmbH</u>, 359 F.3d 950, 953 (7th Cir. 2004) (an employee is not required to write a 'brief demonstrating legal entitlement' but must give the employer 'enough information to establish probable cause … to believe that he is entitled to FMLA leave.') Such notice is sufficient to trigger the employer's duty to request such additional information from the employee's doctor as may be necessary to confirm the employee's entitlement. 29 C.F.R. §§ 825.302(c)-(d). …"

Rick was not required to state the words, "FMLA" when he asked for the leave for his back condition on July 24, 2003. Finally, defendant cites <u>Aubuchon</u> v. <u>Canuff Fiberglass</u>, 359 F.3d 950, 951-52 (7th Cir. 2004), for the proposition that the requirement of notice is not satisfied "by the employees merely demanding leave. He must give the employer a reason to believe that he is entitled to it." However, immediately thereafter, Judge Posner writes:

> "So that the scope of our holding is clear, we emphasize that the employee's duty is <u>merely to place the employer on notice of</u> a probable basis for FMLA leave. He doesn't have to write a brief demonstrating a legal entitlement. He just has to give the employer enough information to establish probable cause, as it were, to believe that he is entitled to FMLA leave. That is enough to trigger the employer's duty to request such additional information from the employee's doctor or some other reputable source as may be necessary to confirm the employee's entitlement." (<u>Aubuchon</u>, 359 F.3d at 953.)

For purposes of defendant's Motion to Dismiss, this court must take as true plaintiff's allegation that he gave notice on July 24, 2003, obviously within a day of July 23, 2003. It is simply not the time to determine fact questions as to the sufficiency and timeliness of this notice.

**III.**

**PLAINTIFF HAS STATED A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

6

On the last page of its Memorandum, defendant tacks on an additional argument that plaintiff has failed to state a claim for which relief can be granted because "the final decision by the Civil Service Commission undid his termination and restored his employment. … Therefore, plaintiff has no injury as plaintiff was allowed to use leave for the periods alleged in the Complaint." Once again, defendant clearly invades the issues of fact not appropriate for a motion to dismiss. Plaintiff has, of course, alleged that he suffered damages, which allegation this court must take as true. Noticeably, defendant does not claim that Rick did not suffer damages, because he was fired during the time he sought medical leave, but rather it claims no harm, no foul because Rock had to fight to get his job back before the Civil Service Commission.

Regardless, and recognizing without waiving plaintiff's argument that this invokes fact questions not appropriate for a motion to dismiss, despite the Civil Service Commission's "undoing" of his termination and restoration of his employment, he <u>has</u> suffered injury -- he was not provided back pay from July 24, 2003 to June 30, 2004, a large portion of the time he missed after July 24, 2003 as he affirms in his Affidavit attached as Exhibit 1. Additionally, Rick has sustained additional damages of his attorneys' fees and costs and his lost liquidated damages as provided under the FMLA. Once again, this is simply not the proper subject of a motion to dismiss and defendant's Motion must be denied accordingly.

WHEREFORE, plaintiff respectfully asks that this court deny defendant's Motion to Dismiss in its entirety.

                Respectfully submitted,

                RICK LIND, Plaintiff

                By: /s/ Stephen T. Fieweger

7

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
P.O. Box 950
Moline, IL 61266-0950
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  sfieweger@katzlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2005, I electronically filed **Plaintiff's Memorandum in Opposition to Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Stephanie L. Shallenberger
    Assistant Attorney General
    500 South Second Street
    Springfield, IL 62706
    Fax:  217-524-5091

and I hereby certify that on September 21, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s).:  None.

    RICK LIND, Plaintiff

    By: /s/ Stephen T. Fieweger

s:\wp\worddoc\11260001.11M