E-FILED
Wednesday, 05 April, 2006  11:45:50 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICK LIND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4059 |
| ) | |
| STATE OF ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. # 6]. For the reasons that follow, the motion will be denied.

The following factual allegations, taken from the Complaint, must be accepted as true for the purposes of Defendant's motion. Beginning on July 23, 2003, Plaintiff "suffered from a serious health condition in that he was incapacitated due to degenerative disk disease of the lower back for which he was seeking medical treatment." On July 24, 25, 28, 29, 30, 31 and August 1, 4, 5, and 6, 2003, Plaintiff called in sick to work. On July 30, 2003, Plaintiff sought a medical leave of absence pursuant to his rights under the Family and Medical Leave Act (FMLA) by submitting appropriate documentation to the East Moline Correctional Center Warden. Thereafter, Defendant interfered with Plaintiff's rights to FMLA leave by (1) disciplining Plaintiff for failing to report to work, suspending him for 30 days pending discharge, and discharging him; (2) failing to process Plaintiff's medical leave request; (3) failing to advise Plaintiff of his rights to seek FMLA leave; (4) failing to notify Plaintiff that it was denying his

medical leave request before disciplining him; and (5) failing to maintain Plaintiff's health insurance.

On July 15, 2005, Plaintiff filed the instant Complaint claiming Defendant "unlawfully interfered, restrained and denied the exercise or attempt to exercise plaintiff's rights to FMLA leave in violation of 29 U.S.C. § 2615(a)." Defendant has moved to dismiss the Complaint, arguing that Plaintiff failed to provide adequate notice as required by the FMLA, and that Plaintiff has alleged no injury because he was eventually reinstated.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiff and the Complaint's well-pleaded factual allegations must be accepted as true. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal conclusions. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994).

Under the FMLA, an employee seeking leave must give notice to his employer "not less than 30 days" prior to the leave when the leave is foreseeable, or "such notice as is practicable" when the leave is "to begin in less than 30 days." 29 U.S.C. § 2612(e)(1). Whether a plaintiff's notice is sufficiently timely so as to trigger an FMLA inquiry is a question of fact. Price v. City of Fort Wayne, 117 F.3d 1022, 1026 (7th Cir. 1997). Accepting

Plaintiff's well-pleaded factual allegations as true, the Court cannot say that he cannot prove any set of facts to show the notice to his employer was sufficiently timely so as to trigger an FMLA inquiry.  Plaintiff alleges that he notified his employer of the need for medical leave as early as July 24, 2003, one day after the alleged onset of his medical condition. (Complaint at ¶ 9.)  This notice could be found to be sufficient to satisfy the requirements of the FMLA.  See Price 117 F.3d at 1026 (employee put city on notice that her paid leave request was possibly protected by FMLA by filling out city-provided leave request form, indicating that cause was medical need, and attaching doctor's note requiring her to take time off).

The Court also finds Defendant's second argument unavailing.  Although Plaintiff was eventually reinstated, there is no showing that he was made whole after his reinstatement.  To the contrary, Plaintiff's affidavit attached to his response indicates that he did not receive back pay for all of the work he missed, and that he may have sustained other uncompensated-for damages.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. # 6] is DENIED.

IT IS FURTHER ORDERED that this case is referred to Magistrate Judge Gorman for further pretrial proceedings.

Entered this __5th__ day of April, 2006.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                     United States District Judge