E-FILED
Friday, 02 February, 2007  03:38:21 PM
Clerk, U.S. District Court, ILCD

# EAST MOLINE CORRECTIONAL CENTER
## Institutional Directive

| | | | |
|---|---|---|---|
| | | REFERENCE: | 20 ILCS 5/3-2-2<br>Personnel Rules of<br>Dept. of CMS<br>AFSCME Contract<br>A.D. 03.01.301<br>ACA 3-4069 |
| SECTION: | 03 – Personnel and Labor Relations | NUMBER: | 03.01.301 |
| SUBSECTION: | 01 – General Provisions | EFFECTIVE DATE: | November 08, 2002 |
| SUBJECT: | 301 – Affirmative Attendance | PAGES: | Page 1 of 8 |

## I.  POLICY

### A.  Authority

20 ILCS 5/3-2-2

Personnel Rules of the Department of Central Management Services

Negotiated Labor Contracts (AFSCME, INA, ISEA, etc.)

A.D. 03.01.301

### B.  Policy Statement

1. All employees are expected to report to duty on a daily basis. Absences shall be approved in accordance with various labor contracts or personnel rules.

2. Supervisors are to make affirmative decisions regarding all absences daily, and to review employee time records at least monthly for indications of possible abuse.

## II.  PROCEDURE

### A.  Purpose

The purpose of this directive is to establish a written procedure governing use of benefit and dock time by employees of the East Moline Correctional Center consistent with various labor agreements or personnel rules.

### B.  Applicability

This directive is applicable to all employees of East Moline Correctional Center.

### C.  Internal Audits

An internal audit of this directive shall be conducted at least quarterly.

### D.  Definitions



EXHIBIT
6

Joint Ex.
1

| EAST MOLINE CORRECTIONAL CENTER<br>Institutional Directive | REFERENC | 20 ILCS 5/3-2-2<br>Personnel Rules of<br>Dept. of CMS<br>AFSCME Contract<br>A.D. 03.01.301<br>ACA 3-4069 |
|---|---|---|
| **SECTION:**    03 – Personnel and Labor Relations | **NUMBER:** | 03.01.301 |
| **SUBSECTION:**   01 – General Provisions | **EFFECTIVE DATE:** | November 08, 2002 |
| **SUBJECT:**    301 – Affirmative Attendance | **PAGES:** | Page 2 of 8 |

Chief Administrator - the Chief Administrative Officer of East Moline Correctional Center

Unauthorized Absence - an absence for which time is not approved.

**E.    General Provisions**

The Chief Administrative Officer shall ensure that all employees have access to and are advised of the contents of this directive.

1.    Distribution and access of Administrative Directive 03.01.301-Affirmative Attendance.

    a.    All individuals employed at the East Moline Correctional Center received a copy of Administrative Directive 03.01.301 during June 1999.

    b.    The Human Resource Representative shall ensure that all new employees receive and sign for a copy of Administrative Directive 03.01.301 at the time they complete appropriate personnel paperwork. The Personnel Office shall forward the receipt signed by the employee to the Training Coordinator.

    c.    Administrative Directive 03.01.301 shall be available in all A.D. Manuals.

2.    This Institutional Directive shall be distributed through regular distribution procedures and made available for employee access in Institutional Directive Manuals.

**F.    Requirements**

1.    Employees are expected to report for work on time each day. Tardiness shall be addressed by counseling and progressive discipline. The establishment or change in tardiness policy shall be negotiated with the Union. During such negotiations, current tardiness practices and policies shall remain in effect.

2.    Vacation, holiday, compensatory, and personal business time must be requested in advance except in emergency situations.

| EAST MOLINE CORRECTIONAL CENTER Institutional Directive | REFERENCE | 20 ILCS 5/3-2-2 Personnel Rules of Dept. of CMS AFSCME Contract A.D. 03.01.301 ACA 3-4069 |
|---|---|---|
| **SECTION:** 03 – Personnel and Labor Relations | **NUMBER:** | 03.01.301 |
| **SUBSECTION:** 01 – General Provisions | **EFFECTIVE DATE:** | November 08, 2002 |
| **SUBJECT:** 301 – Affirmative Attendance | **PAGES:** | Page 3 of 8 |

     a.    In emergencies, if no personal time is available, vacation, holiday, or compensatory time may be approved subject to verification of an emergency situation.

     b.    In the absence of an emergency, only the Chief Administrative Officer or Assistant Wardens may approve the use of such time on a call-in basis.

3.    Authorization to use other benefit time or, if none is available, authorized docks shall be granted under the following criteria when sick time has been exhausted:

     a.    The employee has not been on proof status within the previous three (3) months, unless the Warden approves use of such time.

     b.    Proper medical certification is provided.

     c.    Use of authorized dock time under these circumstances is limited to five (5) days within a twelve (12) month period, unless approval for more time is granted by the Warden.

          **NOTE:** Employees who have used all allowable dock time shall be informed of their right to apply for a medical leave of absence.

4.    All employee requests for sick time usage must be supported by a Notification of Absence and Call-In Report, DC 314-F, signed by the employee. The DC 314-F shall be provided to the supervisor no later than 48 hours after the employee's return from the absence(s), unless extenuating circumstances exist which are approved by the supervisor. The Supervisor will ensure that the DC 314-F is readily available to the employee. Failure of an employee to provide such will result in the absence being considered unauthorized. The employee will be docked and a disciplinary referral will be initiated.

5.    Supervisors must process all signed DC 314-F forms generated from call-ins within three calendar days of receipt, either approving or disapproving the request. The original (white) copy of the DC 314-F shall be forwarded to the timekeeper, the pink copy shall be given to the employee, and the yellow copy shall be retained by the supervisor.

