E-FILED
Friday, 02 March, 2007  04:32:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| - vs- ) | No. 05-4059 |
| ) | |
| STATE OF ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

NOW COMES Defendant, Illinois Department of Corrections, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and for its Memorandum of Law in Support of its Motion to Strike, pursuant to Rules 26 and 37(c) of the Federal Rules of Civil Procedure, states as follows:

### I. INTRODUCTION

On February 5, 2007, Plaintiff filed a Motion for Summary Judgment. In support of the Motion, Plaintiff relied on an affidavit from Kevin Freebern, D.C.. (Exb. 1). Through discovery, Plaintiff provided medical records and bills from Dr. Freebern. None of the information provided through discovery includes information regarding examination on either July 24, 2003 or August 6, 2003. Also through discovery, two different medical certification forms were uncovered bearing the date of August 14, 2003. The dates of examinations, as well as the timing of medical certifications, are central to Plaintiff's contention that he sufficiently and timely notified the Department of an FMLA-qualifying leave and that he was entitled to FMLA benefits. This contention is disputed by the

Defendant and is central to its response to Plaintiff's Motion for Summary Judgment.

Dr. Freebern's affidavit contains the following information: (1) Plaintiff presented to him on July 24, 2003, and that on that date, he diagnosed Plaintiff with cervical sublaxation, headaches, thoracic sublaxation, muscle spasms, lumbar sublaxation, and pelvic sublaxation, (Exb. 1, ¶ 4); (2) Plaintiff had an examination on August 6, 2003, (Exb. 1, ¶ 6); and (3) Dr. Freebern signed a medical certification form bearing the date of August 14, 2003 on that date. (Exb. 1, ¶6). Because Plaintiff failed to produce through discovery information relating to examinations on July 24, 2003 and August 6, 2003, the affidavit should be stricken pursuant to Rule 37(c). In the alternative, because Dr. Freebern's affidavit is in conflict with the information provided through discovery, it should not be considered by the Court.

## II. ISSUES AND ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure demands that a party disclose information which supports its claim, Fed. R. Civ. P. 26(a)(1), and to respond to request for discovery, Fed. R. Civ. P. 26 (b)(1). Further, Rule 26 places on a party a duty to supplement any disclosure or response to discovery that it learns is "in some material respect incomplete or inaccurate." Fed. R. Civ. P. 26(e)(2). Federal Rule of Civil Procedure 37(c) states that a party who fails to disclose information in accordance with Rule 26(a) or 26(e)(2) "shall not, unless such failure is harmless, be permitted to use as evidence at ..on motion... any information ... not so disclosed." Fed. R. Civ. P. 37(c). This sanction is "automatic and mandatory" unless the party can show the violation was "either justified or harmless." Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996).

In his Initial Disclosures, Plaintiff disclosed medical records from Dr. Freebern, and

subsequently provided to Defendant copies of medical records and bills in response to a Request for Production by the Department. Plaintiff's medical records from Freebern Chiropractic contain no information regarding examinations on July 24, 2003 or August 6, 2003. (Exhibit 2). Medical bills submitted in discovery show that Plaintiff was never billed for an examination on either July 24, 2003 or August 6, 2003. (Exb. 3).

At no time during discovery did Plaintiff supplement records from Dr. Freebern or in any way notify the Department that the records were inaccurate or incomplete. After the close of discovery, however, Plaintiff provided Dr. Freebern's affidavit in which he testifies regarding examinations on July 24, 2003 (Exb. 1, ¶ 4) and August 6, 2003 (Exb. 1, ¶ 6). Dr. Freebern's affidavit does not contain any explanation as to the inconsistencies between the medical records and bills and his affidavit testimony. Because Plaintiff has not provided any records, bills, or other information regarding these examinations, he should not now be allowed to use this information in order to support his Motion for Summary Judgment. This failure to disclose or supplement is not harmless in this case, as the Motion for Summary Judgment and the Department's response, both rest squarely on the dates certain events occurred. Therefore, striking Dr. Freebern's affidavit which rests upon information not disclosed is warranted pursuant to Rule 37(c). Fed. R. Civ. P. 37(c).

