1

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

2

3

4   RICK LIND,                    )
                                  )
5           Plaintiff,            )
                                  )
6   vs.                           )    No. 4:05-CV-4959
                                  )
7   STATE OF ILLINOIS DEPARTMENT  )
    OF CORRECTIONS,               )
8                                 )
            Defendant.            )
9

10

11

12

DEPOSITION UPON ORAL EXAMINATION OF
PAM VERSTRAETE

13

14

15

Taken January 5, 2007
Commencing at 10:40 a.m.

16

17

18

19

REPORTED BY:  KATHY REUMANN, CSR, RPR, RMR
Registered Professional and Merit Reporter
Certified in Iowa and Illinois

20

21

22

23

CONNELL REPORTING
P.O. Box 3171
Rock Island, Illinois  61204-3171
(309) 788-3741

24

25



26

1  statement is the same thing.

2          Q.     All right.

3          A.     And the employee takes that to his physician

4  to be filled out.

5          Q.     Okay.  And did you keep a log or diary or any

6  type of record as to the date you would release one of these

7  forms to an employee and the date the employee would return

8  it?

9          A.     No.

10          Q.     Did Mr. Lind receive from you on July 24th,

11  2003, a CMS-95 form?

12          A.     Not to my knowledge.

13          Q.     Can you explain to me how he had that document

14  then?

15          A.     I may have given it to him at some point in

16  time.

17          Q.     If Mr. Lind testifies under oath that he came

18  to your office on the 23rd or 24th of July, 2003, and

19  requested this form and you delivered it to him, do you have

20  any facts in your memory or to your knowledge which would

21  indicate that that's inaccurate?

22          A.     Yes.

23          Q.     What facts do you have that would show that

24  that's inaccurate?

25          A.     I was on vacation.

1  he was telling this office -- meaning the office of the

2  warden -- that because of his low-back condition, he couldn't

3  report to work?

4       A.    I don't know.

5       Q.    He never told you this?

6       A.    Ask me again.

7       Q.    Sure.

8       A.    I'm missing something.

9       Q.    You knew by mid-August 2003 that Rick was

10  missing this work because he was claiming that he had a

11  low-back problem.

12      A.    Rick came in one day, and I asked him how he

13  was doing.  He said his back still hurt.  I don't know what

14  date that was.

15      Q.    It was prior to his firing, right?

16      A.    Yes.

17      Q.    Did you ever know Rick Lind not to get

18  documents to the warden's office in a timely manner when

19  requested?

20      A.    Yes.

21      Q.    When?

22      A.    Exhibit 2.

23      Q.    You're assuming that wasn't delivered on or

24  about July 30th, 2003, correct?

25      A.    Correct.

1          Q.      Does that information go to different people?

2    Does leave of absence information go to someone different

3    than proof status information?

4          A.      Yes.

5          Q.      Who does proof status information go to?

6          A.      It would be the supervisor of the employee.

7          Q.      And who does leave of absence information go

8    to?

9          A.      To the human resource representative.

10          Q.      Which in 2003 was you.

11          A.      Yes.

12          Q.      All right.  You were asked many questions

13    about some different CMS-95s.  Let's go through them in a

14    slightly less confusing manner.

15                 MR. FIEWEGER:  Objection.  That's just

16    argumentative as all get-out.

17          Q.      I'm going to show you Exhibit 2 -- or, I'm

18    directing your attention to Exhibit 2 and Exhibit 3, if you

19    can pull those out.

20                 MS. KERLEY:  And we'll mark -- it is

21    around here somewhere.  We'll go ahead and mark this document

22    Exhibit 9.

23                 (Verstraete Deposition Exhibit No. 9

24    marked for identification.)

25          Q.      All right.  Do you recognize Exhibit 9?

1          Q.     All right.  And you're saying a change

2    between -- here, let's clarify that.

3          A.     Yeah.

4          Q.     All right.  Let's back up.  Let's set that

5    aside for a second.  I'm going to show you -- well, directing

6    your attention to Exhibit 6, please.

7               You testified that on September 5th, or on or

8    around September 5th, you drafted Exhibit 6 identifying

9    deficiencies in Exhibit 3, which is the CMS-95 that

10   carries --

11         A.     Yes.

12         Q.     -- a handwritten date of 8-14-03.

13         A.     Yes.

14         Q.     Correct?

15         A.     Correct.

16         Q.     Okay.  In preparation for -- or, in preparing

17   Exhibit 6, did you refer to all the documentation that you

18   had received from Mr. Lind?

19         A.     Yes.

20         Q.     And are the three pages -- are Bates stamped

21   pages 493, 494, and 495 the entirety of the documentation you

22   had received from Rick Lind as of the time of preparing that

23   memorandum?

24               MR. FIEWEGER:  Objection.

25               MS. KERLEY:  On what basis?

1    MR. FIEWEGER:  No foundation.  She

2    doesn't know for a fact whether the July 30th one was

3    received on or before October 1st.

4    Q.    Pam, in preparing the memorandum of September

5    5th, did you consult all the documentation that you had

6    personally received or that you had seen in any way related

7    to Rick Lind and his time off?

8    MR. FIEWEGER:  Same objection.

9    You can answer the question.

10    A.    Yes.

11    Q.    All right.  And what I think that you were

12    testifying about, and let me make sure, is that Exhibit 9,

13    the CMS-95 that contains a typed dated date of August 14th,

14    2003, contains changes from Exhibit 3; specifically some

15    changes that you identified in your memorandum, correct?

16    A.    Yes.

17    Q.    And you indicated that box 1 included a change

18    that you identified in your memorandum, that box 2 indicated

19    a change from a telephone conference.

20    Would you agree that Exhibit 9 also is lacking

21    or has fixed the problem of their being different

22    handwriting, different typing, different styles of putting

23    information in the document from Exhibit 3?

24    A.    Yes.

25    Q.    Would you also agree that Exhibit 9 corrects

1          Q.    Do you recall being in correspondence

2   specifically over the telephone and via facsimile with Ronda

3   from Dr. Freebern's office?

4          A.    Yes.

5          Q.    Do you remember being in communication with

6   her quite a bit at the end of September of 2003?

7          A.    I was in -- I talked to Ronda quite a bit,

8   yes.

9          Q.    And was that conversation -- did those

10  conversations and the faxes back and forth ultimately result

11  in a completed CMS-95 being submitted to East Moline?

12         A.    Yes.

13               MR. FIEWEGER:  Objection.  Argumentative.

14         Q.    And do you know what document that is that was

15  submitted from Dr. Freebern's office following your

16  communications -- continued communications and faxes back and

17  forth from Ronda?

18         A.    I got confused on that one.  Say it again,

19  please.

20         Q.    Sure.

21               You indicated that your communications and the

22  faxing back and forth resulted in a final complete --

23  completely corrected CMS-95.

24         A.    Yes.

25         Q.    Have you seen the document that you received

1    from Freebern Clinic that represents the last document you

2    received?

3            A.      Exhibit 2.

4                    MS. KERLEY:    I'm going to show you --

5    we'll go ahead and mark this.

6                    (Verstraete Deposition Exhibit No. 10

7    marked for identification.)

8            Q.      Do you recognize that document?

9            A.      Uh-huh, yes.

10           Q.      What is it?

11           A.      It was information that Ronda had given me.

12           Q.      Whose handwriting is that?

13           A.      That's mine.

14           Q.      And the top of the document contains a date of

15    Friday, September 26, 2003?

16           A.      Yes.

17           Q.      What does that date reference?

18           A.      The date I would have gotten the information.

19           Q.      After you sent the memorandum dated September

20    5th, 2003, which is Exhibit 6 --

21           A.      Uh-huh.

22           Q.      -- do you recall that from that point on, your

23    conversation or correspondence was primarily with Freebern

24    Chiropractic with respect to getting the deficiencies

25    corrected?

1          A.      Yes.

2          Q.      So after this memorandum, you weren't

3  continually sending Mr. Lind back to Freebern.

4          A.      No.

5          Q.      You were communicating directly with Freebern.

6          A.      Correct.

7          Q.      And did you ever speak to Dr. Freebern?

8          A.      No.

9          Q.      Did you ever speak to anyone besides Ronda?

10         A.      No.

11         Q.      And what was the purpose of your conversations

12 with Ronda?

13         A.      To let her know where we needed more

14 information or if a box wasn't checked at all.  Like the

15 limitation box, we received one that didn't have anything

16 marked in there.

17         Q.      What concerns would be raised by there being

18 no limitations?

19                 MR. FIEWEGER:  Objection.  I don't think

20 she makes this decision.  No foundation.

21                 MS. KERLEY:  Go ahead.

22         A.      If someone has a CMS-95 that says they can

23 return to work, and there's -- in the limitation box it

24 doesn't say that there's any limitations, so there's none,

25 then we don't know if they need to go on light duty, or not.

1          MR. FIEWEGER:  I'm objecting to this.  No

2    foundation.  She doesn't have the ability to tell whether the

3    change in Exhibit 2 was the result of Exhibit 9 in sequence,

4    if that's what you're asking.

5          MS. KERLEY:  This is the individual who

6    was in constant communication with Dr. Freebern's office.

7          MR. FIEWEGER:  That's an assumption of

8    facts not in evidence.  You're assuming --

9          MS. KERLEY:  Okay.  Go ahead and answer.

10          MR. FIEWEGER:  You're assuming in that

11    question that Exhibit 2 was not completed on or about July

12    30th, 2003, by that question.

13          MS. KERLEY:  This witness has already

14    testified that it wasn't.

15          MR. FIEWEGER:  She doesn't have any

16    personal knowledge of those facts.

17          Q.    Pam, go ahead and look at Exhibit 11 again,

18    the fax sheet.  And read the last line of handwritten

19    statement.

20          MR. FIEWEGER:  Objection.  Hearsay.  Not

21    a business record.

22          A.    Sorry it took so long.

23          Q.    What was your understanding of what took so

24    long?

25          MR. FIEWEGER:  Objection.  Calls for

1  speculation.

2         A.    To get a completed physician's statement.

3         Q.    A completed physician's statement that is

4  Exhibit 2.

5         A.    Yes.

6         Q.    Prior to October 1st, 2003, had you ever seen

7  Exhibit 2?

8                   MR. FIEWEGER:  Objection.  Asked and

9  answered.

10        A.    Yes.

11                  MS. KERLEY:  Could you read it back to

12  me, please?

13                  (Requested information read.)

14        Q.    Okay.

15        A.    Okay.  The physician's statement which was

16  Exhibit 2 date stamped October 1, I had not seen before, but

17  I had worked with it before.  I mean. . .

18        Q.    Do you mean that you had worked with the

19  content?

