UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-4059 |
| | ) |
| STATE OF ILLINOIS, through its | ) |
| Agency THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## RESPONSE TO MOTION TO STRIKE

Plaintiff Rick Lind, by his attorneys, Katz, Huntoon & Fieweger, P.C., states as follows

for his Response to defendant's Motion to Strike the Affidavit of Dr. Kevin Freebern:

1.   Plaintiff resists defendant's Motion to Strike the Affidavit of Dr. Freebern because,

even if the Affidavit contains two incorrect dates, striking the entire Affidavit on that basis

would be an abuse of this court's discretion where defendant never deposed Dr. Freebern, such a

clearly material witness in this case.

2.   From the very beginning of this case, the issue of Dr. Freebern's July 30, 2003

Physician's Statement has been a central issue in this case.  Plaintiff attached that Physician's

Statement as Exhibit 2 to his Complaint and alleged "was submitted on July 30, 2003."

Defendant, for some inexplicable reason, declined to depose Dr. Freebern.

3.   Additionally, in plaintiff's Rule 26(a) Initial Disclosure filed May 19, 2006, plaintiff

disclosed Dr. Freebern as having "knowledge regarding plaintiff's medical condition as of July

2003 and that he suffered a serious health condition; and knowledge regarding the submission of

2

the Physician's Statement in connection with plaintiff's request for leave of absence in July 2003." Therefore, there is no surprise to defendant that Dr. Freebern, by way of Affidavit, would render opinions consistent with those disclosed at the commencement of this case.

4. Dr. Freebern is the (singular) health care professional involved in this FMLA case (see, for example, ¶ 10 of plaintiff's Statement of Undisputed Facts which has been admitted by defendant which further refers to defendant's admission of plaintiff's Request for Admission of Facts No. 30).

5. Clearly, Dr. Freebern is the only health care professional involved in this case and has been fully disclosed to defendant.

6. Yet defendant chose never to depose Dr. Freebern.

7. As supported in the attached Memorandum of Law, this court should not afford the State of Illinois the "harsh remedy" of striking this Affidavit where it certainly appears that all of this confusion could have been cleared up had the State simply taken the deposition of this doctor. See Gutierrez v. AT&T Broadband, LLC, 382 F.3d 725, 731 (7th Cir. 2004): "Where a party's own lack of diligence is to blame for that party's failure to secure discoverable information, it is not an abuse of discretion" to deny a motion to strike an affidavit.

8. Finally and unequivocally, defendant's charge that plaintiff failed to produce "discovery information relating to examination on July 24, 2003 and August 6, 2003" is absolutely untrue and not supported by this record. Unfortunately, it does appear that the references in Dr. Freebern's Affidavit to dates of examinations on those dates (July 24, 2003 and August 6, 2003) are simply in error. Plaintiff produced every single record of Dr. Freebern, and as defendant laboriously points out in its Memorandum, there is nothing in those records which

3

indicates that Dr. Freebern actually saw Rick Lind on either of those dates, and, in fact, the

record seems to indicate that the correct dates of the visits are July 30, 2003 and August 4 and

August 7, 2003. While plaintiff certainly apologizes for the confusion regarding these incorrect

dates (and will explain this in the Memorandum), it certainly wasn't due to any failure to produce

discovery information pursuant to Federal Rules of Civil Procedure 26 or 37.

9. In summary, plaintiff never failed to produce any records of Dr. Freebern. Moreover,

the defendant has known since the initial 26(a) disclosure of the plaintiff on May 18, 2006 that

Dr. Freebern would provide opinions and conclusions that Rick Lind suffered from a serious

health condition with respect to his neck. There appears to have been some confusion about

certain dates which have persisted from way back in August 2003, but the remedy of striking the

entire Affidavit of Dr. Freebern is simply far too harsh in response to these errors. Finally, this

all could (and should) have been cleared up had defendant simply deposed this undisputedly

material witness. Defendant cannot blame plaintiff for its own failure to conduct the most basic

discovery in this case.

WHEREFORE, plaintiff Rick Lind respectfully requests that this court deny defendant's

Motion to Strike the entire Affidavit of Dr. Kevin Freebern or, alternatively, would request that

this court strike only those erroneous portions, namely, reference to the examination dates of July

24, 2003 and August 6, 2003.

Respectfully submitted,

RICK LIND, Plaintiff

By: /s/ Stephen T. Fieweger

4

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
P.O. Box 950
Moline, IL 61266-0950
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  sfieweger@katzlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2007, I electronically filed **Plaintiff's Response to Motion to Strike** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Sarah R. Kerley
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Fax:  217-524-5091

and I hereby certify that on March 16, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s).:  None.

RICK LIND, Plaintiff

By: /s/ Stephen T. Fieweger

s:\wp\worddoc\11260001.31R