UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-4059 |
| | ) |
| STATE OF ILLINOIS, through its | ) |
| Agency THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**RESPONSE TO MOTION TO STRIKE**

Rick Lind, plaintiff, by his attorneys, Katz, Huntoon & Fieweger, P.C., pursuant to Local Rule 7.1(B) respectfully submits the following Memorandum of Law in Support of his Response to defendant State of Illinois, Department of Corrections' Motion to Strike the Affidavit of Kevin Freebern:

**INTRODUCTION**

Unfortunately, this is not a perfect world. In fact, when plaintiff received defendant's Motion to Strike on March 2, 2007, he assumed the purpose of the Motion was to strike Dr. Freebern's opinion that Rick Lind suffered from a serious medical condition, since, plaintiff believed the State would be disputing that issue in its Response to the Summary Judgment. However, when plaintiff received what purported to be defendant's response to the Motion for Summary Judgment later that day (March 2, 2007), the defendant had inadvertently or erroneously attached its prior Motion for Extension of Time instead of its Response (which this court noticed and which defendant corrected on March 5, 2007). To plaintiff's surprise,

2

however, when it finally received the actual response, defendant was not contesting, and was, in fact, admitting that Lind suffered from a serious health condition as of July and August 2003.

Instead, plaintiff believes the real purpose of the Motion to Strike is to strike paragraph 5 of the Affidavit wherein Dr. Freebern affirmed that he completed the Physician's Statement dated July 30, 2003, and on that date, July 30, 2003 returned it to Mr. Lind. Defendant has no competent evidence to dispute this fact, thus, seeks to have the entire Affidavit stricken.

And that brings plaintiff to his primary point. It would be an abuse of this court's discretion to strike the entire Affidavit of Dr. Freebern where any confusion as to this could and should have been cleared up by the simple act of taking the deposition of Dr. Freebern. Defendant despite knowledge that plaintiff had disclosed Dr. Freebern as a witness in this case as early as May 18, 2006 inexplicably elected not to depose the medical provider who signed the documents authorizing Rick to be off work due to his serious health condition.

### **ARGUMENT**

### **I.**

It is ironic that in support of its argument to strike, defendant cites <u>Beckel</u> v. <u>Wal-Mart Associates, Inc</u>., 301 F.3d 621 (7th Cir. 2002), for the proposition that affidavits "offered to contradict the affiants deposition …" are entitled to "zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy." (301 F.3d at 623.) Of course, the Affidavit of Dr. Freebern cannot be offered to "contradict the affiant's deposition" when defendant never took that deposition. Therefore, defendant's reliance upon <u>Beckel</u> is misplaced.

3

And that is Rick Lind's primary argument -- all of defendant's concerns regarding any confusion on dates in this Affidavit could and should have been addressed during discovery, particularly a deposition of Dr. Freebern, and as a matter of law the State of Illinois cannot blame plaintiff for its own lack of diligence in failing to secure what would certainly have appeared to have been a necessary deposition.

As an initial matter, as stated in <u>Maldonado</u> v. <u>U.S. Bank</u>, 186 F.3d 759, 769 (7th Cir. 1998) this court's decision on a motion to strike summary judgment affidavits is reviewed for abuse of discretion, and "the district court has great discretion in making these determinations." Additionally, that discretion must be exercised very cautiously when the remedy a party seeks, as the State does here, is the striking of an entire Affidavit. As stated in <u>Gutierrez</u> v. <u>AT&T Broadband, LLC</u>, 382 F.3d 725, 731 (7th Cir. 2004) a motion to strike summary judgment affidavits is a "fairly harsh remedy." However, plaintiff's primary point remains that the State should have taken Dr. Freebern's deposition. Defendant seeks a hydrogen bomb blast against all factual averments made by Dr. Freebern, when it only points out two scud missile discrepancies in the Freebern Affidavit, namely, examination dates of July 24 and August 6, 2003 which were inconsistent with the office records of Dr. Freebern.[1]

As <u>Gutierrez</u> further noted, a party opposing summary judgment cannot blame the moving party for its "own lack of diligence."

