E-FILED
Thursday, 06 September, 2007 02:51:28 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| RICK LIND, )<br>)<br>   Plaintiff, )<br>)<br>      v. )<br>)<br>STATE OF ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, )<br>)<br>   Defendant. ) | Case No. 05-cv-4059 |

**O R D E R**

Before the Court are the Motion for Partial Summary Judgment filed by Plaintiff, Rick Lind, on February 2, 2007 [Doc. 21] and the Motion to Strike Motion for Partial Summary Judgment filed by Defendant, State of Illinois Department of Corrections, on March 2, 2007 [Doc. 24]. For the reasons that follow, the Motion for Summary Judgment is DENIED and the Motion to Strike is DENIED AS MOOT.

**MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND**

Plaintiff, Rick Lind, was a corrections officer at the East Moline Correctional Center in 2003. In July and August of that year, he suffered severe back problems which prevented him from working his regular shift on July 24, 25, 28, 29, 30, 31 and August 1, 4, 5, 6, 2003. After a 30 day suspension, Lind's employment was terminated on November 6, 2003. Lind alleges

that he was terminated in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

There are a number of disputes in the record regarding various documents, the dates the documents were prepared, and the dates on which the documents were submitted to Defendant. The following rendition will highlight those disputes if relevant.

On July 24, 2003, Plaintiff was personally given a CMS-95 form which is a "Physician's Statement Authorization for Disability Leave and Return to Work Authorization" by Defendant. (Pl. Ex. 10, #6).[1] On the same date, and every day of his absence thereafter, Plaintiff telephoned the prison "because [he] wasn't feeling well." (Lind Dep. p. 26). A record of these phones calls is located at Plaintiff's Exhibit 9. These documents, entitled "Notification of Absence" show that Plaintiff telephoned on each day of his absence, that various persons received the calls, and that in each instance the "reason for call in" is listed as "S.P." or "sick personal." At some point during the relevant time period, Plaintiff indicated to Verstraete that his back hurt.

---

[1] Plaintiff states that he received the document from Pam Verstraete, Warden Jungwirth's secretary and the person at the jail who filled a human resources capacity, on July 24, 2003. (Lind Dep. p. 19-20). Verstraete, however, states that she was on holiday at that time and could not have given Plaintiff the document. (Verstraete Dep. p. 20).

On July 30, 2003, Plaintiff states that he submitted a CMS-95 to Verstraete. (Lind Dep. p. 20-21). Verstraete, however, testified that Plaintiff did not submit the document to her on that date because it was faxed to her on October 1, 2003. (Pam Verstraete Dep. p. 22). The document itself, which is signed by Dr. Kevin L. Freebern and dated July 30, 2003, contains an October 1, 2003 date stamp. (Def. Ex. G). It also appears from the record that there are two other CMS-95 forms bearing Dr. Freebern's signature and dated September 14, 2003. One form is stamped September 24 (or 25), 2003, (Def. Ex. C), and the other does not contain a date stamp. (Pl. Ex. 7). Each document contains mostly similar information but some critical information that is different. As Defendant does not appear to dispute the severity of Plaintiff's medical condition, the differences are not relevant to this Motion.

The CMS-95 forms essentially indicate that Plaintiff suffers from various back problems, that these problems would result in a temporary disability and that Plaintiff would be able to return to work on August 6, 2003. Defendant does not question that Plaintiff suffered from a severe disability for FMLA purposes. However, the forms provide conflicting information with respect to the dates on which they were submitted to Defendant. The only questions before the Court are whether Plaintiff provided the appropriate notice to Defendant

that he was seeking FMLA leave and whether Defendant had other legitimate reasons for terminating his employment.

Defendant contends, in its response to the Motion for Summary Judgment, that its termination of Plaintiff's employment, even if he provided appropriate notice under the FMLA, was for Plaintiff's failure to comply with its "proof status" policy. Defendant contends that in light of Plaintiff's previous excessive absences, he was required to provide a doctor's note that would prove that he is incapable of working for medical reasons. Plaintiff failed to provide this documentation and hence his employment was terminated.

