UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-4059 |
| | ) |
| STATE OF ILLINOIS, through its | ) |
| Agency THE ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**PRE-TRIAL ORDER**

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and Stephen T. Fieweger having appeared as counsel for the plaintiff, and Sarah R. Kerley, Matthew D. Bilinsky, and Amy D. Gerloff, Assistant Attorneys General, having appeared as counsel for defendant, the following action was taken:

**I. NATURE OF ACTION AND JURISDICTION**

This is an action for alleged violations of the Family and Medical Leave Act and the jurisdiction of the Court is invoked under 29 U.S.C. § 2601, *et seq.* The jurisdiction of the Court is not disputed.

1

## II. JOINT STATEMENT

A. **JURISDICTION**.

This court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and 28 U.S.C. § 1331.

B. **UNCONTESTED ISSUES OF FACT**

1. Rick Lind is employed as a correctional officer by the Illinois Department of Corrections, at its correctional facility located in East Moline, Illinois, Rock Island County, State of Illinois.

2. Defendant, Illinois Department of Corrections, (hereinafter "Department" or "Defendant") is an employer and employs more than 50 persons at the East Moline Correctional Center for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

3. Prior to July 23, 2003, Rick Lind had been employed by the Department of Corrections as a full-time employee for more than 12 months.

4. The Department terminated Plaintiff's employment effective November 10, 2003.

5. Plaintiff appealed his discharge and was reinstated to his position as a correctional officer and awarded full back pay and benefits.

## C.  CONTESTED ISSUES OF FACT.

### FOR PLAINTIFF:

1.  Whether Rick Lind provided the Request for Leave of Absence form dated July 24, 2003 to some employee or agent of the Department of Corrections on or about July 30, 2003?

2.  When did Rick Lind advise the defendant's employees that his back hurt (i.e., when did plaintiff advise Verstraete that the reason he was calling in sick each day was related to his back injury or exacerbation of his back injury)?

3.  Whether Jeff Papish and Randy Sanders inquired of Pam Verstraete or any other employee of the DOC regarding the status of Lind's request for the Leave of Absence form, when they inquired, and what was the substance of the response from Ms. Verstraete or any other employee or agent of the DOC?

4.  When did the Department of Corrections, by any of its agents or employees, first received any request for disability leave of absence form from Rick Lind regarding his absence from July 24, 2003 through August 5, 2006, 2003?

5. When, if ever, did the DOC first advise Rick Lind of his rights under the FMLA with respect to his July 24, 2003 leave?

6. Whether the Department allowed or provided Rick Lind at least 15 days from the time it advised him of any request or requirement for documentation to provide such documentation?

7. What are the amount of damages recoverable by plaintiff for lost wages, employment benefits and other compensation lost, interest, actual damages and liquidated damages?

### DEFENDANT'S CONTESTED ISSUES OF FACT:

1. Whether Plaintiff was eligible for leave under the FMLA for each of the days absent from work?

2. Whether Plaintiff had a serious health condition as defined by FMLA?

3. Whether Plaintiff was absent from work because of that serious health condition?

4. Whether Plaintiff gave the Department appropriate notice within one or two business days of his need for leave?

5. Whether Plaintiff provided notice that was sufficient to make the Department aware that he needed FMLA qualifying leave?

6. Whether Plaintiff was able to return to work and perform the functions of his position without taking leave for more than twelve work weeks of leave in a twelve-month period?

7. Would the Department have discharged Plaintiff even if it had not considered Plaintiff's alleged FMLA-covered absences from work?

### D.  CONTESTED ISSUES OF LAW

#### PLAINTIFF'S ISSUES:

1. As stated by this court in its September 6, 2007 Order, to prevail on an FMLA interference claim, a plaintiff must show that:

> "(1)  He is eligible for the FMLA's protections;
>
> (2)  His employer was covered by the FMLA;
>
> (3)  He was entitled to leave under the FMLA;
>
> (4)  He provided sufficient notice of his intent to take leave; and
>
> (5)  His employer denied him FMLA benefits to which he was entitled." (Order at 4-5.)

