UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| RICK LIND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - vs- | ) | No. 05-4059 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**TRIAL BRIEF ON ELEVENTH AMENDMENT IMMUNITY**

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby file a Trial Brief pursuant to the Court's Order of September 6, 2007. In support thereof, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff, a Correctional Officer who was employed at the East Moline Correctional Center in 2003, has brought this action alleging the Department of Corrections ("Department") interfered with benefits to which he was entitled pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2600 *et seq.* On February 5, 2007, Plaintiff moved for summary judgment, arguing that he had sufficiently notified the Department of his desire to take FMLA-qualifying leave due to his own alleged "serious medical condition," and that the Department interfered with FMLA benefits to which he was entitled in violation of 29 U.S.C. § 2615(a)(1). On September 6, 2007, the Court denied Plaintiff's Motion for Summary Judgment, holding that a fact question existed as to the adequacy and timeliness

of Plaintiff's alleged notice. (Doc. 32). A jury trial on the above-captioned matter is presently set for November 5, 2007.

Because the Eleventh Amendment bars Plaintiff's claims brought pursuant to the self-help provision of the FMLA, the Defendant is entitled to judgment as a matter of law.

## II.  ISSUES AND ARGUMENT

Sovereign immunity establishes that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); *quoting* Employees v. Missouri Department of Public Health and Welfare, 411 U.S. 279, 280 (1973). Thus, a suit brought against a state agency is barred by sovereign immunity. Pennhurst, 465 U.S. at 100. *See also* Kentucky v. Graham, 473 U.S. 159 at FN 14 (1985). A state may claim Eleventh Amendment immunity from suit in federal court, and the state must be dismissed from the litigation unless there exists one of two well-established exceptions. Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (per curiam). In this case neither exception applies because the State has not waived the protections of the Eleventh Amendment as to claims brought pursuant to the FMLA for conduct which occurred prior to January 1, 2004, 745 ILCS 5/1 (West 2007) and 745 ILCS 5/1.5 (West 2007), and Congress did not abrogate the sovereign immunity of the states when it enacted the self-help provisions of the FMLA. Toeller v. Wisconsin Department of Corrections, 461 F.3d 871 (7th Cir. 2006).

**A.   Congress has not validly abrogated the State's sovereign immunity as it relates to the self-care provision of the FMLA.**

In Toeller, the Seventh Circuit addressed the question of whether congress validly abrogated states' sovereign immunity when it enacted the self-care provisions of the FMLA.

Id.  The Toeller court joined courts in the Sixth and Tenth Circuits holding that the self-care provision of FMLA does not present a valid abrogation of a state's sovereign immunity.  Id. at 878-79.  Accordingly, the Court held that Toeller could not use the self-care provision of FMLA to bring suit against the Wisconsin Department of Corrections, an arm of the State, for money damages.  Id. at 879-80.  Similarly, because Plaintiff brings an action under the FMLA's self-care provision, his claim against the Defendant is barred by sovereign immunity.

> **B.    The State has not waived its immunity from suits brought pursuant to the FMLA self-care provision for conduct which occurred prior to January 1, 2004.**

"A state may effectuate a waiver of its constitutional immunity by a state statute or constitutional provision, or by otherwise waiving immunity to suit in the context of the federal program."  Nelson v. Illinois, 36 F.3d 684, 690 (7th Cir. 1994).  The State Lawsuit Immunity Act provides: "Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, Section 1.5 of this Act, and, except as provided in and to the extent provided in the Clean Coal FutureGen for Illinois Act, the State of Illinois shall not be made a defendant or party in any court."  745 ILCS 5/1 (West 2007).  Section 1.5 of the Act, effective January 1, 2004, contains a waiver of sovereign immunity with respect to claims brought pursuant to the FMLA.  745 ILCS 5/5-1.5.  Section 1.5(c) reads: "An employee, former employee or prospective employee of the State who is aggrieved by any conduct or action or inaction of the State that would constitute a violation of the Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.*, as amended, if committed by an employer covered by that Act may bring an action under the Family Medical Leave Act against the State in State circuit court or federal court."  745

ILCS 5/5-1.5(c). The effective date of Section 1.5 is January 1, 2004.

