UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| - vs- ) | No. 05-4059 |
| ) | |
| STATE OF ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

NOW COMES, Defendant, Illinois Department of Corrections, by and through its counsel, Lisa Madigan, Attorney General of the State of Illinois, and for its Memorandum of Law in Support of Defendant's Response to Plaintiff's Motion to Enforce Settlement Agreement, states as follows:

**I. INTRODUCTION**

The parties reached a preliminary settlement of Plaintiff's claim on October 5, 2007. The necessary settlement documents were fully executed on November 13, 2007. As of January 8, 2008, Plaintiff and his counsel had not yet received payment of the agreed sums. For this reason, Plaintiff filed a Motion to Enforce Settlement Agreement seeking both to have the Court enter an order enforcing the settlement agreement and to award Plaintiff and his counsel interest on the sums. Because the Defendant has not breached any term of the settlement agreement, Plaintiff has no judgment, and the relief Plaintiff seeks is not within the jurisdiction of the Court, the Motion to Enforce should be denied.

## II. ISSUES AND ARGUMENT

### A. The Court lacks jurisdiction to provide Plaintiff the requested relief.

As an initial matter, the Court lacks jurisdiction to order compliance with a private contract between the parties. The United States Supreme Court in <u>Kokkonen v. Guardian Life Ins. Co., of America</u>, 511 U.S. 375 (1994), held that held that a district court does not have inherent power to enforce terms of settlement agreement. Instead, courts treat a settlement agreement as a contract. *See e.g.* <u>U.S. v. Rand Motors</u>, 305 F.3d 770 (7th Cir. 2002); *see also* <u>Kokkonen</u>, 511 U.S. 375. Plaintiff seeks not only an order for the State of Illinois to show cause why it has failed to comply with the settlement agreement, but also seeks to have the Court impose additional financial obligations, by way of interest payments and additional attorney's fees, on the Defendant.

The Court further lacks jurisdiction over the contract action Plaintiff brings against the Defendant, because a contract action by Plaintiff against the Illinois Department of Corrections is barred by sovereign immunity. *C.f.* <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44 (1996); *C.f.* <u>T.D. v. LaGrange School Dist. No. 102</u>, 349 F.3d 469 (7th Cir. 2003)(court found settlement conference and agreement reached pursuant to conference conducted by court at best created a private settlement agreement outside the court's jurisdiction.) The Court of Claims Act, 705 ILCS 505/1, *et seq.*, establishes the Court of Claims to serve as a forum for actions against the State. Section 8 of the Court of Claims Act provides:  "The court shall have **exclusive** jurisdiction to hear and determine the following matters:... (b) All claims against the State founded upon any contract entered into with the State of Illinois."  705 ILCS 505/8 (emphasis added).  Because Plaintiff is

attempting to assert a breach of contract action against an agency of the state, and state agencies are treated the same as states, Plaintiff's Motion to Enforce is barred by sovereign immunity. See Alabama v. Pugh, 438 U.S. 781, 781-82 (1978).

Further, Plaintiff's request for interest and/or attorney's fees arising out of what Plaintiff claims is a breach of the settlement agreement, is similarly barred by sovereign immunity. Accordingly, the Court lacks jurisdiction to grant Plaintiff the requested relief.

**B.    No breach of the settlement agreement has occurred.**

Even if the Court determined that it had jurisdiction over Plaintiff's contract claim against the Defendant, the requested relief would be inappropriate as no breach of the settlement agreement has occurred. Plaintiff makes no allegation that the Defendant will not comply with the terms of the settlement agreement, namely pay the sums outlined therein. Instead, Plaintiff alleges that such payments have not yet been made.

Notably, in his Motion to Enforce, Plaintiff points to no provision of the settlement agreement which imposes a deadline upon the Defendant to pay the agreed amount. Instead, Plaintiff takes issue with the Department's unwillingness to provide Plaintiff and his counsel with a date upon which payment will be received. As the Department is not solely responsible for the technical aspects that eventually lead to the preparation and delivery of a check to Plaintiff or his counsel, the Department cannot give such a date by which payment will be made.

Further, the settlement agreement expressly provides that a portion of the settlement amount is to be paid through the Illinois Back Wage Fund, which is administered by the Illinois Department of Central Management Services ("CMS"). CMS is not a party to the present action, and the Department of Corrections has no authority over when payments

are made pursuant to the Back Wage Fund.

Finally, as Plaintiff does not have a judgment in the present case, and did not bargain for a provision within the settlement agreement regarding interest or attorney's fees should payment not be received within a specified time period, Plaintiff's requested relief is inappropriate.

Because the Defendant has not failed to comply with the terms of the settlement agreement and has not breached the terms of the agreement, Plaintiff's Motion to Enforce should be denied.

### III.  CONCLUSION

Because the Court lacks jurisdiction to grant Plaintiff's requested relief and no breach of the settlement agreement has occurred, is beyond the j

WHEREFORE for the foregoing reasons, the Defendant respectfully requests this honorable Court deny Plaintiff's Motion to Enforce.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF CORRECTIONS,

      Defendant,

    LISA MADIGAN, Attorney General
    State of Illinois,

      Attorney for Defendant,

By:   s/ Sarah R. Kerley
      Sarah R. Kerley, #6283449
      Assistant Attorney General
      500 South Second Street
      Springfield, Illinois  62706
      Phone:  (217) 785-4555
      Fax:    (217) 524-5091
      E-Mail:  skerley@atg.state.il.us

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICK LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - vs- | ) No. 05-4059 |
| | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, I electronically filed a **Memorandum of Law in Support of Defendant's Response to Plaintiff's Motion to Enforce Settlement Agreement** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Stephen T. Fieweger
Katz, Huntoon & Fieweger
200 Plaza Office Building
1705 Second Avenue
Rock Island, Illinois 61204-3250
sfieweger@katzlawfirm.com

and I hereby certify that on January 18, 2008, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,

 s/ Sarah R. Kerley
Sarah R. Kerley, #6283449
Assistant Attorney General
Attorney for the Defendant
500 South Second Street
Springfield, Illinois  62706
Phone:  (217) 785-4555
Fax:     (217) 524-5091
E-Mail:  skerley@atg.state.il.us