**EAST MOLINE CORRECTIONAL CENTER**
**Institutional Directive**

| | |
|---|---|
| **REFERENCE** | **20 ILCS 5/3-2-2 Personnel Rules of Dept. of CMS AFSCME Contract A.D. 03.01.301 ACA 3-4069** |

| | | | |
|---|---|---|---|
| **SECTION:** | 03 – Personnel and Labor Relations | **NUMBER:** | 03.01.301 |
| **SUBSECTION:** | 01 – General Provisions | **EFFECTIVE DATE:** | November 08, 2002 |
| **SUBJECT:** | 301 – Affirmative Attendance | **PAGES:** | Page 4 of 8 |

6.    The Assistant Wardens, Department Heads, including Shift Commanders and designated Lieutenants, shall be designated to review the attendance record of each employee under their supervision within twenty days of the conclusion of each calendar month.

   a.    Timekeepers shall provide a duplicated Employee Time Sheet, DC 333-F, for each employee to the designated supervisory staff within eight working days of the conclusion of each calendar month. The Personnel Office will ensure that all designated staff sign a verification of attendance record located in the Personnel Office documenting that they have completed the monthly review of the timesheet.

   b.    Documentation of this review shall be noted on the Attendance Record Review Form, DC 9095, a copy of which shall be maintained for each employee in the supervisor's file. In the column designated for results of this review, the supervisor must note any action taken such as counseling, placement on proof status, referral to the Employee Assistant Program, oral reprimand, or referral for discipline. If the supervisor finds the employee's attendance to be acceptable, an "OK" must be noted. Although a formal review is only required once each month, supervisors must ensure on-going scrutiny of sick time usage and dockages, and shall take prompt action anytime the circumstances warrant such. Counseling is the first step in working with employees who may have an attendance problem.

   c.    Prior to placing an employee on proof status, the supervisor shall meet with the employee to discuss the attendance record. Any employee whose attendance record creates reason to suspect abuse of sick time shall be immediately given written notice of his or her placement on proof status for a 90-day period.

      (1)    Proof status shall take effect immediately for employees not covered by a labor contract.

      (2)    For employees covered by a labor contract, the proof status shall take effect:

| | |
|---|---|
| **EAST MOLINE CORRECTIONAL CENTER**<br>**Institutional Directive** | **REFERENCE**    **20 ILCS 5/3-2-2**<br>**Personnel Rules of**<br>**Dept. of CMS**<br>**AFSCME Contract**<br>**A.D. 03.01.301**<br>**ACA 3-4069** |

| | | | |
|---|---|---|---|
| **SECTION:** | 03 – Personnel and Labor Relations | **NUMBER:** | 03.01.301 |
| **SUBSECTION:** | 01 – General Provisions | **EFFECTIVE DATE:** | November 08, 2002 |
| **SUBJECT:** | 301 – Affirmative Attendance | **PAGES:** | Page 5 of 8 |

    (a)    Ten days after the employee received written notice of the proof status and no grievance is filed.

    (b)    On the effective date of the grievance withdrawal if the withdrawal is entered prior to the Step Three disposition; or

    (c)    On the date the facility is notified of the Step Three disposition if the grievance is withdrawn or denied. The Proof Status grievance shall be heard at the earliest possible Step Three meeting pursuant to master contract Article V, Section 2. If the grievance is denied, the employee shall be placed on Proof Status pending the final disposition at Step Four.

d.    The mere usage of sick leave supported by appropriate medical documentation will not support a continuation of proof status, unless additional fact(s) support suspected abuse. Use of sick leave shall be reviewed on a case-by-case basis. If the employer seeks to extend proof status based upon additional facts:

    (1)    Said proof status shall take effect immediately for employees not covered by a labor contract.

    (2)    For employees covered by a labor contract the continuation of proof status shall take effect:

        (a)    Ten days after the employee receives written notice of the proof status and no grievance is filed;

        (b)    On the effective date if the grievance withdrawal if the withdrawal is entered prior to the Step Three disposition; or

        (c)    On the date the facility is notified of the Step Three disposition if the grievance is withdrawn or denied. The proof status grievance shall be heard at the earliest possible Step Three meeting pursuant to master contract Article V, Section 2. If the grievance is denied,

| | REFERENCES | 20 ILCS 5/3-2-2 |
|---|---|---|

**EAST MOLINE CORRECTIONAL CENTER**
**Institutional Directive**

| | REFERENCES | 20 ILCS 5/3-2-2 Personnel Rules of Dept. of CMS AFSCME Contract A.D. 03.01.301 ACA 3-4069 |
|---|---|---|
| **SECTION:** 03 – Personnel and Labor Relations | **NUMBER:** | 03.01.301 |
| **SUBSECTION:** 01 – General Provisions | **EFFECTIVE DATE:** | November 08, 2002 |
| **SUBJECT:** 301 – Affirmative Attendance | **PAGES:** | Page 6 of 8 |

the employee shall be continued on proof status pending final disposition at Step Four.

    e.    Proof status shall be reviewed with the employee after the initial 90-day period or 60 days after the continuation on proof status. Employees shall be given either:

        (1)    Written notice of their continuation on proof status for an additional 60 day period if their use of sick time continues to reflect reason to suspect abuse; or

        (2)    Written notice that proof status is terminated.

    f.    The Notification of Proof Status, DC 710-1265, shall be used to notify employees of initial placement, continuation, or removal from proof status. The form shall be dated and signed by both the employee and the supervisor. The original signed form shall be given to the employee and a copy shall be placed in the Personnel File and in the supervisor's file.

7.    An employee on proof status who fails to provide proper medical certification of the use of earned sick time shall be given an unauthorized absence and be docked for the day(s) in question. Employees on proof status who are out of earned sick time and who continue to claim illness shall be advised in writing of the need to apply for a leave of absence or face discipline.

8.    Proper medical certification for proof status must contain the following minimum elements:

    a.    Signature, address, and phone number of the medical practitioner.

    b.    The pertinent date(s) in question.

    c.    An indication that the employee was unable to work on the date(s) in question for reasons of personal or family illness.