In the alternative, because Dr. Freebern's affidavit provides information that is in conflict with medical records and bills provided by his office and disclosed through discovery, it should be disregarded by the Court. In <u>Beckel v. Wal-Mart Associates, Inc.</u>, 301 F.3d 621, 623 (7th Cir. 2002), the Seventh Circuit noted that, "Affidavits, though signed under oath by the affiant, are typically []written by the affiant's lawyer, and when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to zero weight

in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy. Id. citing Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 806-07(1999); Russell v. Acme-Evans Co., 51 F.3d 64, 67-68 (7th Cir.1995); Hackman v. Valley Fair, 932 F.2d 239, 241 (3rd Cir.1991). The explanation, moreover, must come in the affidavit itself. Id. citing Miller v. A.H. Robins Co., 766 F.2d 1102, 1104-05 (7th Cir.1985); Babrocky v. Jewel Food Co., 773 F.2d 857, 861-62 (7th Cir.1985); Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 4-5 (1st Cir.1994); Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir.1983). The Defendant contends that this proposition should similarly be applied to affidavits in direct conflict with other information provided through discovery. Because Dr. Freebern's affidavit is inconsistent and/or inaccurate, specifically with respect to dates certain events occurred, which is a central issue in the Motion for Summary Judgment and the Department's response, and provides no explanation as to the inconsistencies it should be stricken and not considered by the Court.

     Dr. Freebern provides several statements that are in conflict with information disclosed through discovery. First, Dr. Freebern testifies that Plaintiff presented to him on July 24, 2003, and that on that date, he diagnosed Plaintiff with cervical sublaxation, headaches, thoracic sublaxation, muscle spasms, lumbar sublaxation, and pelvic sublaxation. (Exb. 1, ¶ 4). As stated above, Plaintiff's medical records and bills are devoid of any evidence of an examination on July 24, 2003. The case note for the July 30, 2003 appointment indicates that Plaintiff had been hurting since "last Thursday," which would have been July 24, 2003. (Exb. 2). While Plaintiff was seen by Dr. Freebern on July 30 and 31, 2003 and again on August 4 and 7, 2003, no medical records or bills exists that

suggest that Dr. Freebern examined Plaintiff on July 24, 2003.  (Exb. 2); (Exb. 3).

In addition, Dr. Freebern's records indicate that the diagnoses of cervical sublaxation, headaches, thoraic sublaxation, muscle spasms, lumbar sublaxation, and pelvic sublaxation was not made on July 24, 2003, but had been made some years prior. The records indicate that as early as April and May 2000, Plaintiff was examined and received adjustments and treatment for cervical, thoracic and pelvic pain, muscle spasms, difficulty sleeping, and headaches.  (Exb. 2).

Finally, Dr. Freebern testifies that he completed a medical certification form bearing the date August 14, 2003.  (Dr. Freebern aff exbhibit B).  However, Dr. Freebern fails to explain the differences and inconsistencies of another medical certification bearing his signature and dated August 14, 2003.  (Exb. 4).

### III.  CONCLUSION

Because Plaintiff failed to produce through discovery information relating to examinations on July 24, 2003 and August 6, 2003, the affidavit should be stricken.  In the alternative, because Dr. Freebern's affidavit is in conflict with Freebern Chiropractic's documents provided by Plaintiff in, it is not credible and should not be considered by the Court.

WHEREFORE, Defendant respectfully requests this honorable Court grant its Motions and strike Dr. Freebern's affidavit.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF
    CORRECTIONS,

    Defendant,

        LISA MADIGAN, Attorney General,
        State of Illinois

By:  s/ Sarah R. Kerley
     Sarah R. Kerley, #6283449
     Assistant Attorney General
     Attorney for Defendant
     500 South Second Street
     Springfield, Illinois 62706
     Telephone: (217) 782-9026
     Facsimile: (217) 524-5091
     E-Mail: skerley@atg.state.il.us

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - vs- | )   No. 05-4059 |
| | ) |
| STATE OF ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I electronically filed Motion to Strike with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

   Stephen T. Fieweger
   Katz, Huntoon & Fieweger
   sfieweger@katzlawfirm.com

and I hereby certify that on March 2, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

   None

   Respectfully Submitted,
    s/ Sarah R. Kerley
   Sarah R. Kerley, #6283449
   Assistant Attorney General
   Attorney for Defendant
   500 South Second Street
   Springfield, Illinois  62706
   Telephone:  (217) 782-9026
   Facsimile:   (217) 524-5091
   E-Mail:  skerley@atg.state.il.us