20        A.    Yes.

21        Q.    And with whom did you work with with regard to

22  the content of Exhibit 2?

23        A.    Ronda at Dr. Freebern's office.

24        Q.    Would -- when you say you worked with the

25  content, would that include things like in box 2 that the

1  first visit was actually July 30th --

2          A.      Yes.

3          Q.      -- rather than July 24th --

4          A.      Yes.

5          Q.      -- as it says in Exhibit 9?  Or rather than

6  July 24th as it says in Exhibit 3?

7          A.      Repeat that, please.

8          Q.      I said that you worked with the content in

9  Exhibit 2 and that the first date of visit was July 30th,

10  2003, as it states in box 2 of Exhibit 2 versus July 24th as

11  is stated in box 2 of Exhibit 3, as well as Exhibit 9.

12          A.      Yes.

13          Q.      Was it -- would it be out of the ordinary for

14  you to hand deliver a packet of information rather than send

15  it in the mail?

16                  MR. FIEWEGER:  Objection.  Assumes facts

17  not in evidence.

18          A.      If someone came in and needed one, I would

19  give it to them.  I would not send it to them return receipt

20  requested.

21          Q.      When you said want one, what were you

22  referring to by "one"?

23          A.      If someone was in the office, and they needed

24  the FMLA packet, I would have just handed it to them instead

25  of mailing it.

1    approved recommendations after the warden signs off on them?

2         A.    Depending on what the recommendation is would

3    depend on what happens to them.

4         Q.    If a discharge is recommended and approved,

5    what happens?  Do you know where that document goes?

6         A.    It would go to Springfield to personnel.

7         Q.    If you know, does personnel then further

8    approve or deny?

9                   MR. FIEWEGER:  Objection.

10                  MS. KERLEY:  I asked her if she knows.

11   If she doesn't know, she doesn't know.

12        A.    I don't know what they exactly do with it, but

13   IDOC personnel and CMS has to approve all of it and send it

14   back to us in some way.

15        Q.    Has there been -- do you recall any instance

16   where the warden would approve and it would come back from

17   either the Department of Corrections -- approved discipline

18   and either the Department of Corrections or CMS would

19   reverse?

20        A.    Not that I'm aware of.

21        Q.    You were asked lots of questions about sending

22   FMLA documents to Mr. Lind.

23              As I understand your testimony, you do not

24   have independent recollection of mailing him FMLA documents.

25   Is that correct?

1          A.      Correct.

2          Q.      But you do, in fact, recall handing him a

3     packet.

4                          MR. FIEWEGER:  Objection.  Argumentative.

5     Assumes -- misstatement of her testimony, and leading.

6                          MS. KERLEY:  Go ahead and answer.

7          A.      Yes.

8          Q.      And just for fun, I'll rephrase.

9                  Ms. Verstraete, do you recall handing Mr. Lind

10    an FMLA packet?

11                         MR. FIEWEGER:  Objection.  Asked and

12    answered.

13         A.      Yes.

14         Q.      And where was that packet located?

15         A.      On the top of my file cabinet in my office.

16         Q.      And where was Mr. Lind when you gave it to

17    him?

18         A.      In my office.

19         Q.      Was he standing in front of your desk or

20    beside your desk?

21         A.      If I remember correctly, I think he was in

22    front of the extra desk that's in my office.

23         Q.      Did Mr. Lind make any response when you gave

24    him the documents?

25         A.      Not that I recall.

1                    MR. FIEWEGER:  What type of leave?

2                    MS. KERLEY:  Any type of leave of

3    absence.

4          A.    Human resource representative.

5          Q.    Does it do any good for an employee to tell a

6    co-worker that they want a leave of absence?

7          A.    No.

8          Q.    Does it do any good to tell the clinical

9    services staff that they want a leave of absence?

10         A.    No.

11         Q.    Would telling the clinical services staff that

12   an employee wants a leave of absence -- would that constitute

13   a request, as far as your understanding?

14         A.    No.

15         Q.    In 2003, of whom would a request need to be

16   made or who would need to be informed that someone wanted a

17   leave in order for it to be considered a request?

18         A.    Myself.

19         Q.    Did -- you mentioned a conversation you had

20   with Mr. Lind in your office where you asked him how he was

21   doing.

22                    MR. FIEWEGER:  Objection.  No question.

23         Q.    Do you recall the response?

24         A.    Yes.

25         Q.    Is that the only time that Mr. Lind ever

1    indicated to you that he had a back problem?

2                    MR. FIEWEGER:  Objection.  No foundation.

3    I have no idea when this conversation occurred.

4          A.    I only recall once.

5          Q.    And to the best of your recollection, did that

6    conversation occur sometime between May of 2003 and October

7    of 2003?

8          A.    Yes.

9          Q.    When -- Mr. Lind has asked for several CMS-95s

10   throughout the time that you were responsible for providing

11   that information; isn't that correct?

12         A.    Yes.

13                    MR. FIEWEGER:  Objection.  Vague.

14         Q.    Has Mr. Lind asked for more than five CMS-95s

15   in the time that you've worked?

16         A.    Yes.

17                    MR. FIEWEGER:  Objection.  No foundation.

18         Q.    With response to the -- or, directing your

19   attention to when Mr. Lind requested -- well, strike that.

20   We'll go at it a different way.

21                    During the time that you were in charge of

22   leaves of absence from October 2002, and let's just say

23   through the end of 2003, Mr. Lind had been on more than one

24   leave of absence?

25         A.    Yes.

1          MR. FIEWEGER:  Objection.   Irrelevant and

2  immaterial.

3          Q.    How did Mr. Lind usually indicate his desire

4  for a leave?

5          MR. FIEWEGER:  Objection.  No foundation.

6          A.    Requesting a CMS-95.

7          Q.    And how would he request a CMS-95 from you?

8          A.    Either on the phone or if he was at the

9  facility.

10          Q.    Did you ever fax them to him?

11          A.    I don't recall if I faxed them to him or the

12  doctor's office.

13          Q.    Did Mr. Lind ever tell you why he wanted a

14  CMS-95?

15          MR. FIEWEGER:  Objection.  No foundation.

16  Are you talking about the subject of this case or any?

17          MS. KERLEY:  No, ever.

18          MR. FIEWEGER:  Irrelevant and immaterial.

19          MS. KERLEY:  From October 2002 through

20  the time -- through the end of 2003.

21          A.    Specifically, no.

22          Q.    Did you know whether or not Mr. Lind wanted a

23  CMS-95 for his own care or for the care of others?

24          A.    No.

25          Q.    Did you know whether or not -- did you know

1    that Mr. Lind had taken leaves of absence that were only one

2    or two days long?

3          A.    Yes.

4          Q.    Okay.  You -- let me direct your attention to

5    Exhibit 5.

6                You filled out the top portion of this

7    document, correct?

8          A.    Correct.

9          Q.    And you don't recall when you did that.

10         A.    No.

11         Q.    Do you recall -- well, did you -- you don't

12   recall the date of when you did this, correct?

13         A.    Correct.

14         Q.    Do you recall that on the same day that you

15   filled this out, you provided Mr. Lind with a CMS-95?

16         A.    He would have had to have gotten one so he

17   could be on leave.

18         Q.    This document, Exhibit 5, doesn't put Mr. Lind

19   on leave, does it?

20         A.    No.

21         Q.    In fact, you couldn't put Mr. Lind on leave.

22         A.    No.

23         Q.    Who had to put Mr. Lind on leave?

24         A.    I would send the paperwork to Springfield, and

25   then they would be the ones would actually put it in the

1  deficiencies?

2         A.    No.

3         Q.    What was your -- what would you say that your

4  turnaround time on preparing a memorandum like Exhibit 6?

5         A.    Couple days.  Three days maybe.

6         Q.    From when?  The memo would be generated within

7  two or three days of what?

8         A.    Of there being something turned in that was

9  deficient.

10        Q.    Okay.  In -- on the front page of Exhibit 6,

11  can you read the last bullet?

12        A.    Doctor's slip indicates the patient is unable

13  to work from August 20th through September 29th, 2003.

14        Q.    Does that refer to page 493?

15        A.    Yes.

16        Q.    Does the inclusion of that document dated

17  August 20th, 2003, give you any indication of when -- of

18  narrowing a time frame of when you received the documents

19  attached to that memorandum?

20        A.    I would think it would have been after August

21  20th.

22        Q.    And then would we agree that it was before

23  September 5th?

24        A.    Yeah, yes.

25        Q.    Looking back at Exhibit 5, you see the date

1                   CERTIFICATE OF SHORTHAND REPORTER

2

3          I, Kathy Reumann, Certified Shorthand Reporter in
   and for the States of Iowa and Illinois, do hereby certify:

4

5          That the witness in the foregoing deposition named
6   was present at the time and place therein specified;

7

8          That the said proceeding was taken before me at the
   said time and place and was taken down in shorthand by me;

9

10         That I am a Certified Shorthand Reporter in and for
11  the States of Iowa and Illinois; that the said proceeding was
    thereafter under my direction transcribed into
12  computer-assisted transcription; and that the foregoing
    transcript constitutes a full, true, and correct report of
13  the proceedings which then and there took place; and that
    said witness did request to review the transcript;

14

15         That I am a disinterested person to the said action.

16

17         IN WITNESS WHEREOF, I have hereto subscribed my hand
18  this _____ day of _____, 2007.

19

20

21         _____
           Kathy Reumann, CSR, RPR, RMR
22         Registered Professional and Merit Reporter
           IL CSR No. 084-002926 - Expires 5-31-07
23         IA CSR No. 968

24

25

## ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES
## PERSONNEL/POSITION ACTION FORM

**PRINTED** 01
**04/28/03**

**SOC. SEC. NO.**
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
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

### EMPLOYEE INFORMATION

| LAST NAME | FIRST | INIT | SEX | RACE | VET | EDUC | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| LIND | RICK | S | M | W | N | 4 | 09-19-53 |

| STREET ADDRESS | CITY | COUNTY | STATE | ZIP CODE | NATL ORIG |
|---|---|---|---|---|---|
| 401 MAIN | ERIE | 098 | IL | 61250 | 108 |

| PAY PLAN | PAY GRADE | PAY STEP | SALARY | PAY RATE | FULL/PT TIME | FUNDING BRD.COM | PAYROLL DEPT. | CODE APPROP | CORRECTED SOCIAL SECURITY NO. | BARGAINING UNIT CODE | PERF-CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Q | 00 | 08 | 3444.00 | M | F | 00 | 29 | 163 | | RC006 | |

| CONTINUOUS SERVICE DATE | SENIORITY/DATE | CREDITABLE SERVICE DATE | APPT. EXPIRATION DATE | STA-TUS | SUSPENSION/LOA RETURN DATE | APPT. REQ.NO. | HANDI CAP |
|---|---|---|---|---|---|---|---|
| 12-16-84 | 11-12-84 | 01-01-02 | NO DATE | A | NO DATE | | 000 |