> "Yet, the plaintiffs raised their dissatisfaction with Baucom after the close of discovery, in the midst of summary-judgment briefing, and with prior knowledge that better witnesses, like Ryczek, existed. The district judge was not required to belatedly punish the defendants by striking Ryczek's affidavit or reopening discovery in such circumstances. *See*, *e.g.*, <u>Grayson</u> v. <u>O'Neill</u>, 308 F.3d 808, 816 (7th Cir. 2002) ('Where a

---

[1]/ Plaintiff will refrain from reliance on the old adage of throwing the baby out with the bathwater which defendant is again attempting to do.

4

party's own lack of diligence is to blame for that party's failure to secure discoverable information, it is not an abuse of discretion to deny a Rule 56(f) motion.'), *cert. denied*, 540 U.S. 824, 157 L.Ed.2d 45, 124 S.Ct. 155 (2003); Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1057 n.5 (7th Cir. 2000) (quoting Pfeil v. Rogers, 757 F.2d 850, 857 (7th Cir 1985)).

See also Sullivan v. William A. Randolph, Inc., 2005 U.S. Dist. LEXIS 22962, 178 L.R.R.M. 2296 (N.D. Ill. 2005):

> "Plaintiffs move to strike certain affidavits provided by Randolph that questions among other things, the authenticity of certain related documents. Randolph, however, correctly points out that all of the concerns expressed in Plaintiffs' motion to strike should have been addressed by Plaintiffs during discovery. Plaintiffs **cannot remedy their own lack of diligence during discovery by seeking to strike evidence** that Plaintiffs neglected to examine and investigate during discovery. Plaintiffs have not provided any sufficient justification that would warrant striking the affidavits and, therefore, we deny Plaintiffs' motion to strike**."** (Id., at *6)  (Emphasis added.)

Here, the State of Illinois cannot remedy its own lack of diligence in failing to take the deposition of Dr. Freebern by striking his Affidavit.

There truly can be no dispute that the State must have been aware that Dr. Freebern was an absolutely material and crucial witness.  This is an FMLA case in which plaintiff has always maintained that Dr. Freebern was the "licensed health care professional" within the meaning of the FMLA, and of course as these summary judgment proceedings have developed, there is no dispute that the primary issue is the July 30, 2003 Physician's Statement authored by Dr. Freebern.  There could likewise be no dispute that Dr. Freebern was fully disclosed as a witness from the inception of this case.  Yet the State of Illinois chose never to depose him.

Paraphrasing Sullivan, plaintiff here believes he has "correctly pointed out that all of the concerns expressed in (the State's) Motion to Strike should have been addressed" by the State during the deposition of Dr. Freebern.  Plaintiff had absolutely no duty to depose his own witness, particularly where, exactly as happened here, he could readily have obtained an

5

affidavit.  Therefore, the State has provided this court no sufficient justification that would warrant striking the Affidavit of Dr. Freebern, and plaintiff believes this court must, in its discretion, deny defendant's Motion to Strike.

While this should have been defendant's duty to clear up in discovery, particularly in a deposition of Dr. Freebern, plaintiff will nonetheless attempt to explain what appears to have happened here.  Initially, defendant's claims under Federal Rules of Civil Procedure 26 and 37 must fail.  Defendant has itself subpoenaed the records from Dr. Freebern's office, and it is clear that plaintiff absolutely did not fail to produce any medical records or bills, particularly any records or bills from July 24, 2003 or August 6, 2003.  Plaintiff concedes that there do not appear to be any records or bills from July 24 or August 6, 2003.  Again, defendant should have cleared this up in discovery, long before trying to oppose summary judgment.