## **ANALYSIS**

The Family Medical Leave Act provides for 12 weeks of unpaid leave for a serious health condition that would render an employee unable to perform his work duties. Burnett v. LFW, Inc., 472 F.3d 471, 477 (7th Cir. 2006). The FMLA prevents an employer from interfering with this right. Id. In order to prevail on an FMLA interference claim, a plaintiff must show that:

(1) he is eligible for the FMLA's protections,

(2) his employer was covered by the FMLA,

(3) he was entitled to leave under the FMLA,

(4) he provided sufficient notice of his intent to take leave, and

>     (5) his employer denied him FMLA benefits to which he was entitled.
>
>     Burnett, 472 F.3d at 477.

In order to provide notice, an employee need not expressly mention the FMLA or even be aware of his rights – he is only required to provide "information sufficient to show that he *likely* has an FMLA-qualifying condition." Burnett, 472 F.3d at 478-479 (emphasis in original). The adequacy of notice is a fact-specific inquiry. Id.; Phillips v. Quebecor World RAI, Inc. 450 F.3d 308, 310-311 (7th Cir. 2006). Regulations further provide that "[i]t is expected that an employee will give notice to the employer within no more than one or two working days of learning of the need for leave, except in extraordinary circumstances where such notice is not feasible." 29 C.F.R. § 825.303(a).

In this case, the adequacy of notice should be left to the trier of fact because "the employer and employee dispute the quantity and nature of communications regarding the employee's illness." Burnett, 472 F.3d at 479 n.4. Plaintiff states that he called in "sick" on each day he was absent. He also states that at some unspecified date, he told Verstraete that his back still hurt. He indicates that he picked up a CMS-95 form on the first day of his illness. While he states that he gave Defendant a CMS-95 form which would have spelled out his need

5

for FMLA leave on July 30, 2003, Defendant contends that no such form was received until September – well after Plaintiff's medical problems began.  Defendant also points out that prior to this incident, Plaintiff requested and received numerous CMS-95 forms for ailments that were not FMLA qualifying.  A jury could conclude that the only potential timely notification, that Plaintiff was seeking FMLA qualifying leave, were the daily phone calls and the request for a CMS-95 Form.  A jury could further conclude that the phone calls were merely an indication that Plaintiff was sick, rather than that he suffered from a serious medical condition, and further that the request for a CMS-95 form was innocuous in light of Plaintiff's previous requests.

On the other hand, a jury could just as easily conclude that Plaintiff submitted a CMS-95 form on July 30, 2003 and that it contained sufficient information to put Defendant on timely notice that he was requesting such relief.  Notice would have been sufficient despite the contrary information contained on the various CMS-95s that were submitted by Plaintiff.  The form, coupled with Plaintiff's sick calls would have been sufficient to provide notice.  As such, summary judgment is inappropriate.

In light of this conclusion, it is unnecessary to discuss Defendant's remaining argument, that it terminated Plaintiff for other legitimate reasons.  If Plaintiff provided adequate notice

and was nonetheless terminated, then evidence of other reasons for his termination would be relevant. However, if a jury finds that Plaintiff did not provided sufficient notice, then evidence of other (non-discriminatory or non-retaliatory) reasons for his termination would not be relevant.

## MOTION TO STRIKE

In this Motion Defendant seeks to strike the affidavit of Dr. Freebern which was used to support Plaintiff's Motion for Summary Judgment. As the Motion for Summary Judgment is denied and this matter will proceed to trial, the Motion to Strike appears to be MOOT. In any event, Defendant states that a number of dates used by Dr. Freebern to indicate when medical examinations were completed or when certain events took place are not supported by the documentary evidence. The Court assumes that any discrepancies regarding the dates of treatment or office visits would be highlighted and resolved at trial.

## CONCLUSION

For the foregoing reasons, the Motion for Partial Summary Judgment filed by Plaintiff, Rick Lind, on February 2, 2007 [Doc. 21] is DENIED and the Motion to Strike Motion for Partial Summary Judgment filed by Defendant, State of Illinois Department of Corrections, on March 2, 2007 [Doc. 24] is DENIED AS MOOT.

The parties are reminded that the Final Pretrial Conference in this matter is set for October 5, 2007 at 9:30 a.m. in Rock Island, Illinois. The parties shall submit in paper and on computer disk a proposed agreed Final Pretrial Order by September 24, 2007. The parties shall also submit in paper and on disk, agreed jury instructions by that date. Any disputed instructions shall also be submitted in paper and on disk and shall comply with Local Rule 16.1(E)(6). Parties shall indicate the order in which the instructions are to be submitted to the jury.

Entered this __6th__ day of September, 2007

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                      United States District Judge