As indicated by this court in its summary judgment order, the only issue which remains is No. 4, whether Rick Lind, "provided sufficient notice of his intent to take leave."

2. Whether the Department was put on notice that this was a possible FMLA leave situation and whether it fulfilled its duty or responsibility to inquire further pursuant to 29 C.F.R. § 825.303(b)?

3. Whether the defendant failed to provide written notice of plaintiff's right to seek FMLA leave pursuant to 29 C.F.R. § 825.303(b)?

4. Whether the Department provided Rick Lind reasonable opportunity to cure any alleged deficiency in any particular certification he submitted pursuant to 29 C.F.R. § 825.305(d)?

5. Whether the Department of Corrections allowed Rick Lind at least 15 days to cure any deficiency or alleged deficiency before taking discipline against him? (29 C.F.R. § 825.305(b).)

6. Whether the ruling of the Illinois Civil Service Commission dated January 20, 2005 adopting the decision of the Administrative Law Judge dated January 7, 2005 (including but not limited to the finding that "Lind timely submitted leave of absence slips and a doctor's note for the days in which Lind was absence from work," and "the evidence indicates that Lind had approximately six days of alternative benefit time that he could have used towards his absences from work," and "the DOC should have authorized Lind's use of alternative benefit time for days he was absent from work") are entitled to *res judicata* effect?

7. Whether the amount of damages are recoverable for violation of the FMLA under § 107(a)(1)(A)(i) and (ii)?

8. Whether the defendant can carry its burden of proof to show that its actions were in good faith under § 107(a)(1)(A)(3).

**DEFENDANT'S ISSUES**:

1. Whether Plaintiff was eligible for leave on each leave day?

2. Whether Plaintiff provided adequate notice as defined by FMLA?

3. Whether the Department interfered with Plaintiff's FMLA benefits?

4. Whether the Department has proven by a preponderance of the evidence that it would have discharged Plaintiff even if it had not considered Plaintiff's alleged FMLA-covered absences?

5. Whether Plaintiff has any claim for damages at all, given that the civil Service Commission decision overturned his discharge, resulting in his reinstatement and with full back pay and benefits?

6. Whether the Eleventh Amendment bars Plaintiff's claim?

**E. JURY DEMAND**

Plaintiff has filed a jury demand.

### III. PLAINTIFF'S STATEMENT

**A. ITEMIZED STATEMENT OF DAMAGES**

Plaintiff has sustained damages equal to loss of back wages, which include wages, shift differential, roll call, pay employer contributions to state pension plan and employer contributions to retirement state system, employer contributions to FICA, employer contributions to Medicare, employer paid health, dental and life insurance premiums from

July 24, 2003 through January 31, 2005, the deducting by the payment made in February 2005 of $27,392.64 for back wage payment for the period of July 1, 2004 through January 31, 2005. Based upon the State's disclosure on Bates-stamped document 696, plaintiff's back wage loss for the period of July 24, 2003 through June 30, 2004 is $42,979.59 ($70,372.13 - $27,392.64). In addition, the health, dental and life insurance premium loss was $10,902.72 from October 16, 2003 through January 31, 2005. The employer contributions to his retirement pension loss is $14,600.23 and the employer contribution to the State Retirement System Savings Plan loss is $3,760.63. The State contributions to Social Security Old Age Retirement Benefits loss equal $4,314.17 and the employer contributions to Medicare loss equals to $1,008.81. In addition, Mr. Lind, due to lack of income as the result of being unemployed, withdrew from the State Retirement System Savings Plan, the sum of $31,949.73 on September 24, 2004. Mr. Lind incurred a $3,194.97 early withdrawal penalty for loss of this compensation. In addition, Mr. Lind claims from September 24, 2004, lost interest earnings on the amount that should still remain in his State Retirement Systems Savings Plan but for the improper termination of him. In addition, plaintiff due to the cancellation of his insurance, without notification by the State to him of this fact, and due to the fact that he was later placed on a replacement insurance through CIGNA Health that did not provide the same coverage as did Health Alliance and the fact that Health Alliance had sought reimbursement of medical bills it

claims improperly paid for plaintiff after the cancellation coverage, plaintiff has out-of-pocket medical expenses totalling $5,870.02. That breakdown is as follows:

Freebern Chiropractic Clinic - $290.00

Prescription Drugs - $44.68

Physical Therapy - Hammond-Henry Hospital - $638.31 (CIGNA denial of coverage)

Prescription drugs $1,039.56 (Denied coverage by CIGNA)

Freebern Chiropractic Clinic $418.00 (1/2 to 3/24/04)

Metro MRI - $167.04

Health Alliance Demand for Reimbursement - $2,706.13

Freebern Chiropractic - $364.63 (8/4/03 to 11/7/03)

Hammond-Henry Hospital - $201.67 (10/13 to 11/1/03)

Therefore, Mr. Lind's back wage, lost benefits and lost other compensation for which he is entitled to recover under § 107(a)(1)(A) of the FMLA totals $86,631.14 including the 10% penalty he paid for early withdrawal from his retirement savings account.

In addition, Mr. Lind under § 107(a)(1)(A)(ii) of the Family and Medical Leave Act, is entitled to interest on the above-described amount at the prevailing rate. The prevailing rate as of September 14, 2007 is 4.15%. Calculating the interest due from

January 31, 2005 through November 5, 2007 results in additional damages for interest amount of $10,086.40 ($4.15 x 1,024 days) with per diem interest each day after November 5, 2007 of $9.85. Plaintiff also is entitled to interest on the back pay loss between the period of July 24, 2003 and January 31, 2005.

Therefore, breakdown of total damages recoverable is as follows: $86,631.14 back wage and other compensation; $10,086.40 interest on back wage and other compensation from January 31, 2005 through the date of trial; interest lost on State Retirement Savings Plan principal of $31,949.73 from September 24, 2004 through trial of $4,130.31 (1,137 days of $3.63 per diem); from September 24, 2004 through date of trial. Grand Total: $100,847.85.

Further plaintiff claims liquidated damages equal to that amount or an additional $100,847.85 pursuant to § 107(a)(i)(iii) of the Family and Medical Leave Act for a Grand Total of Damages to date of $201,591.56.

In addition, plaintiff will request reimbursement of attorneys' fees and costs pursuant to § 107(a)(3) of the FMLA.

### IV.  WAIVER OF CLAIMS OR DEFENSES (OR JURY DEMAND)

Not applicable.

## V. <u>EXHIBITS ATTACHED</u>

The following are attached as exhibits to this order and are made a part hereof:

A. Stipulation of Uncontested Facts and Issues of Law.

B. Plaintiff's Witness List.

C. Defendant's Witness List.

D. Plaintiff's Exhibit List.

E. Defendant's Exhibit List.

F. Joint Exhibit List.

G. Proposed Jury Instructions (Joint) (or Findings and Conclusions).

H. Plaintiff's Proposed Instructions (only if objections by defendant).

I. Defendant's Proposed Instructions (only if objections by plaintiff).

## VI. <u>GENERAL ADDITIONAL</u>

The following additional action was taken:

IT IS UNDERSTOOD BY THE PARTIES THAT:

There were no disclosed expert witnesses in this case.

Any Trial Briefs or Motions *in Limine* shall be submitted no later than fourteen (14) days prior to the commencement of the trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed three full days. The case will be listed on the trial calendar to be tried when reached.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the court's own motion.

IT IS SO ORDERED.

ENTERED: _____

_____
JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

_____    _____
Attorney for Plaintiff(s)                                  Attorney for Defendant(s)

s:\wp\worddoc\11260001.32P