In order to determine whether statutory amendments are applied retroactively, Illinois courts apply the retroactivity test set out by the United State Supreme Court in Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994). See Foster Wheeler Energy Corp. v. LSP Equip., LLC, 346 Ill.App. 3d 753 (Ill.App. 2004). The first step in the Landgraf analysis is to ascertain whether the legislature has clearly indicated the temporal reach of an amended statute. Id. No language in Section 1.5 clearly indicates the temporal reach of the amendment. The Illinois Supreme Court has held that the Illinois legislature always indicates the temporal reach of an amended statute because, where, as in the enactment of Section 1.5, the legislature does not clearly indicate the temporal reach of an act, the provisions of the Statute on Statutes applies. Foster Wheeler, 346 Ill. App. 3d 753, 758 *citing* Caveney v. Bower, 207 Ill.2d 82, 92 (2003). Section 4 of the Statute on Statutes prohibits retroactive application of substantive changes to statutes. See 5 ILCS 70/4 (West 2007). Caveney, 278 Ill.2d at 92.

Because Section 1.5(c), which waives sovereign immunity as to claims brought pursuant to the FMLA, provides for a cause of action which was not previously cognizable against the State, it is a substantive change to the law. Accordingly, Section 1.5 does not allow for Plaintiff to pursue his claim, which arose out of complained-of conduct in July, 2003, some five months prior to the effective date of the amendment.

District Courts in the Northern, Central and Southern Districts of Illinois have similarly found that Section 1.5 is not to be applied retroactively and thus does not allow for claims arising out of conduct which occurred before the effective date of the statute. *See* Blalock v. Illinois Department of Human Services, 349 F.Supp.2d 1093 (N.D.Ill.

2004)(sovereign immunity bars plaintiff's claim brought pursuant to Americans with Disabilities Act ("ADA") based on conduct occurring in 2002 and 2003); <u>Collins v. Illinois</u>, 2006 WL 213947 (C.D.Ill. 2006)(plaintiff's ADA and 42 U.S.C. §§ 1981 and 1983 claims barred where based on conduct occurring prior to January 1, 2004, including suspension in December, 2003); <u>Holliday v. WSIE 88.7 FM Radio Station</u>, 2005 WL 3312633 (S.D.Ill. 2005)(plaintiff's ADA barred where based on termination in March 2003); <u>Bottoms v. Illinois Department of Human Services</u>, 2004 WL 1403811 (N.D.Ill. 2004)(plaintiff's ADA, 42 U.S.C. §§ 1981 and 1983 claims barred where based on conduct in 1999).

### III. CONCLUSION

Because Plaintiff is seeking retrospective relief pursuant to the self-care provision of the FMLA and actions which occurred prior to January 1, 2004, sovereign immunity bars Plaintiff's claim. Accordingly, the Defendant is entitled to judgment as a matter of law.

WHEREFORE, Defendant respectfully requests this honorable Court find that the Eleventh Amendment bars Plaintiff's claim and enter judgment in favor of the Defendant.

>Respectfully submitted,
>
>>ILLINOIS DEPARTMENT OF CORRECTIONS,
>>
>>>Defendant,
>>
>>LISA MADIGAN, Attorney General,
>>State of Illinois
>>
>>By:  s/ Sarah R. Kerley
>>>Sarah R. Kerley, #6283449
>>>Matthew D. Bilinsky, #6217270
>>>Amy D. Gerloff, #6283925
>>>Assistant Attorneys General
>>>Attorney for Defendant
>>>500 South Second Street
>>>Springfield, Illinois  62706
>>>Telephone:  (217) 782-9026
>>>Facsimile:   (217) 524-5091
>>>E-Mail:  skerley@atg.state.il.us
>>>>mbilinsky@atg.state.il.us
>>>>agerloff@atg.state.il.us

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - vs- | ) No. 05-4059 |
| | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2007, I electronically filed a **Trial Brief on Eleventh Amendment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen T. Fieweger
Katz, Huntoon & Fieweger
200 Plaza Office Building
1705 Second Avenue
Rock Island, Illinois 61204-3250
sfieweger@katzlawfirm.com

and I hereby certify that on October 4, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,

 s/ Sarah R. Kerley
Sarah R. Kerley, #6283449
Assistant Attorney General
Attorney for the Defendant
500 South Second Street
Springfield, Illinois  62706
Phone:  (217) 785-4555
Fax:     (217) 524-5091
E-Mail:  skerley@atg.state.il.us