9.    Employees on proof status who utilize sick time for bereavement shall provide appropriate documentation.

| | | REFERENCES: | 20 ILCS 5/3-2-2 Personnel Rules of Dept. of CMS AFSCME Contract A.D. 03.01.301 ACA 3-4069 |
|---|---|---|---|

**EAST MOLINE CORRECTIONAL CENTER**
**Institutional Directive**

| SECTION: | 03 – Personnel and Labor Relations | NUMBER: | 03.01.301 |
|---|---|---|---|
| SUBSECTION: | 01 – General Provisions | EFFECTIVE DATE: | November 08, 2002 |
| SUBJECT: | 301 – Affirmative Attendance | PAGES: | Page 7 of 8 |

10. It is the employee's responsibility to provide proper certification. Documents that do not contain the necessary elements shall not be accepted and the employee shall be so notified. The absences shall be considered unauthorized if acceptable certification is not subsequently provided within five work days.

11. The Department recognizes that personal problems may affect the attendance of employees. In addition to counseling, proof status, and discipline, supervisors are strongly encouraged to utilize employee referrals to the Employee Assistance counselors available at each facility and program site. Such referrals may be made anytime during the attendance or performance review process where the need is apparent, but in all cases a referral must be made once an employee has incurred discipline for any attendance-related issue.

**NOTE:** Proof may be required for a single absence only if reasonable grounds exist to suspect abuse for the day in question.

G. **Discipline**

1. All docks for unauthorized absences shall be referred for discipline in a timely manner in accordance with Administrative Directive 03.01.120. If just cause is established for the violations, the following guidelines shall be followed:

    | | |
    |---|---|
    | 1st offense | Oral Reprimand |
    | 2nd offense | Written Reprimand |
    | 3rd offense | 2nd Written Reprimand |
    | 4th offense | 1 day suspension |
    | 5th offense | 3 day suspension |
    | 6th offense | 5 day suspension |
    | 7th offense | 7 day suspension |
    | 8th offense | 10 day suspension |
    | 9th offense | 15 day suspension |
    | 10th offense | Discharge |

2. Each day of unauthorized absence shall be considered a separate offense for purposes of progressive discipline.

3. Each day of unauthorized absence without a call in shall be considered as

**EAST MOLINE CORRECTIONAL CENTER**
**Institutional Directive**

| REFERENCE | 20 ILCS 5/3-2-2 Personnel Rules of Dept. of CMS AFSCME Contract A.D. 03.01.301 ACA 3-4069 |
|---|---|
| SECTION: 03 – Personnel and Labor Relations | NUMBER: 03.01.301 |
| SUBSECTION: 01 – General Provisions | EFFECTIVE DATE: November 08, 2002 |
| SUBJECT: 301 – Affirmative Attendance | PAGES: Page 8 of 8 |

two offenses and appropriate progressive discipline shall be administered pursuant to Paragraph II.G.1 above.

4.    Except for the 8th and 9th offense prior to discharge, any suspension time shall be documented, but the employee shall report to work and lose no wages.  For the 8th offense prior to discharge, the employee shall actually serve three days of the suspension prior to discharge; and for the 9th offense prior to discharge, the employee shall actually serve five days of the suspension.  The employee shall report to work and lose no wages for the remaining suspension days.

5.    The level of discipline imposed shall be based upon the above guidelines and shall be progressive in nature consistent with the master contract Article IX, Section 7: "...upon review of an employee's record, discipline for absenteeism shall be removed from such record if, from the date of the last discipline, two (2) years pass without the employee receiving additional discipline for absenteeism."

**Note:**  Discipline which is two years old will not be removed unless the employee goes two (2) years without receiving any discipline for absenteeism.

Gary L. Wyant,
Warden

Reviewed:          November 08, 2002
Supersedes:       November 09, 2001

# MD CENTRAL MANAGEMENT SERVICES **PHYSICIAN'S STATEMENT**

## AUTHORIZATION FOR DISABILITY LEAVE AND RETURN TO WORK AUTHORIZATION

Name of Patient (full): Rick S Lind  Date of Birth: 9/19/64  Soc. Sec. Number: 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

Present Address—Street or Rural Route: 401 Main Street

City: Erie  State: Illinois  Zip Code 61250

Employed by State of Illinois: _____
(Agency, Board, Commission, Department)

Facility: _____  Address: _____

---

**COMPREHENSIVE MEDICAL INFORMATION IS REQUIRED IN ORDER TO EVALUATE THE EMPLOYEE'S CLAIM FOR A DISABILITY LEAVE OF ABSENCE OR SUBSEQUENT RETURN TO WORK.**

---

## DIAGNOSIS (including any complications):

(a) Date of last examination: Month: 8  Day: 4  19 2003

(b) Diagnosis including any complications: Cervical Subluxation,Headaches,Thoracic Subluxation,Muscle Spasms, Lumbar Subluxation, Pelvic Subluxation.

His headache complaint is aggrivated by stress,A/C.

These problems date back to a major auto accident in 1980.

(c) Subjective symptoms: Patient complains of severe cervical pain with movement,severe headachesmstiff and sore in mid and low back. Not able to sleep, poor concentration, just feels terrible.

(d) Objective findings (including information derived from x-rays, EKG's, laboratory data and any clinical findings): Poor cervical range of motion with inflamation and very tense and tender. Cervical and thoracic muscles. Decreased lumbo plevic range of motion with mild inflamation. Patient appears very fatiqued and down.

---

## DATES OF TREATMENT:

(a) Date of first visit: Month: 7  Day: 24  19 2003
(b) Date of last visit: Month: 8  Day: 6  19 2003
(c) Frequency: Weekly ☐  Monthly ☐  Other ☐ — (Please specify): _____

---

## TREATMENT:

(a) Please describe treatment including any surgery and/or medication prescribed: Chiropractic adj-home care,Ice theraphy,rest,active care,md treatment.