### POSITION INFORMATION

| POSITION TITLE(NAME) | POSITION NUMBER | EXMT CODE | WORK COUNTY | A/I AUTH. | AUDIT | POS DES COMP. |
|---|---|---|---|---|---|---|
| CORRECTIONAL OFFICER | 09675-29-91-310-12-01 | 0 | 081 | | | |

### TRANSACTION INFORMATION

| TRANSACTION NAME | TRANS CODE | EFFECTIVE DATE | PRIOR-ITY |
|---|---|---|---|
| 1 LOA NON-SERVICE DISABIL | BA066 | 12-23-02 | |
| 2 EXPIRE/DISABIL LEAVE | BA077 | 12-26-02 | |
| 3 SALARY ADJUSTMENT | BA033 | 01-01-03 | |
| 4 | | | |

**CODES**

**STATUS**
A – CERTIFIED
B – PROB. 3 MOS
C – PROB. 6 MOS
D – PROVISIONAL
F – EXEMPT
G – TEMPORARY
H – EMERGENCY
J – TRAINEE
K – TRAINEE
L – TRAINEE

**EXEMPT**
0 – NOT EXEMPT
1 – PRIVATE SECRETARY
2 – ADMIN. HEAD
3 – POLICY MAKER
4 – UNSKILLED
5 – LIC.ATTORNEY
6 – OUT OF STATE
8 – PARTIAL EXTENTION

**RACE**
A – AMERICAN INDIAN
B – BLACK
O – ORIENTAL
S – SPANISH AMERICAN
W – CAUCASIAN
X – OTHER

**EDUCATION**
1 – GRADE SCHOOL
2 – SOME HIGH SCH.
3 – H S GRAD/GED
4 – SOME COLLEGE
5 – BA/BS
6 – MA/MS
7 – PHD/MD
8 – OTHER DEGREE

### REMARKS

CURRENT BASE SALARY +   $50.00 LONG +   $0.00 BILING =   $3,494.00

| EMPLOYEES SIGNATURE(REQ ON VOL ACTION) | DATE | AGENCY APPROVAL(OPTIONAL) | DATE |
|---|---|---|---|
| SIGNATURE OF PERSON SERVING SUS/DISC BY MAIL ☐ IN PERSON ☐ | | ...ETARY(OPTIONAL) | DATE |
| DIRECTOR OF CENTRAL MANAGEMENT SERVICES | | APPROVAL | DATE |

**DEFENDANT'S EXHIBIT**
tabbies
L

## VERSTRAETE, PAM

**From:**         JUNGWIRTH, GENE
**Sent:**         Friday, October 10, 2003 10:34 AM
**To:**           VERSTRAETE, PAM
**Subject:**      RE: LOA Question

10-4

—Original Message—
**From:**         VERSTRAETE, PAM
**Sent:**         Friday, October 10, 2003 10:32 AM
**To:**           JUNGWIRTH, GENE
**Subject:**      FW: LOA Question

I have not worked with Natalie Northern before. Your permission to forward to her?

—Original Message—
**From:**         GUMBLE, LORI
**Sent:**         Friday, October 10, 2003 10:27 AM
**To:**           VERSTRAETE, PAM
**Subject:**      RE: LOA Question

You need to have Labor Relations take a look at this.  But as far as the statement coming to you on 9-24-03, I feel that that is unacceptable  Outlook this to Natalie Northern.  .

Lori Gumble
Human Resource Rep.
Concordia Ct. Ext. 2105
FAX (217)522-1513

—Original Message—
**From:**         **VERSTRAETE, PAM**
**Sent:**         Thursday, October 09, 2003 1:54 PM
**To:** GUMBLE, LORI
**Subject:**      LOA Question

We have an employee who instead of turning in paperwork for a loa from East Moline he thought he would get on directly through Springfield because he thought he would be denied here. By the time he discovered this wouldn't work documentation became after the fact. Does something like this get approved? Call if you have questions.

LOA - 07/24/03 to 08/07/03
- Doctor slip dated 08/04/03 and received at EMCC 09/24/03.
- CMS95 showing 1st visit of 07/30/03 and received filled out completely on 10/01/03.
- CMS95 returning him to work with no limitations received filled out completely on 09/26/03.

LOA - 08/20/03 to 10/15/03
- Doctor slip dated 08/20/03 (for 08/20/03 - 09/29/03) and received at EMCC 09/09/03.
- Letter from doctor office dated 08/29/03 saying he would be off 5-6 weeks.
- CMS95 showing 1st visit of 08/27/03 and received filled out completely on 10/01/03.
- Doctor slip dated 09/26/03 (for 09/26/03 - 10/15/03) and received at EMCC on 09/26/03.
- CMS95 showing 2nd visit of 09/26/03 and received filled out completely on 10/01/03.

Pam Verstraete
Warden's Office
East Moline Correctional Center

1

ILLINOIS DEPARTMENT OF CORRECTIONS
## Personnel Action Form (Decentralized Actions)

Name: Rick S. Lind                                                    SSN: 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

Position Title: Correctional Officer                    Position #:09675-29-91-310-12-01

Division/Bureau: Operations                             Facility: East Moline Correctional Center

Location (County): Rock Island              Paycode: 29-163              PIN# 0456

Bargaining Unit #/MC: RC006                 Effective Date: 10/31/02

Creditable Service Date changes as a result of the following action: ☒ No ☐ Yes, From _____ To _____

---

Complete appropriate information below.

Action:
- ☐ Merit Compensation Review:   (BA_____)        $_____ To $_____
- ☐ Superior Performance Increase:                 $_____ To $_____
- ☐ Appropriation # Change:    From _____        To _____
- ☐ Full Time/Part Time Change
- ☐ Job Assignment in accordance with AFSCME contract   (BA 100 )
- ☒ Leave of Absence (type of leave:Disability: Non-service connected_____)   (BA 066 )
- ☒ Leave Return/Expired (change creditable service date above): Leave From: 10/31/02 To:11/7/02   (BA 072 )
- ☐ Separation (reason:_____)   (BA _____ )

---

Discipline: 
- ☐ Suspension of 30 Days or Less (Specify Number of Days): _____
- ☐ Suspension Pending Discharge
- ☐ Return from Suspension (change creditable service date above) Suspended From: _____ To: _____

---

Remarks: (Provide information required in the CMS Personnel Transactions Manual, such as number of days on leave, etc. Attach an additional sheet if necessary.)

Disability Leave:  Non Service Connected.  Sore throat and respiratory congestion

---

Note: Ensure all required documentation is attached prior to mailing to Central Personnel Office.

### Approvals and Signatures

1. Employee: Unavailable for Signature        2. Originating Supervisor: _____

3. Chief Administrative Officer: _____        4. Chief or Deputy Director: _____

5. Associate Director (if applicable): _____        6. Director: _____

Central Personnel Office staff initials when entered in system: _____

---

ILLINOIS DEPARTMENT OF CORRECTIONS
## Personnel Action Form (Decentralized Actions)

Name: Rick S. Lind                                    SSN: 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

Position Title: Correctional Officer                  Position #: 09675-29-91-310-12-01

Division/Bureau: Operations                           Facility: East Moline Correctional Center

Location (County): Rock Island          Paycode: 29-163          PIN# 0456

Bargaining Unit #/MC: RC006             Effective Date: 10/31/02

Creditable Service Date changes as a result of the following action: ☒ No  ☐ Yes, From _____ To _____

**Complete appropriate information below.**

Action:
☐ Merit Compensation Review:     (BA _____)     $_____     To $_____
☐ Superior Performance Increase:                  $_____     To $_____
☐ Appropriation # Change:     From _____     To _____
☐ Full Time/Part Time Change
☐ Job Assignment in accordance with AFSCME contract     (BA 100)
☒ Leave of Absence (type of leave: Disability: Non-service connected _____)     (BA 066)
☒ Leave Return/Expired (change creditable service date above): Leave From: 10/31/02 To: 11/7/02     (BA 072)
☐ Separation (reason: _____)     (BA _____)

Discipline: ☐ Suspension of 30 Days or Less (Specify Number of Days): _____
☐ Suspension Pending Discharge
☐ Return from Suspension (change creditable service date above) Suspended From: _____ To: _____

**Remarks:** (Provide information required in the CMS Personnel Transactions Manual, such as number of days on leave, etc. Attach an additional sheet if necessary.)

Disability Leave:  Non Service Connected.  Sore throat and respiratory congestion

Note:  Ensure all required documentation is attached prior to mailing to Central Personnel Office.

## Approvals and Signatures

1. Employee: Unavailable for Signature     2. Originating Supervisor: _____

3. Chief Administrative Officer: _____     4. Chief or Deputy Director: _____

5. Associate Director (if applicable): _____     6. Director: _____

Central Personnel Office staff initials when entered in system: _____

## TRINITY
### IOWA HEALTH system

Physicians and Clinics

11-5-02

Re: Rick Lind

This patient has been
unable to return to work
since his appointment
10-31-02. Return to work
on 11-6-02. No restrictions

Randall Mullen

Randall L. Mullin, M.D.