To engage in the kind of speculation in which defendant engages in its response to plaintiff's Motion for Summary Judgment, and in no way prejudicing plaintiff's argument that this should have been defendant's duty to "address" (paraphrasing Sullivan, supra) it appears the Physician's Statement signed by Dr. Freebern on August 14, 2003 is simply in error when it lists the date of first visit of July 24, 2003 and the date of last visit of August 6, 2003.  Unfortunately, those dates are in error in the Physician's Statement of August 14, 2003 became transposed into the Affidavit of Dr. Freebern when, in fact, it appears there never were visits on those days, but instead the actual date of first visit appears to be July 30, 2003, and date of last visit August 7, 2003.  (See Exhibit B to defendant's Memorandum of Law which was also contained in plaintiff's Summary Judgment Exhibits at Exhibit 7.)

6

Puzzlingly, defendant has also included as an exhibit to its Memorandum another version of this exhibit which it labels Exhibit 4 which corrects the date of July 24 to read July 30, 2003 with a handwritten notation "per Ronda on 9-26-03 per phone conversation" and includes the initials P.V., which plaintiff must assume is Pam Verstraete. The State apparently tried to sort this out in September, 2003, yet again never choose to depose Dr. Freebern, never choose to depose this "Ronda" from his office, and never even attempted to get an Affidavit from her, or even an affidavit from Pam Verstraete evidencing these facts.

In summary, it appears an error was made way back in August, 2003 when the dates of first and last visits were erroneously reported as July 24, 2003 and August 6, 2003, when they truly should have been July 30, 2003 and August 7, 2003. Plaintiff fails to see how this in any way materially prejudices defendant or in any way misrepresents anything other than an innocent and harmless error which in no way merits striking the entire Affidavit of Dr. Freebern. Further, as argued throughout, this all should have been sorted out by defendant by this simple and seemingly necessary act of taking the deposition of Dr. Freebern or at least someone from his office.

## **CONCLUSION**

Apparently, the State has been aware for more than three and a half years that Dr. Freebern had made an inadvertent and unfortunate error in listing the date of first visit of July 24, 2003 and has explicitly known since September 2003 that the correct date was July 30, 2003. Regardless, this is at the very least an additional reason defendant cannot be excused for not taking Dr. Freebern's deposition. Defendant should have addressed these concerns in discovery as opposed to during summary judgment proceedings. There is simply no excuse for not taking

7

the deposition of the primary care giver in an FMLA case, particularly where his documentation is at issue. As stated in Sullivan, supra, defendant State of Illinois, Department of Corrections, "cannot remedy (its) own lack of diligence during discovery by seeking to strike evidence that (it) neglected to examine and investigate during discovery," particularly the discovery deposition of Dr. Freebern. Accordingly, plaintiff respectfully requests that the court deny the defendant's motion in its entirety, or at the very least deny this motion as to anything other than the dates of July 24, 2003 and August 6, 2003.

Respectfully submitted,

RICK LIND, Plaintiff

By: /s/ Stephen T. Fieweger

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
P.O. Box 950
Moline, IL 61266-0950
Telephone: 309-797-3000
Fax: 309-797-2167
Email: sfieweger@katzlawfirm.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2007, I electronically filed **Plaintiff's Memorandum of Law in Support of Response to Motion to Strike** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

>Sarah R. Kerley
>Assistant Attorney General
>500 South Second Street
>Springfield, IL 62706
>Fax:  217-524-5091

and I hereby certify that on March 16, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s).:  None.

>RICK LIND, Plaintiff
>
>By: /s/ Stephen T. Fieweger

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)(2)

The undersigned certifies pursuant to Local Rule 7.1(B)(2) that Plaintiff's Memorandum of Law in Support of Response to Motion to Strike contains fewer than 7,000 words [The counting feature on plaintiff's Counsel's word processing package (Word 2000) counted 2,089 words.]

>/s/Stephen T. Fieweger

s:\wp\worddoc\11260001.30M