(b) Will treatment substantially improve function and employability? Yes ☒  No ☐  If yes, specify: His spinal function has improved drastically,and his headaches have really resolved.

---

**IMPORTANT NOTICE**
This state agency is requesting disclosure of information that is necessary to accomplish the statutory purpose as outlined under Chp. 127, 63b, 108c(2). Disclosure of this information is VOLUNTARY. This form has been approved by the State Forms Management Center.

CMS-95 (9/82)  IL401-0784

EXHIBIT
7

**PROGRESS: (Please check appropriate box provided below):**

(a) The patient has: Recovered ☐  Improved ☒  Remained unchanged ☐  Retrogressed ☐
(b) The patient is: Ambulatory ☒  House confined ☐  Bed confined ☐  Hospital confined ☐
(c) Has the patient been hospital confined because of current condition? Yes ☐  No ☒

If yes, give name and address of hospital: _____

Confined from: Month _____ Day _____ 19 _____ through Month _____ Day _____ 19 _____

---

**LIMITATION: (If there is a limitation, check appropriate box and describe below):**

Standing ☐  Climbing ☐  Bending ☐  Use of hands ☐  Sitting ☐  Walking ☐  Stooping ☐
Lifting ☐  Psychological ☐  Other ☐  (Please specify)

---

**PHYSICAL IMPAIRMENT: (*As defined in Federal Dictionary of Occupational Titles):**

☒ CLASS 1 — No limitation of functional capacity; capable of heavy work* No restrictions (0-10%)
☐ CLASS 2 — Medium manual activity* (15-30%)
☐ CLASS 3 — Slight limitation of functional capacity; capable of light work* (35-55%)
☐ CLASS 4 — Moderate limitation of functional capacity; capable of clerical/administrative (sedentary*) activity (60-70%)
☐ CLASS 5 — Severe limitation of functional capacity; incapable of minimal (sedentary*) activity (75-100%)
☐ REMARKS — _____

---

**EXTENT OF DISABILITY:**

|  | From Any Occupation | | | From Patient's Regular Occupation | | |
|---|---|---|---|---|---|---|

(a) In your opinion is patient now temporarily totally disabled? Yes  —  Yes ☐  No ☐  |  Yes ☐  No ☐

(b) If no, when was patient able to go to work?

| MONTH | DAY | YEAR 19 | MONTH | DAY | YEAR 19 |
|---|---|---|---|---|---|

(c) If yes, when do you think patient will be able to resume any work?

| MONTH 8 | DAY 6 | YEAR 19 2003 | MONTH | DAY | YEAR 19 |
|---|---|---|---|---|---|

(Approximate Date)   Indefinite ☐   Never ☐

(d) In your opinion is patient permanently and totally disabled for employment? NO  —  Yes ☐  No ☒  |  Yes ☐  No ☐

(e) If answer to (d) is "yes", please explain.

_____
_____
_____
_____

---

**REMARKS:**

This episode is a severe irritation of tissue damaged in a
major auto accident in 1980  He sustained a severe concussion
and a T12 compression fracture, scar tissue is susceptible to
episodes of flare up from activities of daily living and stress,
and exposre to the cold.

---

Attending Physician's Signature: *Kevin L. Freeborn D.C.*  Degree: _____  Date: 8/14/03

PLEASE TYPE OR PRINT THE FOLLOWING INFORMATION:

Attending Physician's Name: Kevin L. Freeborn, D.C

Physician's Office Street Address: 918 16th Ave

City: East Moline    State: Illinois    Zip Code: 61244    Phone Number: 309-752-0750

**EMPLOYEES:** You are responsible for having this form completed and returned to the appropriate person within your agency within
~~time limits established by your agency. Your failure to comply may result in termination of your disability leave.~~

**Freebern Chiropractic**
Kevin Freebern, DC
918 16th Avenue
East Moline, IL  61244
(309) 752-0750 – office
(309) 752-0755 – fax

e:   _8/4/13_

e of Employee _Rick Lind_

above employee is temporarily unable to work from _7/24/13_ to _8/7/13_

ere are questions regarding this patient please contact the above telephone number.

_Kevin L. Freebern D.C._

Kevin L. Freebern, DC


EXHIBIT
8

*Docked on Pay Pd.*
*8-31-03 Ca*

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Notification of Absence**

Employee's Name: *RICK LIND*          Shift & Location: *3-11 Security*

**Call In Report:**

Reason for Call In: *SICK PERSONAL*

Call Received by: *MAJOR RICKE*     on *8-1-03*   at *1:10*  ☐ a.m.  ☒ p.m.
      Print Name                     Date        Time

**Notification of Absence:**

I ☒ have been                                    ☒ Full Day
I ☐ request to be absent on   *8-1-03*           ☐ Half Day (also indicate hours)
                                                 ☐ Hours
for a total of ___*1*___ days and / or _____ hour for reason of:   From: ____ ☐ a.m. to ____ ☐ a.m.
                                                                            ☐ p.m.      ☐ p.m.

☐ Personal Business       ☐ Compensation Time       ☐ Service Connected Sick Leave
☐ Vacation                ☒ Sick Leave -- Personal   ☒ Dock Time
☐ Accumulated Holiday     ☐ Sick Leave -- Family      ☐ Other (explain in Comments)

**Comments:**

*not on prop*

_____          ☐ Approved        _____
Employee's Signature                                  Supervisor's Signature

*8-7-03*                           ☒ Disapproved      *8-19-03*
Date                                                  Date

Distribution:   Chief Timekeeper; Supervisor; Employee

DOC 0126 (Eff. 9/2002)
(Replaces DC 314-F)

---

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Notification of Absence**

*Docked 3 days on*
*Pay Pd. 8-15*

Employee's Name: *Rick Lind*          Shift & Location: *3-11 Security*

**Call In Report:**

Reason for Call In: *SP*

Call Received by: *Lt McChurch*     on *8-4-03*   at *4:35*  ☒ a.m.  ☐ p.m.
      Print Name                     Date        Time

**Notification of Absence:**

I ☒ have been                                    ☒ Full Day
I ☐ request to be absent on   *8-4,5,6-03*       ☐ Half Day (also indicate hours)
                                                 ☐ Hours
for a total of ___*3*___ days and / or _____ hour for reason of:   From: ____ ☐ a.m. to ____ ☐ a.m.
                                                                            ☐ p.m.      ☐ p.m.