648 North Chicago Street
Geneseo, IL 61254
(309) 944-5342
Fax (309) 944-8192

106 North East Street
Cambridge, IL 61238
(309) 937-3403
Fax (309) 937-5328

110 South Depot
Andover, IL 61234
(309) 935-6378
Fax (309) 935-6673

403 North State Street
Atkinson, IL 61235
(309) 936-7495
Fax (309) 936-7357



**TRINITY**
**IOWA HEALTH** System

Physicians and Clinics

My Patient Rick LIND
MAy Return to Work
on 12/26/02 - Pt
Was ILL on 12/23/02
                12/24/02
                12/25/02

Randall Mullin MD

Randall L. Mullin, M.D.

| 648 North Chicago Street | 106 North East Street | 110 South Depot | 403 North State Street |
| Geneseo, IL 61254 | Cambridge, IL 61238 | Annawan, IL 61234 | Atkinson, IL 61235 |
| (309) 944-5342 | (309) 937-2405 | (309) 935-6778 | (309) 936-7495 |
| Fax (309) 944-8192 | Fax (309) 937-5228 | Fax (309) 935-6673 | Fax (309) 936-7357 |

**PROGRESS:** (Please check appropriate box provided below):
(a) The patient has:    Recovered ☒    Improved ☐    Remained unchanged ☐    Retrogressed ☐
(b) The patient is:    Ambulatory ☒    House confined ☐    Bed confined ☐    Hospital confined ☐
(c) Has the patient been hospital confined because of current condition?    Yes ☐    No ☒
   If yes, give name and address of hospital: _____

Confined from:    Month_____ Day_____ 19____    through    Month_____ Day_____ 19____

**LIMITATION:** (If there is a limitation, check appropriate box and describe below):
Standing ☐    Climbing ☐    Bending ☐    Use of hands ☐    Sitting ☐    Walking ☐    Stooping ☐
Lifting ☐    Psychological ☐    Other ☐    (Please specify): _____

**PHYSICAL IMPAIRMENT:** (*As defined in Federal Dictionary of Occupational Titles):
☒ CLASS 1 — No limitation of functional capacity; capable of heavy work* No restrictions (0-10%)
☐ CLASS 2 — Medium manual activity* (15-30%)
☐ CLASS 3 — Slight limitation of functional capacity; capable of light work* (35-55%)
☐ CLASS 4 — Moderate limitation of functional capacity; capable of clerical/administrative (sedentary*) activity (60-70%)
☐ CLASS 5 — Severe limitation of functional capacity; incapable of minimal (sedentary*) activity (75-100%)
☐ REMARKS — _____

**EXTENT OF DISABILITY:**

|  | From Any Occupation | | | From Patient's Regular Occupation | | |
|---|---|---|---|---|---|---|
| | Yes ☐ | No ☒ | | Yes ☐ | No ☒ | |
| (a) In your opinion is patient now temporarily totally disabled? | MONTH 12 | DAY 26 | YEAR 2002 | MONTH 12 | DAY 26 | YEAR 20-02 |
| (b) If no, when was patient able to go to work? | MONTH | DAY | 19 | MONTH | DAY | 19 |
| (c) If yes, when do you think patient will be able to resume any work? | (Approximate Date) | | | Indefinite ☐ | Never ☐ | |
| (d) In your opinion is patient permanently and totally disabled for employment? | Yes ☐ | No ☒ | | Yes ☐ | No ☒ | |

(e) If answer to (d) is "yes", please explain.

_____
_____

**REMARKS:**

_____
_____
_____

Attending Physician's Signature: _Randall Mullin_    Degree: _M.D_    Date: _____

PLEASE TYPE OR PRINT THE FOLLOWING INFORMATION:
Attending Physician's Name: _Dr. Randall Mullin_
Physician's Office Street Address: _600 N College Suite 120_    Zip Code: _61257_    Phone Number: _309-944-5342_
City: _Geneseo_    State: _IL_

TO EMPLOYEES: You are responsible for having this form completed and returned to the appropriate person within your agency within the time limits established by your agency. Your failure to comply may result in termination of your disability leave.

–36–

## DEPARTMENT OF CORRECTION
## PERSONNEL ACTION FORM (DECENTRALIZED ACTIONS)

(Complete appropriate information below.)

Name: Rick S Liud

SSN: 360 48 8440

Position Title: Corr. Officer

Position # 09675-29-91-310-12-01

Division: _____

Facility: East Moline CC

Location (County) Rock Island

Paycode 29-163        PIN# _____

Bargaining Unit # /MC    RC6

Effective Date: 09-27-00

* (On Leave / Suspension Returns give dates    FROM: 9-27-00    TO: 9-30-00

| Type of action: | | |
|---|---|---|
| ☐ | Merit Compensation Review (BA _____) $_____ To $_____ | |
| ☐ | Superior Performance Increase  $_____ To $_____ | |
| ☐ | Appropriation # Change  From _____ To _____ | |
| ☐ | Full Time / Part Time Change | |
| ☐ | Leave of Absence (type of leave: Non Serv Conn ) | BA 066 |
| ☒ | *Leave Return / Expired   (BA 077 ) | |
| ☒ | Separation  (reason: _____) | BA_____ |

If any of the above actions change Creditable Service Date: From _____ To _____

| Disciplinary Action: | | |
|---|---|---|
| ☐ | Suspension 30 Days of Less (Number of Days) _____ | |
| ☐ | Suspension Pending Discharge | |
| ☐ | *Return from Suspension | |

If any of the above actions change Creditable Service Date: From_____ To _____

Remarks:    (Any information you would have put in the REMARKS area of the CMS - 2 form should go in this area, such as number of days on leave, etc.)

_____

_____

_____

_____

(If more space is needed, attach additional sheet.)

### APPROVAL AND SIGNATURE

1. Employee _____ 10-3-00

2. Originating Supervisor _____

3. Warden / Supt. xxx _____ 10-3-00

4. Deputy Director _____

5. Director    Gary _____

6. Central Personnel Office staff initials when entered in system

DC 2 EFF. (4 / 95)
IL 426-19515

NOTE: Ensure all documentation is attached prior to mailing to Central Personnel Office.

## GENESIS MEDICAL GROUP OF GENESEO

648 NORTH CHICAGO STREET
GENESEO , IL 61254

Phone 944-5342          HOURS BY APPOINTMENT

FOR _____ Tecile Rivera _____          DATE _8/25/06_

ADDRESS _____

℞

Pt. was unable to void.

9/27 + 9/28

_[signature]_

☐ MAY SUBSTITUTE
☐ MAY NOT SUBSTITUTE

REFILL _____ TIMES
NON-REPETATUR ☐

TAKE THIS TO THE PHARMACY OF YOUR CHOICE

S.L. BECKER, MD          BB 5046215
D.R. FORD, MD            AF 5806255
T.J. KENNEY, MD          BK 0584688
E.C. KVELLAND, MD        AK 6627460
S.A. McCONKEY, MD        BM 5415383
R.L. MULLIN, MD          AM 5900938
LEKHA PRASAD, MD         BP 3322586
P.M. RUDY, MD            BR 1109140

M.D.

—38—

## DEPARTMENT OF CORRECTION
## PERSONNEL ACTION FORM (DECENTRALIZED ACTIONS)

(Complete appropriate information below.)

Name: Rick S Lind

SSN: 360 48 8440

Position Title: Corr. Officer

Position # 09675-29-91-310-12-01

Division: _____

Facility: East Moline CC

Location (County) Rock Island

Paycode 29-163    PIN# _____

Bargaining Unit # /MC  RC6

Effective Date: 09-27-00

* (On Leave / Suspension Returns give dates)    FROM: 9-27-00    TO: 9-29-00

---

Type of action:

☐ Merit Compensation Review (BA _____) $_____ To $_____

☐ Superior Performance Increase $_____ To $_____

☐ Appropriation # Change  From _____ To _____

☐ Full Time / Part Time Change

☒ Leave of Absence (type of leave: Non Serv Conn ) BA 066

☒ * Leave Return / Expired   (BA 077 )

☐ Separation  (reason:_____) BA_____

If any of the above actions change Creditable Service Date: From _____ To _____

---

Disciplinary Action:

☐ Suspension 30 Days of Less (Number of Days) _____

☐ Suspension Pending Discharge

☐ *Return from Suspension

If any of the above actions change Creditable Service Date: From_____ To _____

---

Remarks:    (Any information you would have put in the REMARKS area of the CMS - 2 form should go in this area, such as number of days on leave, etc.)

_____

_____

_____

_____

_____

(If more space is needed, attach additional sheet.)

---

### APPROVAL AND SIGNATURE

1. Employee _Rick Lind_ 10-3-00

2. Originating Supervisor _____

3. Warden / Supt. _Gary L Wyant_ 10-3-00

4. Deputy Director_____

5. Director _____

6. Central Personnel Office staff initials when entered in system

DC 2 EFF. (4 / 95)

NOTE: Ensure all documentation is attached prior to mailing to Central Personnel Office.



ILLINOIS DEPARTMENT OF
**CENTRAL MANAGEMENT SERVICES**    **PHYSICIAN'S STATEMENT**

### AUTHORIZATION FOR DISABILITY LEAVE AND RETURN TO WORK AUTHORIZATION

Name of Patient (full): _Rick Lind_   Date of Birth: _____   Soc. Sec. Number: _____

Present Address—Street or Rural Route: _____

City: _____   State: _____   Zip Code: _____

Employed by State of Illinois: _____
(Agency, Board, Commission, Department)

Facility: _____   Address: _____

---

**COMPREHENSIVE MEDICAL INFORMATION IS REQUIRED IN ORDER TO EVALUATE THE EMPLOYEE'S CLAIM FOR A DISABILITY LEAVE OF ABSENCE OR SUBSEQUENT RETURN TO WORK.**

---

**1. DIAGNOSIS (including any complications):**

(a) Date of last examination:    Month: _9_   Day: _28_   19 _00_

(b) Diagnosis including any complications: _UPPER Respiratory Infection_

(c) Subjective symptoms: _ST / ears_

(d) Objective findings (including information derived from x-rays, EKG's, laboratory data and any clinical findings): _URI — Upper respiratory infection._

---

**2. DATES OF TREATMENT:**

(a) Date of first visit:    Month: _9_   Day: _28_   19 _00_

(b) Date of last visit:    Month: _9_   Day: _28_   19 _00_   _need to basis_

(c) Frequency:    Weekly ☐   Monthly ☐   Other ☒ — (Please specify): _need to basis_

---

**3. TREATMENT:**    GENERAL MEDICAL GROUP OF GENESEO    _Biaxin 500 mg_

(a) Please describe treatment including any surgery and/or medication prescribed: _____

(b) Will treatment substantially improve function and employability?    Yes ☒   No ☐   If yes, specify: _____

---

**IMPORTANT NOTICE**

This state agency is requesting disclosure of information that is necessary to accomplish the statutory purpose as outlined under Chp. 127, 63b, 108c(2). Disclosure of this information is VOLUNTARY. This form has been approved by the State Forms Management Center.