☐ Personal Business       ☐ Compensation Time       ☐ Service Connected Sick Leave
☐ Vacation                ☒ Sick Leave -- Personal   ☐ Dock Time
☐ Accumulated Holiday     ☐ Sick Leave -- Family      ☐ Other (explain in Comments)

**Comments:**

*request sick*

_____          ☐ Approved        _____
Employee's Signature                                  Supervisor's Signature

*8-7-03*                           ☒ Disapproved      *8-19-03*
Date                                                  Date

Distribution:   Chief Timekeeper; Supervisor; Employee

DOC 0126 (Eff. 9/2002)
(Replaces DC 314-F)

EXHIBIT
9

Docked

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Notification of Absence**

Employee's Name: _Lind Rick_    Shift & Location: _3-11 Security_

**Call In Report:**

Reason for Call In: _Sick Personal_

Call Received by: _Major Sprit_    (RH)    on _7-31-03_    at _11:05_    ☒ a.m.   ☐ p.m.
Print Name                                     Date           Time

**Notification of Absence:**

I ☒ have been

I ☐ request to be absent on _7-31-03_    ☒ Full Day
                                          ☐ Half Day (also indicate hours)
for a total of ___/___ days and / or _____ hour for reason of:    ☐ Hours

                                          From: ___ ☐ a.m.    ___ ☐ a.m.
                                                    ☐ p.m.  to      ☐ p.m.

☐ Personal Business    ☐ Compensation Time    ☐ Service Connected Sick Leave
☐ Vacation             ☒ Sick Leave – Personal ☒ Dock Time
☐ Accumulated Holiday  ☐ Sick Leave – Family   ☐ Other (explain in Comments)

**Comments:**

_I request dock_

_Rick_ _____    ☐ Approved    _____
Employee's Signature                            Supervisor's Signature

_8-7-03_ _____    ☒ Disapproved    _8-19-03_ _____
Date                                              Date

Distribution:    Chief Timekeeper; Supervisor; Employee

DOC 0126 (Eff. 8/2002)
(Replaces DC 314-F)

---

Docked

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Notification of Absence**

Employee's Name: _Lind Rick_    Shift & Location: _3-11 / Security_

**Call In Report:**

Reason for Call In: _Sick Personal_

Call Received by: _Ricke_    (mk)    on _7-30-03_    at _1:15_    ☐ a.m.   ☐ p.m.
Print Name                                     Date          Time

**Notification of Absence:**

I ☒ have been

I ☐ request to be absent on _7-30-03_    ☐ Full Day
                                          ☐ Half Day (also indicate hours)
for a total of ___/___ days and / or _____ hour for reason of:    ☐ Hours

                                          From: ___ ☐ a.m.    ___ ☐ a.m.
                                                    ☐ p.m.  to      ☐ p.m.

☐ Personal Business    ☒ Compensation Time    ☐ Service Connected Sick Leave
☐ Vacation             ☒ Sick Leave – Personal ☒ Dock Time
☐ Accumulated Holiday  ☐ Sick Leave – Family   ☐ Other (explain in Comments)

**Comments:**

_I request com + dock_

_Rick_ _____    ☐ Approved    _____
Employee's Signature                            Supervisor's Signature

_8-7-03_ _____    ☒ Disapproved    _8-19-03_ _____
Date                                              Date

Distribution:    Chief Timekeeper; Supervisor; Employee

DOC 0126 (Eff. 8/2002)

*Docked*

### ILLINOIS DEPARTMENT OF CORRECTIONS
### Notification of Absence

Employee's Name: *Rick Lind*          Shift & Location: *3-11 pm Security*

**Call In Report:**

Reason for Call In: *S.P.*

Call Received by *Mass Split*          on *7-29-03* at *1245*  ☐ a.m.  ☒ p.m.
_____ Print Name _____          Date          Time

**Notification of Absence:**

I ☒ have been                                   ☒ Full Day
I ☐ request to be absent on *7-29-03*           ☐ Half Day (also indicate hours)
                                                 ☐ Hours
for a total of _____ days and / or _____ hour for reason of:    From: _____ ☐ a.m. to _____ ☐ a.m.
                                                                     _____ ☐ p.m. _____ ☐ p.m.

☐ Personal Business        ☐ Compensation Time        ☐ Service Connected Sick Leave
☐ Vacation                 ☒ Sick Leave – Personal    ☒ Dock Time
☐ Accumulated Holiday      ☐ Sick Leave – Family       ☐ Other (explain in Comments)

**Comments:**

*I request dock*

*Rick Lind*                  ☐ Approved          *Supervisor's Signature*
Employee's Signature                             Supervisor's Signature

*8-7-03*                     ☒ Disapproved       *8-19-03*
Date                                             Date

Distribution:  Chief Timekeeper; Supervisor; Employee

DOC 0126 (Eff. 8/2002)
(Replaces DC 314-F)

---

### ILLINOIS DEPARTMENT OF CORRECTIONS
### Notification of Absence

*Docked*

Employee's Name: *Rick Lind*          Shift & Location: _____

**Call In Report:**

Reason for Call In: *S.P.*

Call Received by *Captain Ricke* (Ca5)          on *7-28-03* at *12:58*  ☐ a.m.  ☐ p.m.
_____ Print Name _____          Date          Time

**Notification of Absence:**

I ☒ have been                                   ☐ Full Day
I ☐ request to be absent on *7-28-03*           ☐ Half Day (also indicate hours)
                                                 ☐ Hours
for a total of *1* days and / or _____ hour for reason of:    From: _____ ☐ a.m. to _____ ☐ a.m.
                                                                 _____ ☐ p.m. _____ ☐ p.m.