CMS–95 (9/82)    IL401–0784

*Printed on Recycled Paper*

-40-

**4. PROGRESS:** (Please check appropriate box provided below):

(a) The patient has:  Recovered ☒  Improved ☐  Remained unchanged ☐  Retrogressed ☐

(b) The patient is:  Ambulatory ☐  House confined ☐  Bed confined ☐  Hospital confined ☐

(c) Has the patient been hospital confined because of current condition?  Yes ☐  No ☐

If yes, give name and address of hospital: _____

Confined from:  Month_____ Day _____ 19 _____ through  Month _____ Day_____ 19 ____

---

**5. LIMITATION:** (If there is a limitation, check appropriate box and describe below):

Standing ☐  Climbing ☐  Bending ☐  Use of hands ☐  Sitting ☐  Walking ☐  Stooping ☐

Lifting ☐  Psychological ☐  Other ☐  (Please specify): _____

---

**6. PHYSICAL IMPAIRMENT:** (*As defined in Federal Dictionary of Occupational Titles):

☒ CLASS 1 — No limitation of functional capacity; capable of heavy work* No restrictions (0-10%)

☐ CLASS 2 — Medium manual activity* (15-30%)

☐ CLASS 3 — Slight limitation of functional capacity; capable of light work* (35-55%)

☐ CLASS 4 — Moderate limitation of functional capacity; capable of clerical/administrative (sedentary*) activity (60-70%)

☐ CLASS 5 — Severe limitation of functional capacity; incapable of minimal (sedentary*) activity (75-100%)

☐ REMARKS — *temp/ST/wkt* *needs to be home until temp* *is normal*

---

**7. EXTENT OF DISABILITY:**

| | From Any Occupation | From Patient's Regular Occupation |
|---|---|---|

(a) In your opinion is patient now temporarily totally disabled?  Yes ☐ No ☒ | Yes ☐ No ☐

(b) If no, when was patient able to go to work?  MONTH 9 DAY 29 YEAR 00 | MONTH 9 DAY 29 YEAR 2000

(c) If yes, when do you think patient will be able to resume any work?  ___ 19 ___ (Approximate Date) | Indefinite ☐ Never ☐

(d) In your opinion is patient permanently and totally disabled for employment?  Yes ☐ No ☒ | Yes ☐ No ☐

(e) If answer to (d) is "yes", please explain. _____
_____
_____

---

**8. REMARKS:**

_____
_____
_____

---

**GENESIS MEDICAL GROUP OF GENESEO**

Attending Physician's Signature: _____  Degree: M.D.  Date: 10/3/00

PLEASE TYPE OR PRINT THE FOLLOWING INFORMATION:

Attending Physician's Name: Dr. Paul Rudy

Physician's Office Street Address: 648 N. Chicago

City: Geneseo  State: Il  Zip Code: 61254  Phone Number: 944-5342

TO EMPLOYEES:  You are responsible for having this form completed and returned to the appropriate person within your agency within the time limits established by your agency.  Your failure to comply may result in termination of your disability leave.



DC 171~
IL 426-0

**MEMORANDUM**

**Date:**

**To:** Warden Wyant

**From:** C/O [signature]

**Subject:** Medical leave

On 9-27-00 and 9-28-00 I was ill with a temp and infection. I had no sick time to cover my absences but was physically unable to work. I am not on prob status nor were any of these days connected with time off. I am requesting a medical leave for the two days in question as I cannot afford any trouble and am trying to save sick time.

Thank you

C/O [signature]

# GENESIS MEDICAL GROUP OF GENESEO

648 NORTH CHICAGO STREET
GENESEO, IL 61254

Phone 944-5342                    HOURS BY APPOINTMENT

FOR _____ 7 e c c b   b crch, _____

ADDRESS _____ DATE 8/25/c c

℞

P.4.   was   uni ξ b/ e  fo  c wi k

9/27   f  9/7 ς

□ MAY SUBSTITUTE
□ MAY NOT SUBSTITUTE _____ _____ M.D.

REFILL _____ TIMES
NON-REPETATUR □

TAKE THIS TO THE PHARMACY OF YOUR CHOICE

S.L. BECKER, MD          BB 5046215
D.R. FORD, MD            AF 5806255
T.J. KENNEY, MD          BK 0594688
E.C. KVELLAND, MD        AK 6627460
S.A. McCONKEY, MD        BM 5415383
R.L. MULLIN, MD          AM 5909938
LEKHA PRASAD, MD         BP 3322586
P.M. RUDY, MD            BR 1109140

-43-

**ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES**
**PERSONNEL/POSITION ACTION FORM**

| PRINTED | SOC. SEC. NO. |
|---|---|
| 09/27/96 | 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 |
| | 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 |

**EMPLOYEE INFORMATION**

| LAST NAME | FIRST | INIT | SEX | RACE | VET | EDUC | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| LIND | RICK | S | M | W | N | 4 | 09-19-53 |

| STREET ADDRESS | CITY | COUNTY | STATE | ZIP CODE | NAT'L ORIG |
|---|---|---|---|---|---|
| 28601 RT. 2 N. | HILLSDALE | 081 | IL | 61201 | 108 |

| PAY PLAN | PAY GRADE | PAY STEP | SALARY | PAY RATE | FULL/PT TIME | FUNDING BRO.COM. | PAYROLL DEPT. | CODE APPROP | CORRECTED SOCIAL SECURITY NO. | BARGAINING UNIT CODE | PERF CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | 00 | 07 | 2724.00 | M | F | 00 | 29 | 163 | | RC006 | |

| CONTINUOUS SERVICE DATE | SENIORITY/DATE | CREDITABLE SERVICE DATE | APPT. EXPIRATION DATE | STA-TUS | SUSPENSION/LOA RETURN DATE | APPT. REQ.NO. | HANDI CAP |
|---|---|---|---|---|---|---|---|
| 12-16-84 | 11-12-84 | 05-23-90 | NO DATE | A | NO DATE | | 000 |

**POSITION INFORMATION**

| POSITION TITLE(NAME) | POSITION NUMBER | EXMT CODE | WORK COUNTY | AFF AUTH | AUDIT | POS DES COMP. |
|---|---|---|---|---|---|---|
| CORRECTIONAL OFFICER | 09675-29-91-310-12-01 | 0 | 081 | | | |

**TRANSACTION INFORMATION**

| TRANSACTION NAME | TRANS CODE | EFFECTIVE DATE | PRIOR-ITY |
|---|---|---|---|
| 1 EXPIRE/DISABIL LEAVE | BA077 | 09-06-96 | 0 |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |

**CODES**

**STATUS**
A – CERTIFIED
B – PROB. 3 MOS
C – PROB. 6 MOS
D – PROVISIONAL
F – EXEMPT
G – TEMPORARY
H – EMERGENCY
J – TRAINEE
K – TRAINEE
L – TRAINEE

**EXEMPT**
0 – NOT EXEMPT
1 – PRIVATE SECRETARY
2 – ADMIN. HEAD
3 – POLICY MAKER
4 – UNSKILLED
5 – LIC.ATTORNEY
6 – OUT OF STATE
8 – PARTIAL EXTENTION

**RACE**
A – AMERICAN INDIAN
B – BLACK
O – ORIENTAL
S – SPANISH AMERICAN
W – CAUCASIAN
X – OTHER

**EDUCATION**
1 – GRADE SCHOOL
2 – SOME HIGH SCHL
3 – H S GRAD/GED
4 – SOME COLLEGE
5 – BA/BS
6 – MA/MS
7 – PHD/MD
8 – OTHER DEGREE

**REMARKS**

CURRENT BASE SALARY +     $25.00 LONG +     $0.00 BILING = $2,749.00

"THIS TRANSACTION WAS APPROVED BY THE AGENCY HEAD OR A DULY AUTHORIZED REPRESENTATIVE OF THE AGENCY HEAD AND REQUIRED NO APPROVAL BY THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES. THIS DOCUMENT IS TO PROVIDE A RECORD OF THE TRANSACTION FOR AGENCY USE AND CMS MICROFILM FILES.  DOCUMENTATION IN SUPPORT OF THE TRANSACTION IS ON FILE IN THE OPERATING AGENCY."

-4-

# $O$ rthopae · $S$ pecialists P.C.

R.L. Kreiter, M.D. - AK8688864
J.M. Hoffman, M.D. - AH1110395
R.E. Magnus, M.D. - BM2186129

401 W. Locust
Davenport, Iowa 52803

(319) 324-1900
(319) 322-2676 Fax
1-800-292-5836

NAME _Rick Lind_

ADDRESS _____  DATE _9-6-96_

℞ I recommend Rick Lind may
return to full regular work (Today)
duties without restriction. He
is doing well.

_R. Magnus_

REFILL _____ TIMES _____                    M.D.

-45-

**Moline Orthopedic Associates, Ltd.** 520 Valley View Drive • Moline, Illinois 61265 • Phone (309) 762-3621

TO: _____

EMPLOYEE NAME *Rick Lind*                    Social Security No._____

VISIT TYPE ☐ Initial    ☒ Follow-up

**MEDICAL DISPOSITION**

☐ Released for regular duty on (Date)    _____

☐ Released for restricted duty on (Date)    _____    _____
                                                    **(Actual)**              **(Anticipated)**

☐ Restriction is temporary - estimate - will end on (Date) _____

☐ Restriction is permanent _____

**RESTRICTION TYPE**

☐ No lifting, pushing, pulling over_____ lbs.

☐ No repeated lifting over _____ lbs.

☐ No repeated bending, lifting, twisting, or reaching

☐ No squatting or kneeling

☐ No repeated climbing

☐ No prolonged standing or walking over _____ mins.

☐ No prolonged sitting

☐ No work above shoulder height

☐ No repeated bending or twisting of neck

☐ No hand contact with liquids

☐ No working at heights greater than _____

☐ No noise hazardous area

☐ No incentive work

☐ No temperature exposure over/under _____ degrees

☐ No repeated firm gripping or twisting W/ _____ hand

☐ Limited use of _____ hand/arm

☐ No use of _____ hand/arm

☐ No jarring or jolting of body

☐ No use of vibratory tools

☐ No regular work in:  ☐ Dust  ☐ Fumes  ☐ Gases

   ☐ Other: _____

☐ No exposure to _____

☐ No skin contact _____

☐ No operating hazardous machinery or company vehicles

☐ No fine or detailed work

☐ No work without hearing protection

☐ Other _____

**COMMENTS/IDEAS**  *return to work 8·20·96*

*unable to work 8·19·96*

_____

_____

_____

UNCHECKED BOXES DO NOT APPLY

PHYSICIAN SIGNATURE _____  DATE  *8/19/96*    46



# DEPARTMENT OF CORRECTION
## PERSONNEL ACTION FORM (DECENTRALIZED ACTIONS)

(Complete appropriate information below.)