☐ Personal Business        ☐ Compensation Time        ☐ Service Connected Sick Leave
☒ Vacation                 ☒ Sick Leave – Personal    ☒ Dock Time
☐ Accumulated Holiday      ☐ Sick Leave – Family       ☐ Other (explain in Comments)

**Comments:**

*I request vacation*

*Rick Lind*                  ☐ Approved          *Supervisor's Signature*
Employee's Signature                             Supervisor's Signature

*8-7-03*                     ☒ Disapproved       *8-19-03*
Date                                             Date

Distribution:  Chief Timekeeper; Supervisor; Employee

DOC 0126 (Eff. 8/2002)

*Docked*

ILLINOIS DEPARTMENT OF CORRECTIONS
**Notification of Absence**

Employee's Name: co LIND, RICK    Shift & Location: 3p-11p Security

**Call In Report:**
Reason for Call In: SP
Call Received by: LT HART M    on 7-25-03 at 5p ☒ a.m. ☐ p.m.
Print Name    Date    Time

**Notification of Absence:**
I ☒ have been
I ☐ request to be absent on 7-25-03    ☒ Full Day  ☐ Half Day (also indicate hours)  ☐ Hours
for a total of / days and / or ___ hour for reason of:    From: ☐ a.m. to ☐ a.m. / ☐ p.m. to ☐ p.m.

☐ Personal Business  ☐ Compensation Time  ☐ Service Connected Sick Leave
☐ Vacation  ☒ Sick Leave – Personal  ☒ Dock Time
☒ Accumulated Holiday  ☐ Sick Leave – Family  ☐ Other (explain in Comments)

**Comments:**
*Rick L* request holiday

Employee's Signature: *Rick L*    ☐ Approved    Supervisor's Signature: *Sig*
Date: 8-7-03    ☒ Disapproved    Date: 8-19-03

Distribution: Chief Timekeeper; Supervisor; Employee    DOC 0126 (Eff. 9/2002) (Replaces DC 314-F)

---

*Docked*

ILLINOIS DEPARTMENT OF CORRECTIONS
**Notification of Absence**

Employee's Name: RICK LIND    Shift & Location: 3-11 SECURITY

**Call In Report:**
Reason for Call In: S/P
Call Received by: CAPT. RICKE    on 7-24-03 at 1:05 ☐ a.m. ☒ p.m.
Print Name    Date    Time

**Notification of Absence:**
I ☒ have been
I ☐ request to be absent on 7-24-03    ☒ Full Day  ☐ Half Day (also indicate hours)  ☐ Hours
for a total of / days and / or ___ hour for reason of:    From: ☐ a.m. to ☐ a.m. / ☐ p.m. to ☐ p.m.

☐ Personal Business  ☐ Compensation Time  ☐ Service Connected Sick Leave
☐ Vacation  ☒ Sick Leave – Personal  ☒ Dock Time
☒ Accumulated Holiday  ☐ Sick Leave – Family  ☐ Other (explain in Comments)

**Comments:**
*not expir of request alternate time*

Employee's Signature: *Rick L*    ☐ Approved    Supervisor's Signature: *Sig*
Date: 8-7-03    ☒ Disapproved    Date: 8-19-03

Distribution: Chief Timekeeper; Supervisor; Employee    DOC 0126 (Eff. 9/2002) (Replaces DC 314-F)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

RICK LIND,                              )
                                        )
            Plaintiff,                  )
                                        )
      - vs-                             )        No. 05-4059
                                        )
DEPARTMENT OF CORRECTIONS,              )
                                        )
            Defendant.                  )

### RESPONSE TO PLAINTIFF'S REQUEST
### FOR ADMISSION OF FACTS

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by

and through its attorney, LISA MADIGAN, Attorney General of the State of Illinois, and for

its Response to Plaintiff's Request for Admission of Facts, states as follows:

1.      Admit that Rick Lind is a resident of Erie, Illinois.

**RESPONSE**: Admit.

2.      Admit that Rick Lind is employed as a correctional officer by the defendant,

State of Illinois, through its Agency, The Illinois Department of Corrections, at its

correctional facility located in East Moline, Illinois, Rock Island County, State of Illinois.

**RESPONSE**: Admit.

-1-


EXHIBIT
10

3.    Admit that prior to July 23, 2003, Rick Lind had been employed by the defendant as a full-time employee and that he had prior to July 23, 2003 worked more than 1,250 hours of service during the previous 12-month period and had been employed by the defendant for more than 12 months since he had commenced his employment with the Department of Corrections.

**RESPONSE**: Defendant admits that from July 23, 2002 through July 22, 2003, Plaintiff was employed a full-time employee and worked 1,255.50 hours. Defendant admits that as of July 22, 2003, Plaintiff had been employed with the Department of Corrections for more than twelve months.

4.    Admit that on July 24, 2003, Rick Lind informed the defendant through the East Moline Correctional Center that he was suffering from a serious health condition in that he was having severe low back problems for which he needed a leave of absence for medical reasons.

**RESPONSE**: Denied.

5.    Admit that on July 24, 2003, Rick Lind was provided an Illinois Department of Corrections Personnel Action form for a request for Leave of Absence from one of the defendant's employees at East Moline Correctional Center.

**RESPONSE**: Admit.

6.    Admit that Exhibit 1 attached hereto is a true and correct copy of the Personnel Action Form provided to Rick Lind on July 24, 2003 by the Illinois Department of Corrections.

**RESPONSE**: Admit.

-2-

7.     Admit that on July 30, 2003, Dr. Kevin L. Freebern, a Doctor of Chiropractic Medicine, prepared a Physician Statement on Central Management Services Form for a Disability Leave and Return to Work Authorization authorizing Rick Lind to be off work due to his serious medical condition.