Name: Rick S. Lind

Position Title: _____

Division: _____

Location (County) _____

Bargaining Unit # /MC _____ RC006

48

SSN: 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

Position # 09675-29-91-310-12-01

Facility: East Moline CC

Paycode 29-163     PIN# _____

Effective Date: 9-6-1996

* (On Leave / Suspension Returns give dates     FROM: 8-15-96     TO: 9-6-1996

---

Type of action:

- [ ] Merit Compensation Review  (BA _____ ) $_____ To $_____
- [ ] Superior Performance Increase  $_____ To $_____
- [ ] Appropriation # Change  From _____ To_____
- [ ] Full Time / Part Time Change
- [ ] Leave of Absence (type of leave: _____ )  BA _____
- [x] * Leave Return / Expired   (BA ____ 077 ____ )
- [ ] Separation  (reason:_____ )     BA _____

If any of the above  actions change Creditable Service Date: From 5-1-90  To 5-23-90

---

Disciplinary Action:

- [ ] Suspension 30 Days of Less (Number of Days) _____
- [ ] Suspension Pending Discharge
- [ ] *Return from Suspension

If any of the above actions change Creditable Service Date: From_____ To _____

---

Remarks:     (Any information you would have put in the REMARKS area of the CMS - 2 form should go in this area, such as number of days on leave, etc.)

_____

_____

_____

_____

_____

(If more space is needed, attach additional sheet.)

---

### APPROVAL AND SIGNATURE

1.  Employee _Rick R Lind_ 9-6-96

2.  Originating Supervisor _____

3.  Warden / Supt. _____ 9-6-96
    Sergio Molina

4.  Deputy Director _____

5.  Director _Odie Washington_

6.  Central Personnel Office staff initials when entered in system

---

DC 2 EFF. (4 / 95)
IL 426-19515

NOTE: Ensure all documentation is attached prior to mailing to Central Personnel Office.

# DEPARTMENT OF CORRECTION
## PERSONNEL ACTION FORM (DECENTRALIZED ACTIONS)

(Complete appropriate information below.)

Name: Rick S. Lind

SSN: 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

Position Title: _____

Position # 09675-29-91-310-12-01

Division: _____

Facility: East Moline CC

Location (County) _____

Paycode 29-163     PIN# _____

Bargaining Unit # /MC    RC006

Effective Date: 9-6-1996

\* On Leave / Suspension Returns give dates     FROM: 8-15-96     TO: 9-6-1996

---

Type of action:

☐ Merit Compensation Review (BA _____ ) $_____ To $_____

☐ Superior Performance Increase $_____ To $_____

☐ Appropriation # Change From _____ To _____

☐ Full Time / Part Time Change

☐ Leave of Absence (type of leave: _____ ) BA _____

☒ \* Leave Return / Expired (BA 077 )

☐ Separation (reason: _____ ) BA _____

If any of the above actions change Creditable Service Date: From _____ To _____

---

Disciplinary Action:

☐ Suspension 30 Days of Less (Number of Days) _____

☐ Suspension Pending Discharge

☐ \*Return from Suspension

If any of the above actions change Creditable Service Date: From _____ To _____

---

Remarks:     (Any information you would have put in the REMARKS area of the CMS - 2 form should go in this area, such as number of days on leave, etc.)

_____

_____

_____

_____

(If more space is needed, attach additional sheet.)

---

### APPROVAL AND SIGNATURE

1. Employee _Rick S. Lind_ 9-6-96

2. Originating Supervisor _____

3. Warden / Supt. Sergio Molina 9-6-96

4. Deputy Director _____

5. Director _____

6. Central Personnel Office staff initials when entered in system

DC 2 EFF. (4 / 95)
IL 426-19515

NOTE: Ensure all documentation is attached prior to mailing to Central Personnel Office.

-48-

| PRINTED | ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES | SOC. SEC. NO. |
|---|---|---|
| 09/11/96 | PERSONNEL/POSITION ACTION FORM | 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 |
| | | 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 |

**EMPLOYEE INFORMATION**

| LAST NAME | FIRST | INIT | SEX | RACE | VET | EDUC | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| LIND | RICK | S | M | W | N | 4 | 09-19-53 |

| STREET ADDRESS | CITY | COUNTY | STATE | ZIP CODE | NATL ORIG |
|---|---|---|---|---|---|
| 28601 RT. 2 N. | HILLSDALE | 081 | IL | 61201 | 108 |

| PAY PLAN | PAY GRADE | PAY STEP | SALARY | PAY RATE | FULL/PT TIME | FUNDING BRD.COM | PAYROLL DEPT. | CODE APPROP | CORRECTED SOCIAL SECURITY NO. | BARGAINING UNIT CODE | PERF-CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | 00 | 07 | 2724.00 | M | F | 00 | 29 | 163 | | RC006 | |

| CONTINUOUS SERVICE DATE | SENIORITY/DATE | CREDITABLE SERVICE DATE | APPT. EXPIRATION DATE | STA-TUS | SUSPENSION/LOA RETURN DATE | APPT. REQ.NO. | HANDI CAP |
|---|---|---|---|---|---|---|---|
| 12-16-84 | 11-12-84 | 05-01-90 | NO DATE | A | NO DATE | | 000 |

**POSITION INFORMATION**

| POSITION TITLE(NAME) | POSITION NUMBER | EXMY CODE | WORK COUNTY | A/I AUTH. | AUDIT | POS DES COMP. |
|---|---|---|---|---|---|---|
| CORRECTIONAL OFFICER | 09675-29-91-310-12-01 | 0 | 081 | | | |

**TRANSACTION INFORMATION**

| | TRANSACTION NAME | TRANS CODE | EFFECTIVE DATE | PRIOR-ITY |
|---|---|---|---|---|
| THIS TRANS. 1 | LOA NON-SERVICE DISABIL | BA066 | 08-15-96 | 0 |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| LAST TRANS. 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |

**CODES**

**STATUS**
A—CERTIFIED
B—PROB. 3 MOS
C—PROB. 6 MOS
D—PROVISIONAL
F—EXEMPT
G—TEMPORARY
H—EMERGENCY
J—TRAINEE
K—TRAINEE
L—TRAINEE

**EXEMPT**
0—NOT EXEMPT
1—PRIVATE SECRETARY
2—ADMIN. HEAD
3—POLICY MAKER
4—UNSKILLED
5—LIC.ATTORNEY
6—OUT OF STATE
8—PARTIAL EXTENTION

**EDUCATION**
1—GRADE SCHOOL
2—SOME HIGH SCH.
3—H S GRAD/GED
4—SOME COLLEGE
5—BA/BS
6—MA/MS
7—PHD/MD
8—OTHER DEGREE

**RACE**
A—AMERICAN INDIAN
B—BLACK
O—ORIENTAL
S—SPANISH AMERICAN
W—CAUCASIAN
X—OTHER

**REMARKS**

CURRENT BASE SALARY +    $25.00 LONG +    $0.00 BILING = $2,749.00

"THIS TRANSACTION WAS APPROVED BY THE AGENCY HEAD OR A DULY AUTHORIZED REPRESENTATIVE OF THE AGENCY HEAD AND REQUIRED NO APPROVAL BY THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES. THIS DOCUMENT IS TO PROVIDE A RECORD OF THE TRANSACTION FOR AGENCY USE AND CMS MICROFILM FILES.  DOCUMENTATION IN SUPPORT OF THE TRANSACTION IS ON FILE IN THE OPERATING AGENCY."

ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES       **PHYSICIAN'S STATEMENT**

## AUTHORIZATION FOR DISABILITY LEAVE AND RETURN TO WORK AUTHORIZATION

Name of Patient (full): _Rick Lind_       Date of Birth: 9-19-53   Soc. Sec. Number: 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

Patient Address—Street or Rural Route: _____

City: _____ State: _____ Zip Code: _____

Employed by State of Illinois: _____ (Agency, Board, Commission, Department)

Facility: _____ Address: _____

**COMPREHENSIVE MEDICAL INFORMATION IS REQUIRED IN ORDER TO EVALUATE THE EMPLOYEE'S CLAIM FOR A DISABILITY LEAVE OF ABSENCE OR SUBSEQUENT RETURN TO WORK.**

### 1. DIAGNOSIS (including any complications):

(a) Date of last examination: Month: 8  Day: 12  19 96

(b) Diagnosis including any complications: _AC separation_

(c) Subjective symptoms: _painful shoulder_

(d) Objective findings (including information derived from x-rays, EKG's, laboratory data and any clinical findings): _Same as above_

### 2. DATES OF TREATMENT:

(a) Date of first visit: Month: 8/12/96  Day: _____ 19 _____

(b) Date of last visit: Month: 8/12/96  Day: _____ 19 _____

(c) Frequency: Weekly ☐  Monthly ☐  Other ☐ — (Please specify): _3 weeks_

### 3. TREATMENT:

(a) Please describe treatment including any surgery and/or medication prescribed: _Tylenol = Codine_

(b) Will treatment substantially improve function and employability? Yes ☑  No ☐  If yes, specify: _AC joint will take 4-6 week to heal_

**IMPORTANT NOTICE**
This state agency is requesting disclosure of information that is necessary to accomplish the statutory purpose as outlined under Chp. 127, 63b, 108c(2). Disclosure of this information is VOLUNTARY. This form has been approved by the State Forms Management Center.

Printed on Recycled Paper

50

4. PROGRESS: (Please check appropriate box provided below):

(a) The patient has: Recovered ☐ Improved ☐ Remained unchanged ☐ Retrogressed ☐

(b) The patient is: Ambulatory ☑ House confined ☐ Bed confined ☐ Hospital confined ☐

(c) Has the patient been hospital confined because of current condition? Yes ☐ No ☐

If yes, give name and address of hospital: ______

Confined from: Month ______ Day ______ 19 ______ through Month ______ Day ______ 19 ______

5. LIMITATION: (If there is a limitation, check appropriate box and describe below):

Standing ☐ Climbing ☐ Bending ☐ Use of hands ☐ Sitting ☐ Walking ☐ Stooping ☐

Lifting ☑ Psychological ☐ Other ☐ (Please specify): ______

6. PHYSICAL IMPAIRMENT: (*As defined in Federal Dictionary of Occupational Titles):

☐ CLASS 1 — No limitation of functional capacity; capable of heavy work* No restrictions (0-10%)

☐ CLASS 2 — Medium manual activity* (15-30%)

☐ CLASS 3 — Slight limitation of functional capacity; capable of light work* (35-55%)

☐ CLASS 4 — Moderate limitation of functional capacity; capable of clerical/administrative (sedentary*) activity (60-70%)

☑ CLASS 5 — Severe limitation of functional capacity; incapable of minimal (sedentary*) activity (75-100%)

☐ REMARKS — ______

7. EXTENT OF DISABILITY:

| | From Any Occupation | | | From Patient's Regular Occupation | | |
|---|---|---|---|---|---|---|
| (a) In your opinion is patient now temporarily totally disabled? 8/14 - 8/15/96 | Yes ☐ | | No ☑ | Yes ☐ | | No ☑ |
| | MONTH | DAY | YEAR | MONTH | DAY | YEAR |
| (b) If no, when was patient able to go to work? | 8 | 15 | 1996 | | | 19 |
| | MONTH | DAY | YEAR | MONTH | DAY | YEAR |
| (c) If yes, when do you think patient will be able to resume any work? | 8 | 15 | 1996 | | | 19 |
| | (Approximate Date) | | | Indefinite ☐ | | Never ☐ |
| (d) In your opinion is patient permanently and totally disabled for employment? | Yes ☐ | | No ☑ | Yes ☐ | | No ☑ |

(e) If answer to (d) is "yes", please explain.