**RESPONSE**: Denied.  Defendant lacks sufficient information to admit or deny when Dr. Freebern prepared a physician statement regarding Plaintiff's medical condition. Further, Defendant denies that Dr. Freebern authorized Plaintiff to be off work.  Upon reasonable inquiry, Defendant lacks sufficient knowledge to admit or deny whether Plaintiff suffered from a serious medical condition from July 24, 2003 to August 7, 2003.

8.     Admit that Exhibit 2 attached hereto is a true and correct copy of Dr. Freebern's Physician Statement dated July 30, 2003.

**RESPONSE**: Admit.

9.     Admit that Exhibit 2 was provided to the Department of Corrections at the East Moline Correctional Center on July 30, 2003 by the plaintiff.

**RESPONSE**: Denied.

10.     Admit that no one from the Department of Corrections or from Central Management Services from July 30, 2003 onward notified plaintiff that the defendant was denying his request for disability leave of absence that was submitted to defendant by July 30, 2003.

**RESPONSE**: Defendant admits that Plaintiff was not informed that any request for leave was denied, because Plaintiff's request for leave of absence was not denied. Plaintiff's request for leave of absence was deferred by the Warden's Office pending

receipt of additional documentation from Dr. Freebern and/or Plaintiff. Defendant denies it received any medical documentation on July 30, 2003, or anytime prior to September 24, 2003.

11.    Admit that the defendant did not notify plaintiff within 14 days of the submission of his Physician Statement on July 30, 2003 that the information contained in that Physician Statement was inadequate.

**RESPONSE**: Defendant denies it received any medical documentation on July 30, 2003, or anytime prior to September 24, 2003. Upon receipt of documentation on September 24, 2003 and September 26, 2003, the facility notified Dr. Freebern's office that the documentation provided was inadequate.

12.    Admit that the defendant failed to process the plaintiff's request for a medical leave of absence submitted to it by July 30, 2003.

**RESPONSE**: Defendant admits that it did not process any request by Plaintiff for a medical leave of absence by July 30, 2003, because no complete request had been submitted by Plaintiff.

13.    Admit that the defendant failed to advise Rick Lind of his rights to seek a leave of absence under the Family and Medical Leave Act.

**RESPONSE**: Denied.

14.    Admit that the defendant failed to provide documentation to plaintiff concerning his rights under the Family and Medical Leave Act.

**RESPONSE**: Denied.

-4-

15.    Admit that the Defendant failed to notify Rick Lind that the Department of Corrections was denying his request for a medical leave of absence before it took action to discipline him for failure to report to work for the period of July 24 through August 6, 2003.

**RESPONSE**: Defendant admits that Plaintiff was not informed that any request for leave was denied, because Plaintiff's request for leave of absence was not denied. Plaintiff's request for leave of absence was deferred by the Warden's Office pending receipt of additional documentation from Dr. Freebern and/or Plaintiff.  At the time the Department sought disciplinary action against Plaintiff for failure to report to work for the period of July 24, 2003 through August 6, 2003, by way of an Employee Review Board Hearing on September 8, 2003, the Department had not received any medical documentation from Plaintiff or any treating physician necessary to submit a request for a medical leave.

16.    Admit that Exhibit 3 hereto is a true and correct copy of the Findings and Decision of the Illinois Civil Service Commission; case styled Illinois Department of Corrections, Petitioner v. Rick Lind, Respondent, case No. DA-7-104.

**RESPONSE**:  Admit.

17.    Admit that as of July 24, 2003, Rick Lind had available to him six days of alternative use time that he could have utilized for absences due to his serious medical condition.

**RESPONSE**: Defendant admits that Plaintiff had six days of alternative use time available for use. Upon reasonable inquiry, Defendant lacks sufficient knowledge to admit or deny that Plaintiff was suffering from a serious medical condition.

18.    Admit that Rick Lind was not on furnish proof status as of July 24, 2003.

**RESPONSE**:  Admit.

19.    Admit that the defendant failed to maintain plaintiff's health insurance coverage under the defendant's group health plan after his termination on November 10, 2003.

**RESPONSE**:  Admit.

20.    Admit that the defendant has not paid plaintiff his lost wages from the period of July 24, 2003 through June 30, 2004.

**RESPONSE**: Admit.

21.    Admit that the defendant has not made contributions to the pension and the retirement plans for Rick Lind between November 10, 2003 and June 30, 2004.

**RESPONSE**:  Admit.

22.    Admit that defendant did not pay Rick Lind in trust on his back pay for the period of July 1, 2004 through January 31, 2005.

**RESPONSE**: Defendant admits that it did not place in trust any funds for payment of Plaintiff's back pay for the period of July 1, 2004 through January 31, 2005.

-6-

23.    Admit that the Illinois Civil Service Commission ruled that the Department of Corrections failed to prove that Rick Lind had violated the Department of Corrections' attendance directive when he called in sick on July 24, 25, 28, 29, 30, 31, and August 1, 4, 5, and 6, 2003 and ordered that Rick Lind be reinstated to his former position as a correctional officer.

**RESPONSE**: Admit.

24.    Admit that the defendant suspended Rick Lind for 30 days pending discharge for missing work on July 24, 25, 28, 29, 30, 31, and August 1, 4, 5, and 6, 2003.

**RESPONSE**: Admit.

25.    Admit that the defendant terminated plaintiff's employment effective November 6, 2004 for missing work on July 24, 25, 28, 29, 30, 31, and August 1, 4, 5, and 6, 2003.

**RESPONSE**: Admit.

26.    Admit that prior to his termination, plaintiff was provided health insurance coverage through the defendant or through Central Management Services, with a group health plan issued by Health Alliance to the Defendant.