8. REMARKS:

Attending Physician's Signature: M. Turner, MD Degree: ______ Date: 8/15/96

PLEASE TYPE OR PRINT THE FOLLOWING INFORMATION:

Attending Physician's Name: MOLINE ORTHOPEDIC ASSOCIATES, INC.

Physician's Office Street Address: MICHAEL A. TURNER
620 - Valley View Dr.

City: MOLINE, ILLINOIS 61265 Zip Code: ______ Phone Number: ______
36-2691642 309-762-4630

O EMPLOYEES: You are responsible having this form completed and returned to t' ppropriate person within your agency within 1e time limits established by your agenc,. Your failure to comply may result in terminat..n of your disability leave.

# DEPARTMENT OF CORRECTION
## PERSONNEL ACTION FORM (DECENTRALIZED ACTIONS)

(Complete appropriate information below.)

Name: __Rick S. Lind__

Position Title: _____

Division: _____

Location (County) _____

Bargaining Unit # /MC _____

SSN: __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__

Position # __09675-29-91-310-12-01__

Facility: __East Moline CC__

Paycode __29-163__    PIN# _____

Effective Date: __8-12-1996__

* (On Leave / Suspension Returns give dates)    FROM: __8-12-1996__    TO: __8-15-1996__

**Type of action:**

- [ ] Merit Compensation Review  (BA _____ ) $_____To $_____
- [ ] Superior Performance Increase   $_____To $_____.
- [ ] Appropriation # Change   From _____ To_____
- [ ] Full Time / Part Time Change
- [x] Leave of Absence (type of leave: __Non Serv Conn__ )  BA __066__
- [x] * Leave Return / Expired   (BA __077__ )    8-15-96
- [ ] Separation  (reason:_____)    BA_____

If any of the above  actions change Creditable Service Date: From _____ To _____

**Disciplinary Action:**

- [ ] Suspension 30 Days of Less (Number of Days) _____
- [ ] Suspension Pending Discharge
- [ ] *Return from Suspension

If any of the above actions change Creditable Service Date: From_____ To _____

**Remarks:**    (Any information you would have put in the REMARKS area of the CMS - 2 form should go in this area, such as number of days on leave, etc.)

__3 Day Leave of Absence__

(If more space is needed, attach additional sheet.)

## APPROVAL AND SIGNATURE

1. Employee _Rick S. L_ 8-12-96    2. Originating Supervisor _____

3. Warden / Supt. _denied_    4. Deputy Director_____

5. Director _____    6. Central Personnel Office staff initials when entered in system

DC 2  EFF. (4 / 95)
IL 426-19515

NOTE: Ensure all documentation is attached prior to mailing to Central Personnel Office.

ILLINOIS DEPARTMENT OF
CENTRAL MANAGEMENT SERVICES

# PHYSICIAN'S STATEMENT

## AUTHORIZATION FOR DISABILITY LEAVE AND RETURN TO WORK AUTHORIZATION

Name of Patient (full): _Rick_ _____ Date of Birth: _9-19-53_    Soc. Sec. Number: _____

Present Address—Street or Rural Route: _28601. R2 North_

City: _Stillsdale_    State: _Ill_    Zip Code: _61257_

Employed by State of Illinois: _____ (Agency, Board, Commission, Department)

Facility: _____    Address: _____

> **COMPREHENSIVE MEDICAL INFORMATION IS REQUIRED IN ORDER TO EVALUATE THE EMPLOYEE'S CLAIM FOR A DISABILITY LEAVE OF ABSENCE OR SUBSEQUENT RETURN TO WORK.**

### 1. DIAGNOSIS (including any complications):

(a) Date of last examination:    Month: _August_ Day: _12_ 19 _96_

(b) Diagnosis including any complications:
_AC SEPARATION_

(c) Subjective symptoms: _Shoulder pain_

(d) Objective findings (including information derived from x-rays, EKG's, laboratory data and any clinical findings):

_Shoulder - marked tenderness to palpation about the Rt_
_Shoulder primarily over the AC joint_

### 2. DATES OF TREATMENT:

(a) Date of first visit:    Month: _August_ Day: _12_ 19 _96_

(b) Date of last visit:    Month: _August_ Day: _12_ 19 _96_

(c) Frequency:    Weekly ☐    Monthly ☐    Other ☐ — (Please specify): _HAS ONLY BEEN SEEN 0 WAS to follow up in 3 wk_

### 3. TREATMENT:

(a) Please describe treatment including any surgery and/or medication prescribed: _Tylenol c Codeine_

(b) Will treatment substantially improve function and employability?    Yes ☐    No ☐    If yes, specify:
_Injury to AC joint will take 4-6 weeks to heal_

---

**IMPORTANT NOTICE**

This state agency is requesting disclosure of information that is necessary to accomplish the statutory purpose as outlined under Chp. 127, 63b, 108c(2). Disclosure of this information ____ has been approved by the State Forms Management Center.

Printed on Recycled Pa

**4. PROGRESS: (Please check appropriate box provided below):**

(a) The patient has:   Recovered ☐   Improved ☐   Remained unchanged ☐   Retrogressed ☐

(b) The patient is:   Ambulatory ☑   House confined ☐   Bed confined ☐   Hospital confined ☐

(c) Has the patient been hospital confined because of current condition?   Yes ☐   No ☐

If yes, give name and address of hospital: _____

Confined from:   Month_____ Day_____ 19____ through  Month _____ Day_____ 19____

**5. LIMITATION: (If there is a limitation, check appropriate box and describe below):**

Standing ☐   Climbing ☐   Bending ☐   Use of hands ☐   Sitting ☐   Walking ☐   Stooping ☐

Lifting ☐   Psychological ☐   Other ☐   (Please specify): _____

**6. PHYSICAL IMPAIRMENT: (*As defined in Federal Dictionary of Occupational Titles):**

☑ CLASS 1 —   No limitation of functional capacity; capable of heavy work* No restrictions (0-10%)

☐ CLASS 2 —   Medium manual activity* (15-30%)

☐ CLASS 3 —   Slight limitation of functional capacity; capable of light work* (35-55%)

☐ CLASS 4 —   Moderate limitation of functional capacity; capable of clerical/administrative (sedentary*) activity (60-70%)

☐ CLASS 5 —   Severe limitation of functional capacity; incapable of minimal (sedentary*) activity (75-100%)

☐ REMARKS —   *SEE ATTACHED RETURN to WORK*

**7. EXTENT OF DISABILITY:**

|   | From Any Occupation | From Patient's Regular Occupation |
|---|---|---|
| (a) In your opinion is patient now temporarily totally disabled? | Yes ☐  No ☑ | Yes ☐  No ☑ |
| (b) If no, when was patient able to go to work? | MONTH 08  DAY 20  YEAR 1996 | MONTH 08  DAY 20  YEAR 1996 |
| (c) If yes, when do you think patient will be able to resume any work? | MONTH   DAY   YEAR 19 | MONTH   DAY   YEAR 19 |
|   | (Approximate Date) | Indefinite ☐   Never ☐ |
| (d) In your opinion is patient permanently and totally disabled for employment? | Yes ☐   No ☐ | Yes ☐   No ☐ |
| (e) If answer to (d) is "yes", please explain. |   |   |

*SEE ATTACHED RETURN to WORK*

**8. REMARKS:**

_____

_____

_____

_____

Attending Physician's Signature: _Michael A. Turner MD (Jw)_   Degree: _____   Date: _8-20-96_

PLEASE TYPE OR PRINT THE FOLLOWING INFORMATION:

Attending Physician's Name: _MICHAEL TURNER_

Physician's Office Street Address: _520 Valley View Drive_

City: _Moline_   State: _IL_   Zip Code: _61265_   Phone Number: _309-762-3621_

TO EMPLOYEES: You are responsible for having this form completed and returned to the appropriate person within your agency within the time limits established by your agency. Your failure to comply may result in termination of your disability leave.

**ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES**
**PERSONNEL/POSITION ACTION FORM**

| SOC. SEC. NO. |
|---|
| 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 |
| 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 |

**PRINTED** 08/11/95

**EMPLOYEE INFORMATION**

| LAST NAME | FIRST | INIT | SEX | RACE | VET | EDUC | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| LIND | RICK | S | M | W | N | 4 | 09-19-53 |

| STREET ADDRESS | CITY | COUNTY | STATE | ZIP CODE | NATL ORIG |
|---|---|---|---|---|---|
| 28601 RT. 2 N. | HILLSDALE | 081 | IL | 61201 | 108 |

| PAY PLAN | PAY GRADE | PAY STEP | SALARY | PAY RATE | FULL/PT TIME | FUNDING BRD.COM | PAYROLL DEPT. | CODE APPROP | CORRECTED SOCIAL SECURITY NO. | BARGAINING UNIT CODE | PERF-CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | 00 | 97 | 2670.00 | M | F | 00 | 29 | 163 | | RC006 | |

| CONTINUOUS SERVICE DATE | SENIORITY/DATE | CREDITABLE SERVICE DATE | APPT. EXPIRATION DATE | STA-TUS | SUSPENSION/LOA RETURN DATE | APPT. REQ.NO. | HANDI CAP |
|---|---|---|---|---|---|---|---|
| 12-16-84 | 11-12-84 | 05-01-90 | NO DATE | A | NO DATE | | 000 |

**POSITION INFORMATION**

| POSITION TITLE(NAME) | POSITION NUMBER | EXMPT CODE | WORK COUNTY | A/I AUTH. | AUDIT | POS DES COMP. |
|---|---|---|---|---|---|---|
| CORRECTIONAL OFFICER | 09675-29-91-310-12-01 | 0 | 081 | | | |