**RESPONSE**:  Defendant admits that from July 1, 1999 through October 16, 2003, Plaintiff was provided health insurance coverage through Central Management Services, with the Health Alliance HMO group health plan.

27.     Admit that after Rick Lind's termination on November 10, 2003, the defendant did not provide plaintiff with a COBRA notification form for continuation of benefits under the group health insurance plan.

**RESPONSE**: Admit.

28.     Admit the defendant did not pay any interest on the back pay payment made to Rick Lind for the period of July 1, 2004 through January 31, 2005.

**RESPONSE**: Admit.

29.     Admit that for the period of October 17, 2003 through January 31, 2005, the defendant has provided health insurance coverage to Rick Lind through Quality Healthcare Plan as administered through CIGNA which did not cover all of the plaintiff's health care expenses.

**RESPONSE**: Defendant admits that from October 17, 2003 through January 31, 2005, it provided Plaintiff with insurance coverage through Quality Care Health Plan as administered through CIGNA. Upon reasonable inquiry, Defendant lacks sufficient knowledge to admit or deny whether the Quality Healthcare Plan covered all of Plaintiff's health care expenses.

30.     Admit that Dr. Kevin Freebern, D.C., is a licensed health care professional through the State of Illinois.

**RESPONSE**: Admit.

31.    Admit that Exhibit 4 attached hereto is a true and correct copy of Section 9: Family Responsibility Leave under the agreement between the State of Illinois and the American Federal of State County and Municipal Employees Council 31 (AFSCME), AFL/CIO in effect for the period of July 1, 2000 through June 30, 2004.

**RESPONSE**: Admit.

32.    Admit that Section 9 applied to Rick Lind.

**RESPONSE**: Denied.

33.    Admit the defendant began disciplinary action after August 21, 2003 against Rick Lind for failing to report to work despite having been provided written proof of his need for leave of absence due to his serious health condition on July 30, 2003.

**RESPONSE**: Defendant admits that it began disciplinary action against Plaintiff at a time after August 21, 2003. Defendant admits that the disciplinary action sought was the result of Plaintiff failing to report to work. Defendant denies that it was provided written proof of Plaintiff's need for a leave of absence on July 30, 2003 or any time prior to September 24, 2003. Upon reasonable inquiry, Defendant lacks sufficient knowledge to admit or deny whether Plaintiff was suffering from a serious health condition.

34.    Admit that Exhibit 5 attached hereto is a true and correct copy of the transcript of proceedings before the Illinois Civil Service Commission dated February 27, 2004.

**RESPONSE**: Admit.

-9-

35.    Admit that the defendants are not aware of any witnesses who has personal knowledge of facts which would establish that Rick Lind was not a person with serious medical condition when he sought medical leave of absence on July 24, 2003.

**RESPONSE**:  After reasonable inquiry, Defendant lacks sufficient knowledge to admit or deny whether witnesses exist who have personal knowledge concerning whether Plaintiff suffered from a serious medical condition on July 24, 2003.  Defendant denies that Plaintiff fulfilled the requirement for seeking a medical leave on July 24, 2003 or at any time prior to October 1, 2003.

36.    Admit that Exhibit 6, attached hereto is a true and correct copy of A.D. 03.01.301 Affirmative Attendance Policy in effect at defendant's East Moline Correctional Center as of July 24, 2003.

**RESPONSE**: Admit.

37.    Admit that plaintiff submitted a secured request for disability leave of absence on August 14, 2003.

**RESPONSE**: Upon reasonable inquiry, Defendant lacks knowledge as to what a "secured request" is and therefore, must deny Request #37.

38.    Admit that Exhibit 7 is a Physician Statement signed by Dr. Kevin Freebern, D.C. on August 14, 2003.

**RESPONSE**:  Defendant admits that Exhibit 7 is a physician statement signed by Dr. Kevin Freebern.  After reasonable inquiry, Defendant lacks sufficient knowledge as to when Dr. Freebern signed Exhibit 7.

39.    Admit that Exhibit 7 was given to defendant by plaintiff on August 14, 2003.

**RESPONSE**:  Denied.

40.    Admit that Exhibit 8 is a Release from work signed by Dr. Kevin Freebern releasing Rick Lind from work for the period of July 24, 2003 to August 7, 2003.

**RESPONSE**: Defendant admits that Exhibit 8 is a document dated August 4, 2003, signed by Dr. Freebern, that indicates that Plaintiff was temporarily unable to work from July 24, 2003 until August 7, 2003.  Defendant denies that the document released Plaintiff from work.  Defendant further denies that Exhibit 8 was sufficient to satisfy the medical certification requirement for a non-service connected leave of absence or leave under the Family Medical Leave Act.

41.    Admit plaintiff gave Exhibit 8 to defendant on August 6, 2003.

**RESPONSE**: Denied.

42.    Admit that Exhibit 9 are Notification of Absence forms for the period of July 24 through August 6, 2003.

**RESPONSE**:  Admit.

43.    Admit that the documents in Exhibit 9 were submitted by plaintiff to defendant.

**RESPONSE**: Admit.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendant,

By:     *Sarah R Kerley*

Sarah R. Kerley, #6283449
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-9026
Facsimile:  (217) 524-5091
E-Mail: skerley@atg.state.il.us

**<u>Lind v. Department of Corrections</u>**
**USDC-CDIL Case No. 05-4059**

**<u>CERTIFICATE OF SERVICE</u>**

Sarah Kerley, Assistant Attorney General, hereby certifies that he served a true and correct copy of the foregoing Response to Plaintiff's Request for Admission of Facts upon:

Stephen Fieweger
Katz, Huntoon & Fieweger, P.C.
1000-36th Avenue
P.O. Box 950
Moline, IL 61266-0950

by placing same in an envelope, clearly addressed with postage fully prepaid and by depositing said envelope in a U.S. Mailbox in Springfield, Illinois on June 28, 2006.

*Sarah R Kerley*

Sarah R. Kerley
Assistant Attorney General