**TRANSACTION INFORMATION**

| TRANSACTION NAME | TRANS CODE | EFFECTIVE DATE | PRIOR-ITY |
|---|---|---|---|
| 1 LOA NON-SERVICE DISABIL | BA066 | 07-12-95 | 0 |
| 2 EXPIRE/DISABIL LEAVE | BA077 | 07-13-95 | 0 |
| 3 LOA NON-SERVICE DISABIL | BA066 | 07-17-95 | 0 |
| 4 EXPIRE/DISABIL LEAVE | BA077 | 07-19-95 | 0 |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |

**CODES**

**STATUS**
A – CERTIFIED
B – PROB. 3 MOS
C – PROB. 6 MOS
D – PROVISIONAL
F – EXEMPT
G – TEMPORARY
H – EMERGENCY
J – TRAINEE
K – TRAINEE
L – TRAINEE

**EXEMPT**
0 – NOT EXEMPT
1 – PRIVATE SECRETARY
2 – ADMIN. HEAD
3 – POLICY MAKER
4 – UNSKILLED
5 – LIC.ATTORNEY
6 – OUT OF STATE
8 – PARTIAL EXTENTION

**RACE**
A – AMERICAN INDIAN
B – BLACK
O – ORIENTAL
S – SPANISH AMERICAN
W – CAUCASIAN
X – OTHER

**EDUCATION**
1 – GRADE SCHOOL
2 – SOME HIGH SCH.
3 – H S GRAD/GED
4 – SOME COLLEGE
5 – BA/BS
6 – MA/MS
7 – PHD/MD
8 – OTHER DEGREE

**REMARKS**

"THIS PERSONNEL TRANSACTION WAS PROCESSED PURSUANT TO AN INTERAGENCY AGREEMENT AS PART OF A PILOT PROJECT UNDER THE AUSPICES OF THE HUMAN RESOURCES ADVISORY COUNCIL."

| EMPLOYEES SIGNATURE(REQ ON VOL ACTION) | DATE | AGENCY APPROVAL(OPTIONAL) | DATE |
|---|---|---|---|
| SIGNATURE OF PERSON SERVING SUS/DISC BY MAIL ☐ IN PERSON ☐ | DATE | AGENCY BUDGETARY(OPTIONAL) | DATE |

# DEPARTMENT OF CORRECTION
## PERSONNEL ACTION FORM (DECENTRALIZED ACTIONS)

(Complete appropriate information below.)

Name: Rick S. Lind

Position Title: _____

Division: _____

Location (County) _____

Bargaining Unit # /MC _____ RC006 _____

SSN: 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

Position # 09675-29-91-310-12-01

Facility: East Moline CC

Paycode 29-163    PIN# _____

Effective Date: 7-17-95

* (On Leave / Suspension Returns give dates    FROM: 7-17-1995    TO: 7-19-1995

---

Type of action:

☐ Merit Compensation Review (BA _____ ) $ _____ To $ _____

☐ Superior Performance Increase $ _____ To $ _____

☐ Appropriation # Change From _____ To _____

☐ Full Time / Part Time Change

☒ Leave of Absence (type of leave: Non Serv Conn ) BA 066

☒ * Leave Return / Expired (BA 077 ) 7-19-1995

☐ Separation (reason: _____ ) BA _____
                                                        To _____

If any of the above actions change Creditable Service Date: From _____ To _____

---

Disciplinary Action:

☐ Suspension 30 Days of Less (Number of Days) _____

☐ Suspension Pending Discharge

☐ *Return from Suspension

If any of the above actions change Creditable Service Date: From _____ To _____

---

Remarks:    (Any information you would have put in the REMARKS area of the CMS - 2 form should go in this area, such as number of days on leave, etc.)

2 DAY LEAVE OF ABSENCE

(If more space is needed, attach additional sheet.)

---

### APPROVAL AND SIGNATURE

1. Employee _Rick_ 7-24-95

2. Originating Supervisor _____

3. Asst Warden / SRA _____ 7-26-95    Gary Slutz

4. Deputy Director _____

5. Director _Obie Washington_

6. Central Personnel Office staff initials when entered in system

NOTE: Ensure all documentation is attached to

**CMS** ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES    **PHYSICIAN'S STATEMENT**

AUTHORIZATION FOR DISABILITY LEAVE AND RETURN TO WORK AUTHORIZATION

Date of Birth: 9-19-53    Soc. Sec. Number: 360 48 8440

Name of Patient (full): RICK LIND

Present Address—Street or Rural Route: RR# 1 BOX 274

City: Colona    State: IL    Zip Code: 61241

Employed by State of Illinois: EAST MOLINE CORRECTIONAL 100 HILLCREST RD. E.M. IL
(Agency, Board, Commission, Department)

Facility: _____    Address: _____

COMPREHENSIVE MEDICAL INFORMATION IS REQUIRED IN ORDER TO EVALUATE THE EMPLOYEE'S CLAIM FOR A DISABILITY LEAVE OF ABSENCE OR SUBSEQUENT RETURN TO WORK.

1. DIAGNOSIS (including any complications):
   (a) Date of last examination:    Month: 06    Day: 01    1995
   (b) Diagnosis including any complications: OCCIPITAL HEADACHE  MID THORACIC PAIN
   RIGHT PAIN IN HIP

   (c) Subjective symptoms: Headache pain-pain on palpation to cercical- thorcic and hip pain mostly on the right side.

   (d) Objective findings (including information derived from x-rays, EKG's, laboratory data and any clinical findings):
   see above

2. DATES OF TREATMENT:
   (a) Date of first visit:    Month: July    Day: 18    1995
   (b) Date of last visit:    Month: July    Day: 18    1995
   (c) Frequency:    Weekly ☐    Monthly ☐    Other ☒ - (Please specify): on need basis

3. TREATMENT:
   (a) Please describe treatment including any surgery and/or medication prescribed: ~~~~~~~~~ spinal manipulation

   (b) Will treatment substantially improve function and employability?    Yes ☒    No ☐    If yes, specify:

**IMPORTANT NOTICE**
This state agency is requesting disclosure of information that is necessary to accomplish the

**4. PROGRESS:** (Please check appropriate box provided below):
(a) The patient has:   Recovered ☒   Improved ☐   Remained unchanged ☐   Retrogressed ☐
(b) The patient is:   Ambulatory ☒   House confined ☐   Bed confined ☐   Hospital confined ☐
(c) Has the patient been hospital confined because of current condition?   Yes ☐   No ☒
If yes, give name and address of hospital: _____

Confined from:   Month _____ Day _____ 19 _____ through   Month _____ Day _____ 19 _____

**5. LIMITATION:** (If there is a limitation, check appropriate box and describe below):
Standing ☐   Climbing ☐   Bending ☐   Use of hands ☐   Sitting ☐   Walking ☐   Stooping ☐
Lifting ☐   Psychological ☐   Other ☐   (Please specify): _____

**6. PHYSICAL IMPAIRMENT:** (*As defined in Federal Dictionary of Occupational Titles):
☐ CLASS 1 — No limitation of functional capacity; capable of heavy work* No restrictions (0-10%)
☐ CLASS 2 — Medium manual activity* (15-30%)
☐ CLASS 3 — Slight limitation of functional capacity; capable of light work* (35-55%)
☐ CLASS 4 — Moderate limitation of functional capacity; capable of clerical/administrative (sedentary*) activity (60-70%)
☐ CLASS 5 — Severe limitation of functional capacity; incapable of minimal (sedentary*) activity (75-100%)
☐ REMARKS —

**7. EXTENT OF DISABILITY:**

| | From Any Occupation | | | From Patient's Regular Occupation | | |
|---|---|---|---|---|---|---|
| | Yes ☐   No ☒ | | | Yes ☐   No ☒ | | |
| | MONTH | DAY | YEAR | MONTH | DAY | YEAR |
| (a) In your opinion is patient now temporarily totally disabled? | 07 | 19 | 19 95 | 07 | 19 | 19 95 |
| (b) If no, when was patient able to go to work? | MONTH | DAY | YEAR | MONTH | DAY | YEAR |
| (c) If yes, when do you think patient will be able to resume any work? | | | 19 | | | 19 |
| | (Approximate Date) | | | Indefinite ☐   Never ☐ | | |
| (d) In your opinion is patient permanently and totally disabled for employment? | Yes ☐   No ☒ | | | Yes ☐   No ☒ | | |

(e) If answer to (d) is "yes", please explain. _____
_____
_____
_____

**8. REMARKS:**   Patient is on an as needed basis
_____
_____
_____
_____

Attending Physician's Signature: _Dr. K. L. Freebern_   Degree: D.C.   Date: 7-21-95
PLEASE TYPE OR PRINT THE FOLLOWING INFORMATION:

Attending Physician's Name:   DR. Kevin Freebern D.C.

Physician's Office Street Address:   813 1st ave.   Zip Code 61282   Phone Number 309-755-5203

City:   Silvis   State: IL

## DEPARTMENT OF CORRECTION
## PERSONNEL ACTION FORM (DECENTRALIZED ACTIONS)

(Complete appropriate information below.)

SSN: 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

Name: Rick S. Lind

Position # 09675-29-91-310-12-01

Position Title: _____

Facility: East Moline CC

Division: _____

Paycode 29-163    PIN# _____

Location (County) _____

Effective Date: 7-12-1995

Bargaining Unit # /MC    RC006

FROM: 7-12-1995    TO: 7-13-1995

* (On Leave / Suspension Returns give dates

**Type of action:**

- [ ] Merit Compensation Review (BA _____) $_____ To $_____
- [ ] Superior Performance Increase $_____ To $_____
- [ ] Appropriation # Change From _____ To _____
- [ ] Full Time / Part Time Change
- [x] Leave of Absence (type of leave: 7-12-1995    ) BA 066
- [x] * Leave Return / Expired (BA 077    ) 7-13-1995
- [ ] Separation (reason: _____)    BA _____

If any of the above actions change Creditable Service Date: From _____ To _____

**Disciplinary Action:**

- [ ] Suspension 30 Days of Less (Number of Days) _____
- [ ] Suspension Pending Discharge
- [ ] * Return from Suspension

If any of the above actions change Creditable Service Date: From _____ To _____

**Remarks:** (Any information you would have put in the REMARKS area of the CMS - 2 form should go in this area, such as number of days on leave, etc.)

1 DAY LEAVE

(If more space is needed, attach additional sheet.)

### APPROVAL AND SIGNATURE

1. Employee *Rick* 7-24-95
2. Originating Supervisor _____
3. Asst. Warden / Supt. 7-28-95
4. Deputy Director _____
5. Director *Gary D. Slutz* *Odie Washington*
6. Central Personnel Office staff initials when entered in system

DC 2 EFF. (4 / 95)

NOTE: Ensure all documentation is attached prior to mailing to Central Personnel Office